Steven J. Moser (SM1133)
STEVEN J. MOSER, P.C.
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DENNIS L. D'AGUINO, BARRY S. DUBROW, and DONALD F. HESS, individually and on behalf of all others similar situated,

                                      Plaintiffs,

                          - *against* -

GARDA CL ATLANTIC, INC.,

                                      Defendants.
-------------------------------------------------------------------------X

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY DEMANDED**

Plaintiffs Dennis L. D'Aguino, Barry S. Dubrow, and Donald F. Hess, individually and on behalf of all other similar situated, through their attorney, Steven J. Moser, P.C., bring this class and collective action against Defendant, Garda CL Atlantic, Inc. and allege as follows:

## NATURE OF CLAIM

1. This action is brought as a collective action for overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"). The Defendant Garda CL Atlantic, Inc. (Garda) has had a uniform policy of refusing to pay overtime if the Plaintiffs worked 50 hours per week or less. Garda only paid the overtime premium if the Plaintiffs worked more than 50 hours per week.

2. This action is also brought as a class action pursuant to Rule 23 to remedy violations of the New York Labor Law, which include:

    (a) Overtime violations (12 NYCRR § 142-2.2); and

    (b) Frequency of pay violations under NYLL § 191;

1

(c) Timeliness of pay violations under NYLL § 191.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

5. Garda CL Atlantic, Inc. is affiliated with GardaWorld Security Corporation, a Canada-based security firm providing armored car and cash handling services. GardaWorld, through its United States affiliates, (including Garda CL Northwest, Inc., Garda CL New England, Inc., Garda CL West, Inc., Garda CL Southwest, Inc., Garda CL Great Lakes, Inc., Garda CL New England, and Garda CL Atlantic), employs 12,500 and serves 12,000 retail, corporate, government and financial services clients. Garda performs over 100,000 daily pickups and processes more than $5 billion in coins and currency on a daily basis. Garda also operates 3,000 armored vehicles out of 250 centers across North America. See http://www.gardaglobal.com/cash-services/en (last visited 1/5/2016).

6. Defendant, Garda CL Atlantic, Inc., is a foreign corporation incorporated under the laws of the State of Delaware.

7. Defendant, Garda CL Atlantic, Inc., maintains a principal executive office at 700 So Federal Hwy, Suite 300, Boca Raton, Florida 33432.

8. During the three year period preceding the filing of this complaint, Garda CL Atlantic, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203(d).

9. For the each of the years 2013, 2014 and 2015, Garda CL Atlantic, Inc. had annual gross volume of sales made or business done of $500,000 or more.

10. For the six year period preceding the filing of this complaint and up to the present time, Garda CL Atlantic, Inc. has continuously been an employer within the meaning of the NYLL.

11. At all relevant times, Garda CL Atlantic, Inc., operated a warehouse located at 1640 Veterans Memorial Highway, Islandia, New York 11749, in Suffolk County.

12. Plaintiff D'Aguino is a natural person residing in the County of Suffolk.

13. Plaintiff Barry Dubrow is a natural person residing in the County of Suffolk.

14. Plaintiff Donald F. Hess is a natural person residing in the County of Suffolk.

## LAW

*Overtime*

15. Under the FLSA, "no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 USCS § 207(a)(1).

16. Under the NYLL "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek." 12 N.Y.C.R.R. §§ 137-1.3 (effective Jul. 24, 2009-Dec. 31, 2010) & 146-1.4 (effective January 1, 2011).

*Frequency of Pay to Manual Workers*

17. Pursuant to NYLL § 191, "a manual worker shall be paid weekly."

18. Pursuant to NYLL § 191 a manual worker shall be paid "not later than seven calendar days after the end of the week in which the wages are earned."

19. "The purpose of [NYLL § 191] is to protect the manual worker who [is] dependent upon the 'wages' he receive[s] weekly for []his existence." *People v. Bloom*, 7 Misc. 2d 1077, 1078, 167 N.Y.S.2d 179 (N.Y. City Ct. 1957).

20. "It has been [the New York State Department of Labor's] longstanding interpretation of the term 'manual workers' that the term includes more than 25 percent of their working time performing physical labor." *See* N.Y. Dep't of Labor Counsel Opinion Letter RO-09-0066; NY Dep't of Labor Counsel Opinion Letter RO-09-0121; *Gonzalez v. Gan Isr. Preschool*, 2014 U.S. Dist. LEXIS 34633, at *38 (E.D.N.Y. Feb. 5, 2014); *Gianotti*, 7 Misc. 2d at 1078.

## FACTUAL ALLEGATIONS

21. The Plaintiffs worked at the Defendant's facility located at 1640 Veterans Memorial Highway, Central Islip, New York 11722 (hereinafter the "Islandia facility").

22. Garda had and still has an "overtime-over-50" policy under which it paid for the first ten (10) hours of overtime at the regular rate of pay, rather than 1 ½ times the employee's regular rate of pay. Garda paid 1½ times the employee's regular rate for hours worked in excess of 50 hours in one workweek.

### *Plaintiff Dennis L. D'Aguino*

23. Plaintiff D'Aguino was employed as a Driver/Messenger by Garda CL Atlantic, Inc. (hereinafter "Garda") from 2008 to January 31, 2015.

24. Plaintiff D'Aguino was subject to the "overtime-over-fifty" policy.

25. Throughout his employment with Garda, Plaintiff D'Aguino was paid his regular rate for the first 50 hours of work per week. The first ten hours of overtime were paid as "Straight OT." *See* Exhibit 1.

26. Pursuant to a uniform policy, Garda only paid Mr. D'Aguino his overtime premium for hours worked in excess of 50 per week.

27. For example, for the two-week period from March 9, 2014 through March 22, 2014, Mr. D'Aguino worked 114.33 hours. He was paid for 100 hours (50 hours each week), at his regular rate of pay. He was paid the overtime premium for hours worked in excess of 50 hours, or 14.33 hours.

28. Mr. D'Aguino drove an armored car.

29. Mr. D'Aguino lifted and assisted in the delivery and pickup of boxes of coin and currency.

30. Mr. D'Aguino spent at least 25% of his time performing physical labor.

31. Mr. D'Aguino was a manual worker as defined in NYLL § 191.

32. Pursuant to a uniform policy, Garda paid Mr. D'Aguino on a bi-weekly basis .

33. For example, Garda paid Mr. D'Aguino on a bi-weekly basis from March 9, 2014 through March 22, 2014.

34. Pursuant to a uniform policy, the first week's wages of each bi-weekly pay period were not paid within seven calendar days of the end of the week in which such wages were earned.

35. For example, Garda was required to pay wages earned by Mr. D'Aguino for the week ending March 15, 2014 no later than March 22, 2014. Garda did not pay wages earned for this week until on or after March 28, 2014.

*Plaintiff Barry S. Dubrow*

36. Plaintiff Dubrow was employed as a Driver/Messenger by Garda prior to January 2011 until January 31, 2015.

37. Plaintiff Dubrow was subject to the "overtime-over-fifty" policy.

38. Throughout his employment with Garda, Plaintiff Dubrow was paid his regular rate for the first 50 hours of work per week. The first ten hours of overtime were paid as "Straight OT." *See* Exhibit 2.

39. Pursuant to a uniform policy, Garda only paid Mr. Dubrow his overtime premium for hours worked in excess of 50 per week.

40. For example, for the two-week period from August 24, 2014 through September 6, 2014, Mr. Dubrow worked 3.17 hours of overtime. He was paid for these 3.17 hours of at his regular rate of pay.

41. Mr. Dubrow lifted and assisted in the delivery and pickup of boxes of coin and currency.

42. Mr. Dubrow spent at least 25% of his time performing physical labor.

43. Mr. Dubrow was a manual worker as defined in NYLL § 191.

44. Pursuant to a uniform policy, Garda paid Mr. Dubrow on a bi-weekly basis.

45. For example, from August 24, 2014 through September 6, 2014, Garda paid Mr. Dubrow on a bi-weekly basis.

46. Pursuant to a uniform policy, the first week's wages of each bi-weekly pay period were not paid within seven calendar days of the end of the week in which such wages were earned.

47. For example, Garda was required to pay wages earned by Mr. Dubrow for the week ending August 30, 2014 no later than September 6, 2014. Garda did not pay wages earned for this week until on or after September 12, 2014.

*Plaintiff Donald F. Hess*

48. Plaintiff Donald Hess was employed as a Driver/Messenger by Garda from prior to 2010 until August 18, 2014.

49. Plaintiff Hess was subject to the "overtime-over-fifty" policy.

50. Throughout his employment with Garda, Plaintiff Hess was paid his regular rate for the first 50 hours worked per week. The first ten hours of overtime were paid as "Straight OT." *See* Exhibit 3.

51. Pursuant to a uniform policy, Garda only paid Mr. Hess his overtime premium for hours worked in excess of 50 per week.

52. For example, for the two-week period from March 11, 2012 until March 24, 2012, Mr. Hess worked 3 hours of overtime. Garda paid for these three hours of overtime at Mr. Hess' regular rate of pay.

53. Mr. Hess drove an armored car.

54. Mr. Hess lifted and assisted in the delivery and pickup of boxes of coin and currency.

55. Mr. Hess spent at least 25% of his time performing physical labor.

56. Mr. Hess was a manual worker as defined in NYLL § 191.

57. Pursuant to a uniform policy, Garda paid Mr. Hess on a bi-weekly basis.

58. For example, from March 11, 2012 until March 24, 2014, Garda paid Mr. Hess on a bi-weekly basis.

59. Pursuant to a uniform policy, the first week's wages of each bi-weekly pay period were not paid within seven calendar days of the end of the week in which such wages were earned.

60. For example, Garda was required to pay wages earned by Mr. Hess for the week ending March 17, 2012 no later than March 24, 2012. Garda did not pay wages earned for this week until on or after March 30, 2012.

61. Mr. Hess is not in possession of more recent pay stubs. However, he continued to frequently work more than 40 hours per week until his separation from employment on August 18, 2014. The specific workweeks in which he worked more than 40 hours are known to the Defendants.

62. Pursuant to company policy he was not paid an overtime premium when he worked more than 40, but no more than 50 hours per week.

## THE FLSA COLLECTIVE

63. Plaintiffs bring the First Cause of Action as a Collective Action pursuant to 29 U.S.C. § 216. The "FLSA Collective" consists of all Drivers/Messengers who were employed at the Islandia Facility at any time during the three (3) year period immediately preceding the filing of this complaint and up to the present time.

64. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been subject to the Defendant's "overtime-over-50" policy of paying for ten or fewer overtime hours per week at the regular rate of pay, rather than at 1 ½ times the employee's regular rate of pay. These employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join. Those similarly

situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## THE CLASS

65. The Plaintiffs bring the Second and Third Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all Drivers/Messengers who worked at Garda's facility located at 1640 Veteran's Memorial Highway, Central Islip, New York at any time during the six year period immediately preceding the filing of this complaint.

66. Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

67. The persons in the Class identified above are so numerous that joinder of all members is impracticable.

68. The precise number of persons in the Class is within the knowledge of the defendants. Upon information and belief, the size of the Class is at least 70.

69. The claims of the Plaintiffs are typical of the claims of the Class they seek to represent. The Plaintiffs and the Class Members work or have worked for Defendants and have been subjected to their uniform policies and patterns or practices of (a) Failing to pay the overtime premium for the first ten hours of overtime worked per week, and instead paying for the employees' first ten hours of overtime at the regular rate of pay; (b) Failing to pay Drivers/Messengers on a weekly basis, as required by NYLL § 191; and (c) Failing to pay for the

first week's wages of each bi-weekly pay period within seven (7) days after the end of said workweek.

70. The Plaintiffs will fairly and adequately represent and protect the interests of the Class. The Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately. The Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests. The Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interest over those of the Class. The Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. The Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, at a deposition and at trial.

71. The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

72. The Second and Third Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to: (1) whether the class members were entitled to the overtime premium for working more than 40 but not more than 50 hours per week; (2) whether the class members were manual laborers and thus entitled to the protections of NYLL § 191; and (3) the appropriate measure of damages for statutory violations.

73. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

### FIRST CAUSE OF ACTION
### Overtime Wages under the Fair Labor Standards Act
### 29 U.S.C. §§ 201, *et seq.* (29 U.S.C. §§ 207 & 216)

74. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

75. The overtime wage provisions set forth in the FLSA, 29 U.S.C., 29 U.S.C.S. § 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs.

76. Defendant was required to pay Plaintiffs at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

77. Defendant failed to pay Plaintiffs the proper overtime wages for working more than 40, but not more than 50, hours per week.

78. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988). Therefore, a three year statute of limitations applies. 29 U.S.C.S. § 255.

79. Plaintiffs are entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## SECOND CAUSE OF ACTION
*BROUGHT AS A CLASS ACTION PURSUANT TO FRCP 23*
**Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations**

80. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

81. Defendant was required to pay Plaintiffs and the Class at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

82. Defendant failed to pay Plaintiffs and the Class the proper overtime wages for working more than 40, but not more than 50, hours per week.

83. Defendant willfully deprived the Plaintiffs and the Class of the overtime wages to which they were entitled.

84. Plaintiffs are entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## THIRD CAUSE OF ACTION
*BROUGHT AS A CLASS ACTION PURSUANT TO FRCP 23*
**NYLL § 191**

85. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

86. Plaintiffs and the Class were manual workers as defined by the NYLL.

87. Plaintiffs and the Class were entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were earned.

88. Defendants willfully failed to pay the Plaintiffs and the Class as frequently as required by NYLL § 191.

89. Defendants willfully failed to pay wages within seven days after the end of each workweek in which wages were earned as required by NYLL § 191.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay under the FLSA and the NYLL;

B. Liquidated damages under the FLSA;

C. Liquidated damages on all NYLL Claims;

D. Reasonable attorney's fees and costs of the action;

E. Prejudgment interest; and

F. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: Glen Cove, New York
February 5, 2016

STEVEN J. MOSER, P.C.

By: Steven J. Moser
3 School Street, Suite 207 B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*