UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS L. D'AGUINO, BARRY S. DUBROW, and DONALD F. HESS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>GARDA CL ATLANTIC, INC.<br><br>Defendant. | Civil Action No. 16-cv-00641 (JMA)(AKT)<br><br>**ANSWER WITH<br>AFFIRMATIVE DEFENSES** |

Defendant Garda CL Atlantic, Inc. ("Defendant"), by and through its attorneys, Littler Mendelson, P.C., hereby answer the Class and Collective Action Complaint ("Complaint") as follows:

## NATURE OF CLAIM

1. Admits that Plaintiffs purport to bring this collective action for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"); denies that Plaintiffs are entitled to the relief sought or any relief whatsoever; denies that Plaintiffs are similarly situated to any other employees of Defendant; and denies the remaining allegations contained in paragraph 1 of the Complaint.

2. Admits that Plaintiffs purport to bring this class action for unpaid overtime wages, frequency of pay, and timeliness of pay violations under New York Labor Law ("NYLL"); denies that Plaintiffs are entitled to the relief sought or any relief whatsoever; denies that Plaintiffs are similarly situated to any other employees of Defendant; and denies the remaining allegations contained in paragraph 2 of the Complaint.

1

## JURISDICTION

3. The allegations contained in paragraph 3 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to invoke this Court's jurisdiction as set forth therein.

4. Admits that Plaintiffs purport to allege that venue is proper in the Eastern District of New York, but otherwise denies the allegations contained in paragraph 4 of the Complaint.

## PARTIES

5. Denies the allegations in paragraph 5 of the complaint, except admits that Garda CL Atlantic, Inc. is an indirect, wholly owned subsidiary of GardaWorld Security Corporation, and refers the Court to the website cited therein for the full and complete recitation of its content.

6. Admits that Garda CL Atlantic, Inc. is a Delaware corporation authorized to do business in New York State, but otherwise denies the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations in paragraph 5 of the complaint, except admits that Garda CL Atlantic, Inc. maintains its principal executive office at 2000 Northwest Corporate Boulevard, Boca Raton, Florida 33431.

8. The allegations contained in paragraph 8 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendants denies the allegations in paragraph 8 of the Complaint.

9. Admits Defendant's annual gross revenues exceeded five hundred

thousand dollars during the relevant period, but otherwise denies the allegations contained in paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 of the Complaint consist of conclusions of law, and accordingly no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 10 of the Complaint.

11.     Admits that during all relevant times concerning Plaintiffs' employment, Defendant operated a warehouse in Suffolk County, New York, which was located at 1640 Veterans Memorial Highway, Islandia, New York 17749, but otherwise denies the allegations contained in paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

**LAW**

15.     Defendant affirmatively states that the allegations contained in Paragraph 15 of the Complaint are not allegations of fact which Defendant is required to admit or deny, and refers the Court to the statute cited to therein for a full recitation of its content.

16.     Defendant affirmatively states that the allegations contained in Paragraph 16 of the Complaint are not allegations of fact which Defendant is required to admit or deny, and refers the Court to the statute cited to therein for a full recitation of its

content.

17. Defendant affirmatively states that the allegations contained in Paragraph 17 of the Complaint are not allegations of fact which Defendant is required to admit or deny, and refers the Court to the statute cited to therein for a full recitation of its content.

18. Defendant affirmatively states that the allegations contained in Paragraph 18 of the Complaint are not allegations of fact which Defendant is required to admit or deny, and refers the Court to the statute cited to therein for a full recitation of its content.

19. Defendant affirmatively states that the allegations contained in Paragraph 19 of the Complaint are not allegations of fact which Defendant is required to admit or deny, and refers the Court to the statute and case cited to therein for a full recitation of its content.

20. Defendant affirmatively states that the allegations contained in Paragraph 20 of the Complaint are not allegations of fact which Defendant is required to admit or deny, and refers the Court to the statute and cases cited to therein for a full recitation of its content.

**FACTUAL ALLEGATIONS**

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint, except admits Defendant employed Plaintiff Dennis L. D'Aguino ("D'Aguino") from approximately August 3, 2008 through January 31, 2015.

24. Admits Plaintiff D'Aguino was compensated in accordance with applicable law, but otherwise denies the allegations contained in paragraph 24 of the Complaint.

25. Admits Plaintiff D'Aguino was compensated in accordance with applicable law, but otherwise denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Admits Plaintiff D'Aguino received one check for work performed from March 9, 2014 to March 22, 2014, but otherwise denies the allegations contained in paragraph 27 of the Complaint.

28. Admits the allegations contained in paragraph 28 of the Complaint.

29. Upon information and belief, Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Upon information and belief, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendant denies same.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint, except to refer the Court to the referenced paystub for the terms set forth therein.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint, except admits Defendant employed Plaintiff Barry S. Dubrow ("Dubrow") from approximately August 3, 2008 through January 30, 2015.

37. Admits Plaintiff Dubrow was compensated in accordance with applicable law, but otherwise denies the allegations contained in paragraph 37 of the Complaint.

38. Admits Plaintiff Dubrow was compensated in accordance with applicable law, but otherwise denies the allegations contained in paragraph 38 of the Complaint and refers the Court to the exhibit cited therein for a complete and accurate statement of its content.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Upon information and belief, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Upon information and belief, Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendant denies same.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint, except to refer the Court to the referenced paystub for the terms set forth therein.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint.

48. Denies the allegations contained in paragraph 36 of the Complaint, except admits Defendant employed Plaintiff Donald F. Hess ("Hess") from approximately August 3, 2008 through August 7, 2014.

49. Admits Plaintiff Hess was compensated in accordance with applicable law, but otherwise denies the allegations contained in paragraph 49 of the Complaint.

50. Admits Plaintiff Hess was compensated in accordance with applicable law, but otherwise denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Admits the allegations contained in paragraph 53 of the Complaint.

54. Upon information and belief, Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Upon information and belief, Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. The allegations contained in paragraph 56 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendant denies same.

57. Denies the allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint, except to refer the Court to the referenced paystub for the terms set forth therein.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to pay stubs that are in Plaintiff Hess' possession, and denies the remaining allegations contained in paragraph 61 of the Complaint.

62. Denies the allegations contained in paragraph 62 of the Complaint.

## THE FLSA COLLECTIVE

63. Admits that Plaintiffs purport to bring the first cause of action as a collective action pursuant to the FLSA on behalf of "all Drivers/Messengers who were employed at the Islandia Facility at any time during the three (3) year period immediately preceding the filing of th[e] complaint and up to the present time"; denies that Plaintiffs are entitled to the relief sought or any relief whatsoever; denies that Plaintiffs are similarly situated to any other employees of Defendant; and denies the remaining allegations contained in paragraph 63 of the Complaint.

64. Denies the allegations contained in paragraph 64 of the Complaint.

## THE CLASS

65. Admits that Plaintiffs purport to bring the second and third causes of action on behalf of themselves and a class consisting of all "Drivers/Messengers who worked at Garda's facility located at 1640 Veteran's Memorial Highway, Central Islip, New York at any time during the six year period immediately preceding the filing of th[e] complaint"; denies that Plaintiffs are entitled to the relief sought or any relief whatsoever; denies that Plaintiffs are similarly situated to any other employees of Defendant; and denies the remaining allegations contained in paragraph 65 of the Complaint.

66. Admits that Plaintiffs purport to exclude certain individuals, as

8

referenced in paragraph 66 of the Complaint; but denies that Plaintiffs are entitled to the relief sought or any relief whatsoever; denies that Plaintiffs are similarly situated to any other employees of Defendant; and denies the remaining allegations contained in paragraph 66 of the Complaint.

67. Denies the allegations contained in paragraph 67 of the Complaint.

68. Denies the allegations contained in paragraph 68 of the Complaint.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint and, accordingly, denies same.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. Denies the allegations contained in paragraph 73 of the Complaint.

## FIRST CAUSE OF ACTION
### Overtime Wages under the Fair Labor Standards Act

74. Defendant repeats and realleges each and every response contained in the above paragraphs as though fully set forth herein.

75. The allegations contained in paragraph 75 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendant denies same.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies the allegations contained in paragraph 78 of the Complaint.

79. Denies the allegations contained in paragraph 79 of the Complaint.

## SECOND CAUSE OF ACTION
## BROUGHT AS A CLASS ACTION PURSUANT TO FRCP 23
## Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations

80. Defendant repeats and realleges each and every response contained in the above paragraphs as though fully set forth herein.

81. Denies the allegations contained in paragraph 81 of the Complaint.

82. Denies the allegations contained in paragraph 82 of the Complaint.

83. Denies the allegations contained in paragraph 83 of the Complaint.

84. Denies the allegations contained in paragraph 84 of the Complaint.

## THIRD CAUSE OF ACTION
## BROUGHT AS A CLASS ACTION PURSUANT TO FRCP 23
## NYLL § 191

85. Defendant repeats and realleges each and every response contained in the above paragraphs as though fully set forth herein.

86. Defendant denies the allegations contained in paragraph 86 of the Complaint.

87. Denies the allegations contained in paragraph 87 of the Complaint.

88. Denies the allegations contained in paragraph 88 of the Complaint.

89. Denies the allegations contained in paragraph 89 of the Complaint.

90. Defendant denies each and every allegation not expressly admitted herein.

## PRAYER FOR RELIEF

The "WHEREFORE" clause immediately following Paragraph 89 of the Complaint states a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies that Plaintiffs are entitled to

10

any relief whatsoever and specifically denies that Plaintiffs are entitled to the relief requested in subparagraphs (A) – (F).

## JURY DEMAND

Except to admit that Plaintiffs purport to demand a trial by jury on all issues so triable as a right by jury, Defendant denies that Plaintiffs are entitled to a jury trial.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. The Complaint fails to state a claim, in whole or in part, for which relief may be granted.

2. Plaintiffs' claims are barred, in whole or in part, to the extent that they failed to timely and properly exhaust all necessary statutory and/or jurisdictional prerequisites for the commencement of this action.

3. Plaintiffs' claims are barred, in whole or in part, to the extent that they were not filed within the applicable statute of limitations and/or applicable filing periods.

4. Defendant's conduct was not willful and, therefore, the applicable statute of limitations under the FLSA is two years, and any claims beyond that time period are barred.

5. Plaintiffs' claims are barred, in whole or in part, to the extent the work they performed falls within exemptions provided under the FLSA and/or the New York Labor Law, including, but not limited to, the Motor Carrier Exemption set forth in Section 13(b)(1) of the FLSA.

6. The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the NYLL.

7. Plaintiffs' purported claims are barred to the extent they seek double recovery of wages under both federal and state law.

8. Plaintiffs have failed to allege sufficient facts to state a claim upon which punitive and/or liquidated damages may be awarded.

9. Defendant, at all times, acted in good faith to comply with the FLSA and the NYLL, and with reasonable grounds to believe that its actions did not violate applicable law; accordingly, Defendant asserts a lack of willfulness or intent to violate the FLSA or the NYLL as a defense to any claim by Plaintiffs for liquidated damages.

10. Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiffs for periods not compensable under the FLSA or NYLL.

11. Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

12. If Plaintiffs succeed in establishing any violation under the FLSA or the NYLL, and to the extent any sums are found due and owing to Plaintiffs, Defendant is entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages.

13. At all times, Defendants made complete and timely payments of all wages due to Plaintiff under the FLSA and NYLL.

14. Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law.

15. Plaintiffs are not entitled to declaratory or injunctive relief.

16. Plaintiffs are not entitled to prejudgment or post-judgment interest.

17. Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curet lex*.

18. Plaintiffs, former employees, lack standing to represent the putative class of current employees, as they cannot seek injunctive or declaratory relief. For these reasons, Plaintiffs are inadequate class representatives.

19. There are no employees of Defendant who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b), nor can Plaintiffs satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and, thus, this action cannot be maintained as a collective and/or class action.

20. Plaintiffs' collective and/or class allegations must be dismissed because an independent and individual analysis of each putative class member's claims and each of Defendant's defenses to such claims is required.

21. In addition to the foregoing defenses and affirmative defenses, Defendant reserves the right to amend its Answer to the Complaint to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiffs as those claims become known during this litigation.

22. Defendant asserts the foregoing defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law.

WHEREFORE, Defendant respectfully requests the Court grant the following relief:

1. Judgment be entered dismissing Plaintiffs' Complaint on the merits and with prejudice;

2. Award Defendant reasonable attorneys' fees, costs, and disbursements incurred in defense of this action; and

3. Grant such other and further relief as the Court deems just and proper.

Date:   April 29, 2016
        Melville, New York

/s/ Lisa M. Griffith
Lisa M. Griffith (lgriffith@littler.com)
Justin R. Marino (jmarino@littler.com)
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700

Attorneys for Defendant
  *Garda CL Atlantic, Inc.*