SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------x
JIMMY L. ADKINS, KEREM BAY, LANA
BONGIOVI, CLEMENT CAMPBELL, ANGELO
CAROPOLA, ALEXANDER CIOFFI, PATRICK H.
CRAIN, DAVID CRONK, NANCY F. DEBE,
DENNIS DELUCIE, CHARLES J. ENGEL,
MATTHEW FARRELL, BENNY FAILLA, ROBERT
J. GIANI, JOHN R. LACKENBAUER,
JEAN-PARNELL LOUIS, WILLIAM J. MAHER,
MICHAEL G. MCDOWELL, WILLNER JEAN
PIERRE, JOHN ROSSI, WILLIAM R. SHANNON,
FRED H. SMITH, GARY E. SOBEK, DAMIAN
SOBERS, CARMELA SZYMANSKI, ANTHONY TANZA,
and CYNTHIA TORRES,

INDEX NO. 3124/17
Date Filed: 3/24/17
Plaintiff designates
QUEENS
County as place of trial
The basis of the venue is
Defendant's place of
business

       Plaintiffs,

**SUMMONS**

-against-

GARDA CL ATLANTIC, INC.,

       Defendant.
------------------------------------------x



RECEIVED
MAR 24 2017
COUNTY CLERK
QUEENS COUNTY

To the above named Defendants:

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint which is annexed hereto.

Dated:   Commack, New York
     March 15, 2017

              _____
Defendant's address    LAW OFFICE of ANN BALL, P.C.
526 45th Ave.       Attorney for Plaintiff
Long Island City, NY    357 Veterans Memorial Highway
              Commack, NY 11725
              631-864-8700

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------x
JIMMY L. ADKINS, KEREM BAY, LANA
BONGIOVI, CLEMENT CAMPBELL, ANGELO
CAROPOLA, ALEXANDER CIOFFI, PATRICK H.            VERIFIED COMPLAINT
CRAIN, DAVID CRONK, NANCY F. DEBE,
DENNIS DELUCIE, CHARLES J. ENGEL,                 Index No. 3124/17
MATTHEW FARRELL, BENNY FAILLA, ROBERT
J. GIANI, JOHN R. LACKENBAUER,
JEAN-PARNELL LOUIS, WILLIAM J. MAHER,
MICHAEL G. MCDOWELL, WILLNER JEAN
PIERRE, JOHN ROSSI, WILLIAM R. SHANNON,
FRED H. SMITH, GARY E. SOBEK, DAMIAN
SOBERS, CARMELA SZYMANSKI, ANTHONY TANZA,
and  CYNTHIA TORRES,
                              Plaintiffs,
      -against-

GARDA CL ATLANTIC, INC.,
                              Defendant.
------------------------------------------x
```

Plaintiffs, complaining of the defendant, by their attorney, allege upon information and belief:

## NATURE OF ACTION

1. At all times herein mentioned plaintiffs were individuals residing in Suffolk County, New York.

2. At all times herein mentioned plaintiffs were employees at defendant's armored car company.

3. Upon information and belief, Garda CL Atlantic, Inc. ("Garda") is an active foreign corporation, duly authorized to do business in New York.

4. Upon information and belief, defendant maintains a place of business at 526 45th Avenue, Long Island City, County of Queens,

1

New York.

5. At all times herein mentioned defendant maintained a place of business at 2015 at 1640 Veterans Highway, Central Islip, New York.

6. Upon information and belief, defendant closed its place of business at 1640 Veterans Highway, Central Islip, New York on or about March 2015.

7. At all times herein mentioned, plaintiffs were hourly workers employed by defendant at 1640 Veterans Highway, Central Islip, New York until on or about March 2015.

8. Plaintiffs bring this action to recover unpaid overtime premium pay owed to them pursuant to the New York Labor Law ("NYLL"), §§650 *et seq*. Plaintiffs also bring claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements pursuant to the NYLL and the supporting regulations, and for frequency of pay to manual worker violations pursuant to NYLL § 191.

9. Upon information and belief Garda established and maintained its operation and payroll policies, including the unlawful practices complained of herein.

10. Upon information and belief, Garda acted maliciously and intentionally in the management, direction and control of plaintiffs, and is an "employer" pursuant to the NYLL § 2 and

2

the regulations promulgated thereunder.

11. At all relevant times Defendant employed the Plaintiffs within the meaning of NYLL §§ 2 and 651.

12. Upon information and belief, at all relevant times, Garda had gross annual revenues in excess of $500,000.00.

13. During plaintiffs' employment period, plaintiffs typically worked five days per week and routinely worked a minimum of forty five to fifty hours per week.

14. Plaintiffs did not receive a wage notice providing his hourly rate, overtime rate, and regular payday when they were first hired by Ddefendant or on February 1 of each year that they worked for defendant.

15. Notwithstanding the fact that plaintiffs routinely worked in between forty hours and fifty hours per week, defendant failed to pay overtime premiums pay equal to one and one half (1.5) times for regular hourly rate for the hours worked over forty (40) per week and up to fifty (50) hours per week.

16. Defendant's failure to pay overtime premiums to plaintiffs was a business policy that applied to all of defendant's hourly workers, and more specifically, all plaintiffs.

17. Although plaintiffs were routinely required to work more than ten (10) hours a day, defendant failed to pay the spread of hours premiums equal to an additional hour of minimum wage for

3

each hour worked in excess of ten in a given day.

18. Defendant's failure to pay plaintiffs the spread of hours premiums was a corporate policy that applied to all of defendant's employees, and more specifically, to the named plaintiffs, working shifts of more than ten (10) hours in one day and/or split shifts.

19. Throughout their Employment Period, plaintiffs recorded their hours by clocking in and out of a timekeeping system.

20. Plaintiffs were all paid pursuant to the same corporate policies of defendant, including failing to pay overtime, spread of hours premiums and failed to pay its manual workers weekly.

21. Plaintiffs' work was performed in the normal course of Defendant's business and was integrated into defendant's business.

## FIRST CAUSE OF ACTION
## NEW YORK LABOR LAW: UNPAID OVERTIME

22. Plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "21", inclusive, with the same force and effect as though fully set forth herein.

23. Defendant willfully violated plaintiffs' rights by failing to pay overtime compensation at a rate of not less than one and one half times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

4

24. Defendant's failure to pay overtime premium compensation for hours worked under fifty (50) hours per week caused Plaintiffs to suffer loss of wages and interest thereon. Plaintiffs are entitled to recover from defendant their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorney's fees, and the costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW: UNPAID SPREAD OF HOURS

25. Plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "21", inclusive, with the same force and effect as though fully set forth herein.

26. Defendant willfully violated plaintiffs' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances when the plaintiffs worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including NY Comp. Code Rules & Regs. Title 12 §§ 137-1.7 (2010), 146-1.6 (2012).

27. Defendant's failure to pay spread of hours compensation caused Plaintiffs to suffer loss of wages and interest thereon.

28. Plaintiffs are entitled to recover from defendants their unpaid spread of hours compensation, damages for unreasonably

5

delayed payment of wages, liquidated damages, reasonable attorney's fees, and the costs and disbursements of this action pursuant to NYLL §§ 663(1) *et seq*.

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW: WAGE NOTICE VIOLATIONS

29. Plaintiffs repeat and reallege each and every allegation on paragraphs "1" through "21", inclusive, with the same force and effect as though fully set forth herein.

30. Defendants willfully failed to supply plaintiffs notice as required by Article 6 §195, in English or in the language identified the plaintiffs as their primary language, containing plaintiffs' correct rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rate of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6 §191; deductions; net wages; and such other information as the commissioner deems material and necessary.

31. As a direct result of defendant's violations of the NYLL, plaintiffs are entitled to recover from Defendants fifty dollars ($50) per employee for each work week that the violations occurred, or continue to occur, or a total of twenty-five hundred dollars ($2,500.00) per employee, as provided for by the NYLL, Article 6 §§ 190 *et seq*., liquidated damages as provided

6

for by the NYLL, reasonable attorney's fees, costs, pre-judgment interest, and injunctive and declaratory relief.

### FOURTH CAUSE OF ACTION
### NEW YORK LABOR LAW: FREQUENCY OF PAY VIOLATIONS

32. Plaintiffs repeat and reallege each and every allegation on paragraphs "1" through "21", inclusive, with the same force and effect as though fully set forth herein.

33. Plaintiffs performed at least twenty-five percent (25%) of their working time performing physical labor and, as such, were entitled to be paid weekly pursuant to NYLL §191.

Wherefore, plaintiffs respectfully requests that this Court grant the following relief:

  a. An order tolling the statute of limitations;

  b. A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

  c. An injunction against defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with defendant, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

  d. An award of compensatory damages as a result of defendants' failure to pay overtime compensation pursuant to the NYLL and supporting regulations;

  e. An award of liquidated and/or punitive damages as a

7

    result of the defendant's willful failure to pay overtime compensation pursuant to the NYLL and supporting regulations;

f.  An award of damages for the non-payment of spread of hours pay for each split shift and/or shift worked in New York in excess of ten hours;

g.  Fifty dollars ($50.00) per Plaintiff for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred ($2,500.00) per Plaintiff as provided for by NYLL, Article 6 § 198 (1)-b.

h.  An award of prejudgment and post judgment interest;

i.  An award of costs and expenses of this action together with reasonable attorney's fees; and

j.  Such other and further relief as this Court deems just and proper.

Dated:  Commack, New York
    March 15, 2016

                  Yours, etc.

                  */s/ Ann Ball*
                  LAW OFFICE of ANN BALL, P.C
                  Attorney for Plaintiffs
                  357 Veterans Memorial Highway
                  Commack, NY 11725
                  (631)864-8700

VERIFICATION

STATE OF NEW YORK    )
COUNTY OF SUFFOLK    ) ss:

      ANN BALL, an attorney duly admitted to practice law before the Courts of the State of New York affirms the following under penalty of perjury:

1. I am the attorney for the plaintiff in the within action;

2. I have read the Complaint and know the contents thereof;

3. That the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true.

4. The reason this verification is made by me and not by the plaintiff, is that some of the plaintiffs reside in a County other than the County where I maintain my office.

5. The sources of my belief as to all matters not stated upon my own knowledge are conversations with my client and an investigation into the facts and circumstances of this matter.

Dated:    Commack, New York
           March 15, 2017

                                                  ANN BALL, ESQ.

JIMMY L. ADKINS, et al.,

                        Plaintiffs,

-against-

GARDA CL ATLANTIC, INC.,

                        Defendant.

---

## SUMMONS AND COMPLAINT

### Law Office of Ann Ball, P.C.

*Attorney for Plaintiffs*
357 Veterans Highway
Commack, New York 11725
(631) 864-8700

---

TO:

Attorney(s) for:

---

Service of a copy of the within        is hereby admitted.

Dated:

                                                                       *Attorney(s) for*

---

**PLEASE TAKE NOTICE**

☐    That the within is a (certified) true copy of a         entered in

Notice of *the office of the clerk of the within named Court on*     , 2017
Entry

☐    That an Order of which the within is a true copy will be presented for settlement to
    *the Hon.*         *one of the judges of the within named Court, at*
Notice of         *on*         , 2017, at    M.
Settlement

Dated:

                                              *Law Office of Ann Ball, P.C.*
                                              *Attorney for: Plaintiffs*
                                              357 Veterans Memorial Highway
                                              Commack, New York 11725
                                              (631) 864-8700