# Ann Ball

**Attorney At Law**
357 Veterans Memorial Highway
Commack, New York 11725
(631) 864-8700

June 30, 2017

*VIA ECF*
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Hon. Joan M. Azrack
944 Federal Plaza
Central Islip, New York 11722

Re: *D'Aguino et al. v. Garda Cl Atlantic Inc., Adkins et al v. Garda CL Atlantic, Inc.*
No. CV 16 00641 (JMA)(AKT)-LDW-AKT

Dear Justice Azrack:

Defendant removed a state court action, brought entirely on state statutes (where notice pleading is sufficient), to federal court on diversity grounds, then seeks to dismiss plaintiffs' action on the primary ground the complaint does not comply with federal pleading standards.

If the Court is inclined to entertain defendant's motion, plaintiffs respectfully request leave to amend. As this Court is well aware, dismissal of a complaint for failure to state a cause of action pursuant to FRCP 12(b)(6) is only proper where *"it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief."* The test is not whether plaintiffs are ultimately likely to prevail, but whether they are entitled to offer evidence to support their claims.

The *Adkins* matter involves the same set of circumstances as the *D'Aguino* matter; therefore defendant cannot credibly argue there is no merit to *Adkins* complaint. The *D'Aguino* plaintiffs apparently had sufficiently set forth their cause of action for damages pursuant to FLSA since defendant did not move against their complaint. Since the

Court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in the plaintiffs' favor see, DeMarco v. National Collector's Mint, Inc., 229 FRD 73 (SDNY 2005); Bell v. Hubbert, 2006 US Dist. LEXIS 94547 (SDNY 2006) I submit the Adkins plaintiffs are entitled to the benefit of that inference. I would also like to point out that defendant is required to maintain records of plaintiffs' wages and hours worked and no discovery has been conducted in this matter.

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FRCP 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). The Supreme Court has interpreted this rule liberally, stating: In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be freely given, Foman v. Davis, 371 U.S. 178, 182 (1962).

For the reasons set forth herein, plaintiffs respectfully request defendant's request is denied.

Respectfully submitted,
Law Office of Ann Ball P.C.

*Ann Ball* (signature)
_____
Ann Ball