**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 28 2017   ★

**LONG ISLAND OFFICE**

LAW OFFICE of ANN BALL, P.C.
Ann Ball
357 Veterans Memorial Highway
Commack, New York 11725

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY L. ADKINS, KEREM BAY, LANA BONGIOVI, CLEMENT CAMPBELL, ANGELO CAROPOLA, ALEXANDER CIOFFI, PATRICK H. CRAIN, DAVID CRONK, NANCY F. DEBE, DENNIS DELUCIE, CHARLES J. ENGEL, MATTHEW FARRELL, BENNY FAILLA, ROBERT J. GIANI, JOHN R. LACKENBAUER, JEAN-PARNELL LOUIS, WILLIAM J. MAHER, MICHAEL G. MCDOWELL, JOHN ROSSI, WILLIAM R. SHANNON, FRED H. SMITH, GARY E. SOBEK, DAMIAN SOBERS, CARMELA SZYMANSKI, ANTHONY TANZA, and CYNTHIA TORRES, | 16-CV-641 (JmA)(AKT) |
| Plaintiffs, | |
| -against- | COMPLAINT Jury Trial Demanded |
| GARDA CL ATLANTIC, INC., Defendant. | |

## NATURE OF ACTION

1.    Plaintiffs were employees at Defendant's armored car company now located at 526 45th Avenue, Long Island City, New York.  Plaintiffs bring this action to recover unpaid overtime premium pay owed to them pursuant to the New York Labor Law ("NYLL"), §§650 *et seq.*

## JURISDICTION AND VENUE

2.    Defendant removed this matter from New York State Court on

1

the basis of diversity jurisdiction.

THE PARTIES

Plaintiffs:

3.   Plaintiff Jimmy L. Adkins ("Adkins") was an individual residing in Suffolk County, New York during the time he was employed by defendant; he is now a resident of Georgia.

4.   Plaintiff Adkins performed work as a driver/messenger for defendant from 2000 until approximately March 2015 at 1640 Veterans Highway, Central Islip, New York.

5.   Plaintiff Kerem Bay ("Bay") was, and is, an individual residing in Suffolk County, New York.

6.   Throughout the relevant time period, Plaintiff Bay performed work as a driver/messenger for defendant from December 1, 2006 until February 18, 2015 at 1640 Veterans Highway, Central Islip, New York.

7.   Plaintiff Lana Bongiovi ("Bongiovi") was, and is, an individual residing in Suffolk County, New York.

8.   Plaintiff Bongiovi performed work as vault custodian for defendant from 2006 until approximately February 2015 at 1640 Veterans Highway, Central Islip, New York.

9.   Plaintiff Clement Campbell ("Campbell") was, and is, an individual residing in Nassau County, New York.

10.   Throughout the relevant time period, Plaintiff Campbell

2

performed work as a vault custodian for defendant from 2005 until 2015 at 1640 Veterans Highway, Central Islip, New York.

11. Plaintiff Alexander Cioffi ("Cioffi") was an individual residing in Suffolk County, New York during the time he was employed by defendant; he is now a resident of North Carolina.

12. Throughout the relevant time period, Plaintiff Cioffi performed work as a driver/messenger for defendant from 2000 until 2015 at 1640 Veterans Highway, Central Islip, New York.

13. Plaintiff Angelo Caropola ("Caropola") was, and is, an individual residing in Suffolk County, New York.

14. Throughout the relevant time period, Plaintiff Caropola performed work as a driver/messenger for defendant from November 2010 until April 2014 at 1640 Veterans Highway, Central Islip, New York.

15. Plaintiff Patrick Crain ("Crain") was, and is, an individual residing in Suffolk County, New York.

16. Throughout the relevant time period, Plaintiff Crain performed work as a driver/messenger for defendant from 2000 until 2015 at 1640 Veterans Highway, Central Islip, New York.

17. Plaintiff David Cronk ("Cronk") was, and is, an individual residing in Suffolk County, New York.

18. Throughout the relevant time period, Plaintiff Cronk performed work as an driver/messenger for defendant from 2010

3

until 2015 at 1640 Veterans Highway, Central Islip, New York.

19. Plaintiff Nancy Debe ("Debe") was, and is, an individual residing in Suffolk County.

20. Throughout the relevant time period, Plaintiff Debe performed work as an ATM technician for defendant from approximately May 15, 2007 until approximately January 10, 2015 at 1640 Veterans Highway, Central Islip, New York.

21. Plaintiff Charles Engel ("Engel") was, and is, an individual residing in Suffolk County.

22. Throughout the relevant time period, Plaintiff Engel performed work as a driver/messenger for defendant from approximately December 12, 1980 until 2015 at 1640 Veterans Highway, Central Islip, New York.

23. Plaintiff Matthew Farrell ("Farrell") was, and is, an individual residing in Suffolk County.

24. Throughout the relevant time period, Plaintiff Farrell performed work as a driver/messenger for defendant from 2006 until 2015 at 1640 Veterans Highway, Central Islip, New York.

25. Plaintiff Benny Failla ("Failla") was, and is, an individual residing in Suffolk County.

26. Throughout the relevant time period, Plaintiff Failla performed work as a driver/messenger for defendant from 1996 until 2015 at 1640 Veterans Highway, Central Islip, New York.

4

27. Plaintiff Robert Giani ("Giani") was, and is, an individual residing in Nassau County.

28. Throughout the relevant time period, Plaintiff Giani performed work as a driver/messenger for defendant from 2010 until 2015 at 1640 Veterans Highway, Central Islip, New York.

29. Plaintiff John Lackenbauer ("Lackenbauer") was, and is, an individual residing in Suffolk County.

30. Throughout the relevant time period, Plaintiff Lackenbauer performed work as a driver/messenger for defendant from January 3, 2010 until 2015 at 1640 Veterans Highway, Central Islip, New York.

31. Plaintiff Jean-Parnell Louis ("Louis") was, and is, an individual residing in Nassau County.

32. Throughout the relevant time period, Plaintiff Louis performed work as a premises guard for defendant from 2006 until March 2015 at 1640 Veterans Highway, Central Islip, New York.

33. Plaintiff William Maher ("Maher") was, and is, an individual residing in Suffolk County.

34. Throughout the relevant time period, Plaintiff Maher performed work as a driver/messenger for defendant from 2006 until September 16, 2012 at 1640 Veterans Highway, Central Islip, New York.

35. Plaintiff Michael McDowell ("McDowell") was, and is, an

5

individual residing in Nassau County.

36.  Throughout the relevant time period, Plaintiff McDowell performed work as a driver/messenger for defendant from 2006 until September 16, 2012 at 1640 Veterans Highway, Central Islip, New York.

37.  Plaintiff John Rossi ("Rossi") was an individual residing in Suffolk County, presently residing in Florida.

38.  Throughout the relevant time period, Plaintiff Rossi performed work as a driver/messenger for defendant from 2006 until September 16, 2012 at 1640 Veterans Highway, Central Islip, New York.

39.  Plaintiff William Shannon ("Shannon") was, and is, an individual residing in Suffolk County.

40.  Throughout the relevant time period, Plaintiff Shannon performed work as a driver/messenger for defendant from 2010 until on or about January 24, 2015 at 1640 Veterans Highway, Central Islip, New York.

41.  Plaintiff Fred Smith ("Smith") was, and is, an individual residing in Suffolk County.

42.  Throughout the relevant time period, Plaintiff Smith performed work servicing and replenishing ATMs for defendant from 2006 until on or about January 24, 2015 at 1640 Veterans Highway, Central Islip, New York.

43. Plaintiff Gary Sobek ("Sobek") was, and is, an individual residing in Suffolk County.

44. Throughout the relevant time period, Plaintiff Sobek performed work as a driver/messenger for defendant from 2006 until on or about February 7, 2015 at 1640 Veterans Highway, Central Islip, New York.

45. Plaintiff Damian Sobers ("Sobers") was, and is, an individual residing in Nassau County.

46. Throughout the relevant time period, Plaintiff Sobers performed work as a driver/messenger for defendant from 2006 until on or about April 23, 2015 primarily at 1640 Veterans Highway, Central Islip, New York.

47. Plaintiff Carmela Szymanski ("Szymanski") was, and is, an individual residing in Suffolk County.

48. Throughout the relevant time period, Plaintiff Szymanski performed work as a driver/messenger for defendant from 2006 until on or about 2012 at 1640 Veterans Highway, Central Islip, New York.

49. Plaintiff Anthony Tanza ("Tanza") was, and is, an individual residing in Suffolk County.

50. Throughout the relevant time period, Plaintiff Tanza performed work as a driver/messenger for defendant from 2006 until on or about 2015 at 1640 Veterans Highway, Central Islip,

New York.

51. Plaintiff Cynthia Torres ("Torres") was, and is, an individual residing in Suffolk County.

52. Throughout the relevant time period, Plaintiff Torres performed work as an ATM technician for defendant from 2006 until on or about 2015 at 1640 Veterans Highway, Central Islip, New York.

53. Plaintiffs consent to be parties to this action, pursuant to 29 U.S.C. §216(b) and their written consent form is attached hereto and incorporated by reference.

Defendants:

54. Upon information and belief, Garda CL Atlantic, Inc. ("Garda") is an active foreign corporation, duly authorized to do business in New York. It maintains a place of business at 526 45th Avenue, Long Island City, New York 11101.

55. Upon information and belief Defendant Garda established and maintained its operation and payroll policies, including the unlawful practices complained of herein.

56. At all times herein mentioned, Garda was, and is, required to maintain payroll and time records for its employees.

57. Upon information and belief, Defendant Garda acted maliciously and intentionally in the management, direction and control of Plaintiffs, and is an "employer" pursuant to the New

8

York State Law Labor Law § 2 and the regulations promulgated thereunder.

## STATEMENT OF FACTS

58. At all relevant times Defendant was, and is, in the armored car business, and owns, operates, manages and controls an armored car business located at 526 45th Avenue, Long Island City, New York 11101 and elsewhere.

59. According to the New York State, Division of Corporations website, Defendant Garda is a foreign business corporation duly authorized to conduct business within the State of New York since approximately October 7, 1974.

60. Upon information and belief, at all relevant times, Defendant Garda was, and is, in charge of the management of its daily business operations, including payroll.

61. At all relevant times Defendant employed the Plaintiffs within the meaning of NYLL §§ 2 and 651.

62. Upon information and belief, at all relevant times, Garda has had gross annual revenues in excess of $500,000.00.

## APPLICABLE LAW

63. Pursuant to the NYLL an employer shall pay an employee for overtime at a wage rate of one and one half times the employee's regular rate for hours worked in excess of 40 hours in one workweek see, 12 NYCRR §§137-1.3 and 146-1.4.

64. NYLL § 191 requires that a manual worker shall be paid weekly, not later than seven calendar days after the end of the week in which the wages are earned.

65. The NYS Department of Labor views the term 'manual worker' as an individual that performs physical labor for more than twenty five percent of his or her work day see, Gonzalez v. Gan Israel Preschool, 2014 US Dist. LEXIS 34633 (EDNY 2014).

FACTUAL ALLEGATIONS

66. Plaintiffs worked at Defendant's Central Islip facility until the facility closed on or about April 23, 2015.

67. At all times herein mentioned, Defendant had a policy in effect under which employees were only paid overtime for hours worked in excess 50 hours per week. Hours worked over 40 but under 50 were paid at the employee's regular rate, rather than the employee's time and half rate.

PLAINTFFS' WORK FOR DEFENDANT

DRIVER/MESSENGERS

68. Plaintiffs Adkins, Bay, Cioffi, Caropola, Crain, Cronk, Engel, Farrell, Failla, Giani, Lackenbauer, Maher, McDowell, Rossi, Shannon, Sobek, Sobers, Szymanski, Tanza were employed by Defendant as Driver/Messengers and were subject to the overtime over fifty policy and were paid the first ten hours overtime at their regular rate, referred to as 'Straight OT' on the

10

paystubs.

69.  As an example, from August 24, 2014 through September 6, 2014, Plaintiff Adkins worked a total of 108.33 hours over the two-week period.  He was paid for 50 hours each week at his regular rate of pay, and the overtime rate for the balance.

69.  The Plaintiffs were employed as driver/messengers wherein they drove an armored car, and participated in the delivery and pickup of coin and currency that included the lifting and moving coin and currency to and from the armored car and to and from Defendant's Central Islip location and customer locations on Long Island.

70.  Plaintiffs Adkins, Bay, Cioffi, Caropola, Crain, Cronk, Engel, Farrell, Failla, Giani, Lackenbauer, Maher, McDowell, Rossi, Shannon, Sobek, Sobers, Szymanski, Tanza spent at least twenty five percent of their time performing physical labor and were manual workers as defined by NYLL § 191.

71.  Puruant to their policy, Plaintiffs Adkins, Bay, Cioffi, Caropola, Crain, Cronk, Engel, Farrell, Failla, Giani, Lackenbauer, Maher, McDowell, Rossi, Shannon, Sobek, Sobers, Szymanski, Tanza were paid on a bi-weekly basis.  For example, Adkins was paid on September 12, 2014 for work performed between August 24, 2014 and September 6, 2014.

72.  Plaintiffs Adkins, Bay, Cioffi, Caropola, Crain, Cronk,

11

Engel, Farrell, Failla, Giani, Lackenbauer, Maher, McDowell, Rossi, Shannon, Sobek, Sobers, Szymanski, Tanza worked in excess of 40 hours per week each week.  Defendant's failure to pay overtime premiums to Plaintiffs was a business policy that applied to all named Plaintiffs.

VAULT CLERKS

73.  Plaintiffs Bongiovi and Campbell were employed as vault clerks whose work consisted of book keeping, producing coin and currency inventory reports, packing cash, preparing security reports, and imaging checks and worked in excess of 40 hours per week each week. Defendant's failure to pay overtime premiums to Plaintiffs was a business policy that applied to all named Plaintiffs.

ATM TECHNICIANS

74.  Plaintiffs Debe, Smith and Torres were employed by defendants as ATM technicians, whose work entailed refilling and repairing ATM machines at various locations on Long Island, primarily within Suffolk County.

75.  Plaintiffs Debe, Smith and Torres participated in the delivery and pickup of currency that included the lifting and moving coin and currency to and from the armored car and to and from Defendant's Central Islip location and customer ATM locations on Long Island.

12

76. Plaintiffs Debe, Smith and Torres worked in excess of 40 hours per week each week. Defendant's failure to pay overtime premiums to Plaintiffs was a business policy that applied to all named Plaintiffs. For example, from October 5, 2014 through October 18, 2014 Plaintiff Debe worked 116 hours. She was paid her regular rate for 100 hours, and time and a half for 16 hours.

77. Plaintiffs Debe, Smith and Torres spent at least twenty five percent of their time performing physical labor and were manual workers as defined by NYLL § 191.

78. Pursuant to the aforementioned policy, Plaintiffs Debe, Smith and Torres were paid on a bi-weekly basis. For the work Debe performed from October 5, 2014 through October 18, 2014 her pay date was October 24, 2014.

PREMISES GUARD

79. Plaintiff Louis was employed as a premises guard at defendant's Central Islip location as well as Defendant's Long Island City location. His normal working hours were between 8:00 p.m. through 6:00 a.m.; at times his workday extended to 7:30 a.m. For example, from November 2, 2014 through November 15, 2014 he worked a total of 115.83 hours. He was paid straight time for 20 hours and time and a half for 5.83 hours.

13

80. Throughout the above named Plaintiffs' Employment Period, Plaintiffs recorded their hours by clocking in and out of a timekeeping system.

81. Plaintiffs were all paid pursuant to the same corporate policies of Defendant.

82. Plaintiffs' work was performed in the normal course of Defendant's business and was integrated into Defendant's business.

### FIRST CAUSE OF ACTION
### NEW YORK LABOR LAW: UNPAID OVERTIME

83. Plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "82", inclusive, with the same force and effect as though fully set forth herein.

84. Defendant willfully violated Plaintiffs' rights by failing to pay overtime compensation at a rate of not less than one and one half times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

85. Defendant's failure to pay overtime premium compensation caused Plaintiffs to suffer loss of wages and interest thereon. Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorney's fees, and

the costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW: PAY VIOLATIONS

86. With the exception of Plaintiffs Bongiovi, Campbell and Louis, Plaintiffs were manual workers as defined by NYLL and entitled to be paid on a weekly basis no later than seven days after the workweek in which the wages were earned.

87. Defendant willfully failed to pay plaintiffs as required by NYLL §191.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully requests that this Court grant the following relief:

a.     Unpaid overtime pay pursuant to the NYLL;

b.     An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the NYLL and supporting regulations;

c.     An award of liquidated and/or punitive damages as a result of the Defendants' result of Defendant's willful failure to pay overtime compensation pursuant to the NYLL and supporting regulations;

d.     An award of prejudgment and post judgment interest;

e.     An award of costs and expenses of this action together with reasonable attorney's fees; and

f.    Such other and further relief as this Court deems just

and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated:    Commack, New York
          July 27, 2017

                              LAW OFFICE of ANN BALL, P.C.

                              By: _____
                              Ann Ball (AB 0587)

                              357 Veterans Memorial Highway
                              Commack, New York 11725
                              Telephone (631) 864-8700
                              Facsimile (631) 864-1415

                              *Attorney for the Plaintiffs*

16

<u>CONSENT TO BECOME PARTY PLAINTIFF</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____  9/9/16
Signature          Date

_____
Printed Name

Cynthia Torres

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____ 9-7-16          _____
Signature          Date                     Printed Name

Anthony TANZA

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____  9/21/16          _____
Signature                Date                      Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.


_____     Sep 12-2016          DAMIAN SOBERS
Signature                   Date                  Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____ 9-19-2016          FRED H. Smith
Signature        Date                 Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_William R. Shannon_  9-19-16          _WILLIAM R. SHANNON_
Signature            Date                    Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

Signature _____   Date _____   Printed Name _____

<u>CONSENT TO BECOME PARTY PLAINTIFF</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____  9/9/16
Signature          Date

_____
Michael McDowell
Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.


*William J. Maher*  9-7-16

Signature        Date


*William J. MAHER*

Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law.  I authorize the filing of this consent in the action(s) challenging this conduct.  I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____ 20/31/2016          Jean- Parnell Louis
Signature          Date                        Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.


_John R. Zachbur_     Sept 29 -16          _____
Signature          Date                    Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_Robert Giani_    _8-9-16_
Signature       Date

_Robert J. Giani_
Printed Name

<u>CONSENT TO BECOME PARTY PLAINTIFF</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____  9/6/16           _____
Signature          Date                     Printed Name

<u>CONSENT TO BECOME PARTY PLAINTIFF</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law.  I authorize the filing of this consent in the action(s) challenging this conduct.  I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_Matthew Farrell_   10·26·16          _Matthew Farrell_

Signature              Date                    Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____   9/19/14          _____
Signature         Date                       Printed Name
                                             CHARLES J ENGEL

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law.  I authorize the filing of this consent in the action(s) challenging this conduct.  I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.


_____   _____         _____
Signature          Date                             Printed Name

9/7/2016

Nancy Debe

<u>CONSENT TO BECOME PARTY PLAINTIFF</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____ 10/19/16        ANGELO CAROPOLA
Signature         Date                   Printed Name

<u>CONSENT TO BECOME PARTY PLAINTIFF</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_C Campbell_    _7/23/17_                    _CLEMENT G CAMPBELL_
Signature          Date                        Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____  9-17-16
Signature            Date

David Cronk
Printed Name

<u>CONSENT TO BECOME PARTY PLAINTIFF</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____  _____  
Signature           Date

_____  
Printed Name

Patrick H Craig

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____  9/7/16        Alexander Cioffi
Signature         Date                  Printed Name

<u>CONSENT TO BECOME PARTY PLAINTIFF</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_Jimmy L Adkins_  9/19/16          _Jimmy L Adkins_
Signature          Date            Printed Name

<u>CONSENT TO BECOME PARTY PLAINTIFF</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_____   9/20/16_____
Signature          Date

_____Kerem Bay_____
Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf concerning the failure of Garda CL Atlantic, Inc., its owners, managers, related companies, subsidiaries, officers, directors, franchisees and affiliates to pay me overtime premiums for work in excess of forty hours per week as required by state and federal law. I authorize the filing of this consent in the action(s) challenging this conduct. I authorize being named as the representative "Named Plaintiff" in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit and agree to act in accordance with the best interest of the class.

_Lana Bongiovi_ 9.22-16                    _LANA BONGIOVI_
Signature            Date                           Printed Name