**Littler Mendelson, PC**
290 Broadhollow Road
Suite 305
Melville, NY 11747

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
631.850.5363 fax
lgriffith@littler.com

August 11, 2017

**VIA ECF**
The Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:  *D'Aguino, et al. v. Garda Cl Atlantic, Inc., Adkins, et al. v. Garda CL Atlantic, Inc.*
16 CV 00641 (JMA)(AKT)

Dear Judge Azrack:

As the Court is aware, we represent Defendant Garda CL Atlantic, Inc. in the above-referenced consolidated action. In accordance with Your Honor's Individual Rules of Practice and pursuant to Your Honor's Docket Order of July 12, 2017, we write to respectfully request a pre-motion conference to address Defendant's anticipated basis to dismiss the Amended *Adkins* Complaint[1] in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6).

## I.  THE *ADKINS* PLAINTIFFS' UNPAID OVERTIME CLAIMS ARE SUBJECT TO DISMISSAL

### A.  *Plaintiffs' amended claims lack factual specificity.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that merely offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s] . . . without some further factual enhancement." *Bell Atl. Corp.*, 550 U.S. at 555, 557. The Second Circuit has suggested

---

[1] The Plaintiffs in *Adkins, et al. v. Garda CL Atlantic, Inc.* originally filed their action in the Supreme Court of the State of New York. On April 27, 2017, Defendant removed the matter to federal court. On May 17, 2017, *Adkins, et al. v. Garda CL Atlantic Inc.*, 17 CV 2532 (JMA)(AKT), was consolidated under the first filed case number, 16 CV 641 (JMA)(AKT), of the *D'Aguino v. Garda CL Atlantic, Inc*. On June 27, 2017, Defendant wrote the Court requesting a pre-motion conference to dismiss the complaint in the *Adkins* action. On July 12, 2017, Your Honor denied Defendant's request without prejudice to refiling, and granted Plaintiffs in the *Adkins* action leave to file an Amended Complaint. On July 28, 2017, the Plaintiffs in the *Adkins* action filed an Amended Complaint. Accordingly, the Plaintiffs in the *Adkins* action shall be referred to herein as the "*Adkins* Plaintiffs" and the Amended Complaint at issue shall be referred to as the "Amended *Adkins* Complaint."

The Hon. Joan M. Azrack
August 11, 2017
Page 2

that plaintiffs must assert more than a general failure to pay wages to state a claim.  *See Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013).  In *Lundy*, the court affirmed dismissal of FLSA overtime claims because plaintiffs' claims were too speculative and plaintiffs did not "allege[] a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours."  An analysis into the requisite factual specificity to support an unpaid overtime claim is the same whether the claims are brought under the New York Labor Law ("NYLL") or the Fair Labor Standards Act ("FLSA").  *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013).  In *Dejesus*, the Second Circuit affirmed the dismissal of the complaint where the plaintiff alleged only that she worked more than forty hours per week during "some or all weeks" of her employment," but provided no specific workweek when she worked more than 40 hours and was not paid overtime.  Furthermore, in *Johnson v. Equinox Holdings, Inc.*, No. 13-CV-6313, 2014 WL 3058438, at *4 (S.D.N.Y. July 2, 2014), the court granted the defendant's motion to dismiss where plaintiff failed to identify either "the weeks during which he worked more than forty hours [or] the specific number of hours he worked during such weeks."

The *Adkins* Plaintiffs' attempt to amend the complaint to meet the pleading standard still falls woefully short.  The Amended *Adkins* Complaint still fails to state when <u>23 of the 26 *Adkins* Plaintiffs</u> actually worked periods in which they were purportedly subject to an improper pay practice.  The *Adkins* Plaintiffs have only provided in their Amended Complaint the dates of their overall employment.  *See* Am. *Adkins* Compl. ¶¶ 4–52, annexed hereto as **Exhibit A**.  Just three of the *Adkins* Plaintiffs—Jimmy L. Adkins, Nancy F. Debe, and Jean-Parnell Louis—have alleged an example of when they worked over 40 hours per week and were purportedly not paid overtime premiums.  Am. *Adkins* Compl. ¶¶ 69 (first of two paragraphs enumerated No. 69), 76, and 79. None of the other *Adkins* Plaintiffs have provided any dates or referenced periods of time when each of them was supposedly not properly paid overtime wages due to them, and they have not alleged the number of hours each of them supposedly worked.  *See* Am. *Adkins* Compl. ¶¶ 72-73, 76.

Accordingly, in light of the failure of 23 of the 26 *Adkins* Plaintiffs to provide the requisite factual specificity to support their claims, the Amended Complaint is defective and the claims must be dismissed.

> B.   *Plaintiffs Cannot Bring this Case as Both a Collective Action and a Multiple-Plaintiff Action*

The *Adkins* Plaintiffs erroneously purport to proceed both as individually named plaintiffs and as parties to a collective action.  This contradictory procedural flaw is prejudicial to Defendant.  Indeed, in the caption of the Amended *Adkins* Complaint, each of the 26 *Adkins* Plaintiffs are named as just that—individual Plaintiffs.  However, Paragraph 53 of the Amended *Adkins* Complaint states that the *Adkins* Plaintiffs purportedly consent to be parties to this action, pursuant to 29 U.S.C. § 216(b), and Plaintiffs have filed consent forms to become party-plaintiffs in this action.  First, the *Adkins* Plaintiffs cannot proceed as a collective action under

The Hon. Joan M. Azrack
August 11, 2017
Page 3

29 U.S.C. § 216(b) because they assert no <u>claims regarding, allegations about, or references to the FLSA whatsoever</u>.  The inclusion of this new, single allegation and the various *Consent to Become Party Plaintiff* forms signed by the *Adkins* Plaintiffs only creates genuine ambiguity as to how the *Adkins* Plaintiffs intend to proceed herein.  Indeed, if the *Adkins* Plaintiffs purport to proceed as a collective action, the Amended *Adkins* Complaint must be dismissed because it is entirely lacking in allegations sufficient to proceed as a collective action.  29 U.S.C. § 216(b) permits an FLSA claim "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  The *Adkins* Plaintiffs have not alleged how or to what extent they purportedly are similarly situated with one another to enable them to proceed on a collective basis.[2]  "To state a FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to [the plaintiff]."  *Peck v Hillside Children's Ctr.*, 915 F Supp 2d 435, 438 (W.D.N.Y. 2013) (internal citation and quotation omitted).  Clearly, the Plaintiffs in this case are not similarly situated because they have different jobs—drivers, messengers, ATM technicians, premises guards, and vault clerks—and the Amended Complaint does not articulate how they are similarly situated.  Moreover, the Amended *Adkins* Complaint undoubtedly does not comply with Rule 8 of the Federal Rules of Civil Procedure since there is no "short and plain statement of the claim showing that the pleader is entitled to relief" as a collective action.  Defendant is highly prejudiced insofar as the *Adkins* Plaintiffs' claims are incomprehensible.

## II.  THE *ADKINS* PLAINTIFFS' FREQUENCY OF PAY CLAIMS ARE STILL SUBJECT TO DISMISSAL

The *Adkins* Plaintiffs' frequency of pay claims may be dismissed because there is no definitive and cognizable private right of action to this claim for manual workers.  *Hussain v. Pakistan Int'l Airlines Corp.*, 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2013) (finding the New York Labor Law contains no provision for private recovery for violations of its provisions regarding frequency of payment).

## III.  CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court grant its request for a pre-motion conference.  Thank you for the Court's consideration of this request.

---

[2] The *Adkins* Plaintiffs have likewise failed to allege any plausible facts to support their ultimate burden of proof should they seek collective action certification.  Neither the FLSA nor its implementing regulations define the term "similarly situated."  *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997).  Consequently, courts have reasoned that to meet this burden plaintiffs must first at least "mak[e] a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  *See, e.g., id.*  The *Adkins* Plaintiffs have not alleged such factual nexus between their respective employment beyond summarily concluding the existence of a common unidentified "business policy" bereft of factual description or support.

The Hon. Joan M. Azrack
August 11, 2017
Page 4

Respectfully submitted,

Littler Mendelson, P.C.

*/s/ Lisa M. Griffith*

Lisa M. Griffith
Daniel Gomez-Sanchez

Encl.