*Ann Ball*

**Attorney At Law**
357 Veterans Memorial Highway
Commack, New York  11725
(631) 864-8700

August 14, 2017

<u>VIA ECF</u>
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Hon. Joan M. Azrack
944 Federal Plaza
Central Islip, New York 11722

Re: <u>D'Aguino et al. v. Garda Cl Atlantic Inc., Adkins et al v. Garda CL Atlantic, Inc.</u>
No. CV 16 00641 (JMA)(AKT)-LDW-AKT

Dear Justice Azrack:

Plaintiffs object to defendant's request for a pre-motion conference to address its basis to move to dismiss the amended complaint.

Plaintiffs have sufficiently set forth a cause of action for damages pursuant to FLSA. Section 207 (a)(1) of FLSA requires that employers to pay their employees at the governing minimum wage and overtime wages, at a rate of time and one-half the regular hourly rate, for any hours worked in excess of forty hours per week.  To state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given work workweek as well as uncompensated time in excess of the 40 hours.  *To survive a motion to dismiss, the complaint must <u>approximate</u> the number of overtime hours worked per week in excess of forty for which the plaintiffs did not receive overtime pay* see, <u>Dejesus v. HF Mgmt. Servs. LLC</u>, No. 12-CV-1298, 2012 WL 5289571, (E.D.N.Y. Oct. 23, 2012). Whether a complaint complies with this requirement is *"a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense."* Id.  A reading of the complaint reveals it complies with that standard by setting forth the fact plaintiffs were not paid overtime for hours worked over forty hours per week but under fifty

hours per week. Therefore, the issue is defendant's failure to pay overtime premiums for hours worked between forty and fifty per week, or a maximum of ten hours unpaid overtime per week, per plaintiff.

Defendant's allegation that the complaint is insufficient because only one example per classification of work is set forth in the complaint is without merit in light of the fact the body of the complaint specifically states plaintiffs' claims against defendant, setting forth the dates each plaintiff was employed, the nature of each plaintiff's work and that plaintiffs were never paid any overtime unless more than 50 hours were worked per week. I would also like to point out that defendant is required to maintain records of plaintiffs' wages and hours worked and no discovery has been conducted in this matter. Plaintiffs intend to serve discovery demands on defendant for each plaintiff's wage and hour records.

As the Court is well aware, dismissal of a complaint for failure to state a cause of action pursuant to FRCP 12(b)(6) is only proper where "*it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief*." The test is not whether plaintiff is ultimately likely to prevail, but whether he is entitled to offer evidence to support his claims. The Court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in the plaintiff's favor see, DeMarco v. National Collector's Mint, Inc., 229 FRD 73 (SDNY 2005); Bell v. Hubbert, 2006 US Dist. LEXIS 94547 (SDNY 2006). The question at this stage of the litigation is "*not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence*" to support his claims, Id. Dismissal is appropriate only where it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief see, State Farm Mut. Auto. Ins. Co. v. Rabiner, 749 F. Supp. 2d 94, 98

(E.D.N.Y. 2010). To withstand a motion to dismiss for failure to state a claim, "*a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.*" See, Lamur v. Sunnyside Community Services, 2012 US Dist. LEXIS 113061 (EDNY 2012); Hogan v. Fischer, 738 F.3d 509, 514 (2d Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). Although the Court must accept all allegations as true, only complaints that state a "plausible claim for relief" survive a Rule 12(b)(6) motion to dismiss, Iqbal, 556 U.S. at 679. For the reasons set forth herein, plaintiffs have set forth a plausible claim. Further, the Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FRCP 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). The Supreme Court has interpreted this rule liberally, stating: In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be freely given, Foman v. Davis, 371 U.S. 178, 182 (1962). If the Court finds plaintiff's complaint insufficient, plaintiff respectfully requests leave to amend after defendants comply with plaintiffs' discovery demands for each plaintiffs' wage and hour records.

Defendant's issue with the consent to be a party plaintiff as confusing and prejudicial is not an issue raised in good faith and is disingenuous as form over substance because the complaint

specifically states the nature of the action as individual claims against the defendant. The consent forms appended to the complaint were prepared and signed by the individual plaintiffs (with one exception) before the state court action was instituted. After the Court directed plaintiffs to serve an amended complaint there was simply not enough time to have new consents signed by each individual plaintiff as several plaintiffs reside out of state, and others reside out of the county where I maintain my office.

For the reasons set forth herein, plaintiffs respectfully request defendant's request for a pre-motion conference be denied.

Respectfully submitted,
Law Office of Ann Ball P.C.

_____
Ann Ball

4