

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
lgriffith@littler.com

September 26, 2017

**VIA ECF**
Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Dennis L. D'Aguino, et al., v. Garda CL Atlantic, Inc*.
Docket No. 16-cv-00641 (JMA)(AKT)

*Jimmy L. Adkins, et al., v. Garda CL Atlantic, Inc*.
Docket No. 17-cv-2532 (JMA)(AKT)

Dear Judge Azrack:

This firm represents Defendant Garda CL Atlantic, Inc. ("Defendant") in the above-referenced consolidated actions.  We write to respectfully request a pre-motion conference to discuss the anticipated bases for Defendant's Rule 56 motion for summary judgment to dismiss all claims brought by Plaintiffs Dennis L. D'Aguino, Barry S. Dubrow, and Donald F. Hess (together, the "*D'Aguino* Plaintiffs") in the *D'Aguino* action.

By way of background, Defendant is a secured transportation service company that provides armored vehicle transportation for currency, checks, and negotiable instruments. The *D'Aguino* Plaintiffs were drivers and/or messengers who were assigned routes for pickups and deliveries, or otherwise assisted in loading Defendant's armored vehicles. The *D'Aguino* Plaintiffs allege they were unlawfully denied overtime premium pay in violation of the FLSA and the New York Labor Law on those occasions when they worked between 40 and 50 hours per week.

However, Garda lawfully compensated the *D'Aguino* Plaintiffs because, as employees who affected the safe operation of vehicles weighing over 10,000 pounds used in interstate commerce, they were exempt from the overtime requirements of the FLSA by way of the Motor Carrier Exemption ("the Exemption").  The Exemption provides that the FLSA's overtime-wage requirements do not apply to employees whose maximum hours of service are regulated by Department of Transportation under the Motor Carrier Act. *See Heng Guo Jin v. Han Sung Sikpoom Trading Corp.*, No. 13-CV-6789, 2015 WL 5567073, *4 (E.D.N.Y. Sept. 21, 2015); 29 U.S.C. § 213(b)(1).

Honorable Joan M. Azrack
September 26, 2017
Page 2

Here, by virtue of their assigned job responsibilities and work activities, the *D'Aguino* Plaintiffs' work was regulated by the Department of Transportation and the Exemption applied to exclude them from overtime requirements of the FLSA. *See Fox v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, 865 F. Supp. 2d 257, 266 (E.D.N.Y. 2012) (noting that drivers, loaders, and helpers are categories of employees who affect the safety of vehicle operation and are regulated by the Department of Transportation).  Defendant's drivers and messengers have repeatedly been found to fall under the Exemption and be excluded from federal overtime pay requirements.  *Jaramillo v. Garda, Inc.*, No. 12 C 662, 2012 WL 4955932 (N.D. Ill. Oct. 17, 2012) (finding that the Exemption applies to Defendant's drivers and messengers working in Illinois); *Rojas v. Garda CL Se., Inc.*, No. 13-23173-CIV, 2015 WL 5084135 (S.D. Fla. Aug. 28, 2015), appeal dismissed, 11th Cir. 15-14379 (2016), (finding that the Exemption applies to Defendant's drivers and messengers working in Florida). Further, the New York State Department of Labor takes the position that the overtime provisions in the New York Labor Law expressly incorporate the FLSA's exemptions.  *Id*. at 268; 12 N.Y.C.R.R. § 142–2.2.

Inasmuch as the *D'Aguino* Plaintiffs have previously contended that the Exemption does not apply because they drove or messengered on vehicles that were less than 10,000 pounds, the parties' discovery has foreclosed this argument. Plaintiff Dubrow has admitted that he worked as a messenger in a vehicle that weighed over 10,000 pounds <u>every day</u> during his employment with Defendant, and Plaintiffs D'Aguino and Hess have each admitted that they drove vehicles that weighed over 10,000 pounds during their employment. Though Plaintiffs D'Aguino and Hess also stated that they do not know the weight of the vehicles they drove <u>every day</u> during their employment, they readily concede that such information is within <u>Defendant's exclusive knowledge</u>.  Indeed, there are no armored vehicles weighing less than 10,001 pounds that Plaintiffs D'Aguino and Hess could have driven during the entire claim period, and Plaintiffs have adduced no evidence demonstrating otherwise.  Accordingly, the *D'Aguino* Plaintiffs cannot argue they were subject to the "small vehicle exception" of the Motor Carrier Exemption.

Finally, as to the *D'Aguino* Plaintiffs' pay frequency claims (Third Cause of Action), these claims may be dismissed because there is no definitive and cognizable private right of action to this claim for manual workers. *Hussain v. Pakistan Int'l Airlines Corp.*, 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2013) (finding the New York Labor Law contains no provision for private recovery for violations of its provisions regarding frequency of payment).

Honorable Joan M. Azrack
September 26, 2017
Page 3

Accordingly, Defendant respectfully requests a pre-motion conference to discuss its anticipated motion for summary judgment. Thank you for the Court's consideration of this request.

Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ *Lisa M. Griffith*

Lisa M. Griffith
Daniel Gomez-Sanchez

CC:   All Counsel of Record (*via ECF*)

Firmwide:150210017.4 067762.1380