# MOSER LAW FIRM, P.C.

## WORKERS' RIGHTS ATTORNEYS

STEVEN J. MOSER, ESQ.
smoser@moseremploymentlaw.com

3 SCHOOL STREET, SUITE 207B
GLEN COVE, NEW YORK  11542

TEL (516) 671.1150
FAX (516) 882-5420

November 10, 2017

**VIA ECF**

Hon. Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

      **Re:**    *D'Aguino, et al. v.  Garda CL Atlantic, Inc. and*
                 *Adkins, et al. v. Garda CL Atlantic, Inc.*
                 **Index No. 16-cv-00641(JMA)(AKT)**
                 **Our File No. 15-FLSA-0035**

Dear Judge Azrack:

      I represent the Plaintiffs Dennis L D'Aguino, Barry S. Dubrow, and Donald F. Hess ("D'Aguino Plaintiffs") in the above referenced action.

      Ms. Ann Ball represents the Plaintiffs in the case that was removed from New York State Court ("Adkins Plaintiffs").  After the Court's Pre-Motion Conference of September 27, 2017 (*see* ECF No. 38) Garda CL Atlantic, Inc. ("Garda") served a motion to dismiss the Adkins Plaintiffs' Amended Complaint (ECF No. 33).  The Adkins Plaintiffs filed their opposition via ECF.  *See* ECF No. 40.

      In its motion, Garda challenges the sufficiency of the Adkins' Complaint on the basis that it lacks sufficient factual detail.  The D'Aguino Plaintiffs take no position on this argument.

      Garda also moves to dismiss the Adkins Plaintiffs' claims for failure to timely pay wages under NYLL 191 on the basis that there is no private right of action for a violation of NYLL § 191.  The Adkins Plaintiffs have not opposed this branch of the motion to dismiss.

      The D'Aguino Plaintiffs have also alleged a class-action claim for untimely payment of wages under NYLL 191.  However, the D'Aguino Plaintiffs have not yet had an opportunity to be heard on whether a private right of action exists for failure to timely pay wages under NYLL § 191. I am concerned that the Court's decision on Garda's motion to dismiss the NYLL § 191 claims will be binding on the D'Aguino Plaintiffs.

> Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation. 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* para. 0.404[1], at 117 (1991) (hereinafter *"Moore's Federal Practice").* "The doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson* v. *Colt Indus. Operating Corp.,* 486 U.S. 800, 815-16, 100 L. Ed. 2d 811, 108 S. Ct. 2166, 7 U.S.P.Q.2D (BNA) 1109 (1988) (quoting *Arizona* v. *California,* 460 U.S. 605, 618, 75 L. Ed. 2d 318, 103 S. Ct. 1382 (1983) (dictum)).

*Liona Corp. v. PCH Assocs. (In re PCH Assocs.),* 949 F.2d 585, 592 (2d Cir. 1991).

    I therefore request leave to file a brief in opposition to the branch of the Defendant's motion seeking to dismiss the Plaintiffs' claims under NYLL § 191.

    To the extent that the Court grants leave, I request a one-week extension of Plaintiff's time to serve opposition the motion (from today, November 10, 2017 to November 17, 2017) and a one-week extension of Garda's time to reply (from November 29, 2017 to December 6, 2017).

                                               Respectfully submitted,

                                               /s/

                                             Steven J. Moser