UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY L. ADKINS, KEREM BAY, LANA BONGIOVI, CLEMENT CAMPBELL, ANGELO CARPOLA, ALEXANDER CIOFFI, PATRICK H. CRAIN, DAVID CRONK, NANCY F. DEBE, DENNIS DELUCIE, CHARLES J. ENGEL, MATTHEW FARRELL, BENNY FAILLA, ROBERT J. GIANI, JOHN R. LACKENBAUER, JEAN-PARNELL LOUIS, WILLIAM J. MAHER, MICHAEL G. MCDOWELL, JOHN ROSSI, WILLIAM R. SHANNON, FRED H. SMITH, GARY E. SOBEK, DAMIAN SOBERS, CARMELA SZYMANSKI, ANTHONY TANZA, and CYNTHIA TORRES,<br><br>     Plaintiffs,<br><br>   -against-<br><br>GARDA CL ATLANTIC, INC.,<br><br>     Defendant. | Civil Action No. 16-CV-00641<br><br>(JMA)(AKT) |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
## THE AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) AND 8(A)

                Lisa M. Griffith
                Sanjay V. Nair
                Daniel Gomez-Sanchez
                LITTLER MENDELSON
                290 Broadhollow Road, Suite 305
                Melville, New York 11747
                (631) 247-4700
                lgriffith@littler.com
                snair@littler.com
                dsgomez@littler.com

                *Attorneys for Defendant*
                *Garda CL Atlantic, Inc.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 4

PROCEDURAL HISTORY..................................................................................................... 5

STANDARD OF REVIEW ..................................................................................................... 6

ARGUMENT........................................................................................................................... 7

I.      THE FIRST CAUSE OF ACTION MUST BE DISMISSED BECAUSE THE AMENDED COMPLAINT FAILS TO SUFFICIENTLY PLEAD A NEW YORK LABOR LAW OVERTIME VIOLATION ................................................................ 7

      A.    The Second Circuit's Pleading Standards for Overtime Claims............................ 7

      B.    The Amended Complaint Fails to Allege Sufficient Facts To Raise a Plausible Inference of an NYLL Overtime Violation.......................................... 10

II.     THE SECOND CAUSE OF ACTION FOR UNTIMELY PAY SHOULD BE DISMISSED ................................................................................................................ 13

III.    PLAINTIFFS CANNOT PROCEED AS A COLLECTIVE ACTION WITH THEIR STATE LAW OVERTIME CLAIMS .................................................................... 14

CONCLUSION.............................................................................................................................. 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amponin v. Olayan*,
  14-cv-2008, 2015 U.S. Dist. LEXIS 31778 (S.D.N.Y. Mar. 16, 2015) ................................ 7, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 6, 7

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................................... 6

*Boutros v. JTC Painting & Decorating Corp.*,
  12-CIV-7576, 2013 U.S. Dist. LEXIS 86878 (S.D.N.Y. June 19, 2013) ............................... 12

*Bustillos v. Academy Bus*,
  13-cv-565, 2014 U.S. Dist. LEXIS 3980 (S.D.N.Y. Jan. 13, 2014) ................................... 9, 11

*Cromwell v. N.Y. City Health and Hosps. Corp. et al.*,
  12-cv-4251, 2013 U.S. Dist. LEXIS 69414 (S.D.N.Y. May 15, 2013) ............................... 9, 12

*D'Aguino v. Garda CL Atlantic, Inc.*,
  16-cv-641 (JMA)(AKT) ...................................................................................................... 5

*DeJesus v. HF Management Services, LLC*,
  726 F.3d 85 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918 (2014) .................................. *passim*

*DeSilva v. North Shore-Long Island Jewish Health System, Inc.*,
  770 F. Supp. 2d 497 (E.D.N.Y. 2011) ............................................................................... 13

*Garcia v. Paris Maint.*,
  15-cv-663, 2016 U.S. Dist. LEXIS 60111 (E.D.N.Y. May 4, 2016) ................................... 9, 11

*Gisomme v. HealthEx Corp.*,
  13-cv-2541, 2014 U.S. Dist. LEXIS 67588 (E.D.N.Y. May 15, 2014) ............................... 9, 13

*Harris v. Mills*,
  572 F.3d 66 (2d Cir. 2009) ................................................................................................. 6

*Hussain v. Pakistan Int'l Airlines Corp.*,
  11-cv-932, 2012 U.S. Dist. LEXIS 152254 (E.D.N.Y. Oct. 23, 2013) ................................. 14

*James v. Countrywide Fin. Corp.*,
  849 F. Supp. 2d 296 (E.D.N.Y. 2012) ................................................................................ 13

*Johnson v. Equinox Holdings, Inc.*,
    13-cv-6313, 2014 U.S. Dist. LEXIS 91786 (S.D.N.Y. July 2, 2014)............................9, 12, 13

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
    711 F.3d 106 (2d Cir. 2013)................................................................................... *passim*

*Matson v. Board of Educ. of the City Sch. Dist. of N.Y.*,
    631 F.3d 57 (2d Cir. 2011)..................................................................................................6

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
    723 F.3d 192 (2d Cir. 2013)..................................................................................... *passim*

*Ramos v. City of New York Fire Dept.*,
    13-cv-9225, 2014 U.S. Dist. LEXIS 66449 (S.D.N.Y. May 9, 2014) ................................9, 12

*Ruston v. Town Bd. for the Town of Skaneateles*,
    610 F.3d 55 (2d Cir. 2010)..................................................................................................7

**Statutes**

29 U.S.C.A. § 216 ....................................................................................................................15

29 U.S.C. § 206 .......................................................................................................................15

29 U.S.C. § 207 .......................................................................................................................15

29 U.S.C. § 215(a)(3) ..............................................................................................................15

29 U.S.C. §216(b) ....................................................................................................................14

N.Y. Lab. Law § 191 ...............................................................................................................14

N.Y. Lab. Law § 198 ...............................................................................................................14

**Other Authorities**

Rule 12(b)(6) of the Federal Rules of Civil Procedure..................................................................6

Rule 12(b)(6) of the Federal Rules of Civil Procedure..................................................................6

**PRELIMINARY STATEMENT**

Defendant Garda CL Atlantic, Inc. ("Defendant" or "Garda"), by and through its attorneys, Littler Mendelson, P.C., hereby submits this memorandum of law in support of its motion to dismiss the Amended Complaint ("Amended Complaint")[1] of the Plaintiffs in the action captioned *Adkins, et al. v. Garda CL Atlantic, Inc.* (hereinafter "*Adkins*").  For the reasons set forth herein, Defendant's motion, submitted pursuant to Rule 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure, should be granted in its entirety.

Garda is a full-service cash logistics company that processes, transports, and handles currency, coins, checks, and other valuables for financial institutions and retailers.  The 27 Plaintiffs in *Adkins* allege they individually worked as either drivers, messengers, ATM technicians, premises guards, or vault clerks at Garda's vehicle and storage facility in Central Islip, New York.

The First Cause of Action for unpaid overtime wages under the New York Labor Law ("NYLL") must be dismissed because the *Adkins* Plaintiffs have failed to allege sufficient facts to raise a plausible inference of an NYLL overtime violation.  Within the 86 paragraphs and 16 pages of the Amended Complaint, the *Adkins* Plaintiffs weave together their threadbare allegations without endeavoring to identify a single date or workweek in which 24 of the 27 Plaintiffs worked over 40 hours without overtime compensation.  Those *Adkins* Plaintiffs have also not specified the number of hours worked and only have generally said that they were not paid overtime premiums between the 40th and 50th hours they each worked.  The Amended Complaint does not provide sufficient factual context to "nudge" the alleged NYLL overtime claims from conceivable to plausible.  Under the well-established pleading standards for unpaid

---

[1] A copy of the Amended Complaint, (ECF Docket Entry ("D.E.") 33), is annexed to the accompanying Declaration of Lisa M. Griffith as Exhibit A.  The facts set forth in the Amended Complaint, are deemed true solely for the purposes of Defendant's motion to dismiss.

overtime claims articulated by the Second Circuit, the *Adkins* Plaintiffs' allegations are woefully insufficient to state a claim, and must be dismissed.

As to the *Adkins* Plaintiffs' Second Cause of Action for pay frequency violations under the NYLL, Plaintiffs have no recourse via a private right of civil action for any alleged untimely payment of wages. While the NYLL provides for recovery based on other types of violations through a private right of action, it does not similarly provide for actions for the improper frequency of wage payments. Accordingly, as stated *infra,* this cause of action must be dismissed.

Finally, *Adkins* Plaintiffs' attempt to bring this action as a collective action must be denied because Plaintiffs do not allege a violation of federal law.

## **PROCEDURAL HISTORY**

The *Adkins* Plaintiffs originally filed this action in the Supreme Court of the State of New York. On April 27, 2017, Defendant removed the matter to federal court. On May 17, 2017, *Adkins* was consolidated with *D'Aguino v. Garda CL Atlantic, Inc.*, 16-cv-641 (JMA)(AKT). On June 27, 2017, Defendant filed a pre-motion conference letter seeking leave to dismiss the *Adkins* Plaintiffs' Complaint due to glaring pleading deficiencies. After an opposition was submitted by the *Adkins* Plaintiffs, the Court denied Defendant's request to file a motion to dismiss without prejudice and granted leave for the *Adkins* Plaintiffs to file an Amended Complaint. On July 28, 2017, the *Adkins* Plaintiffs filed their Amended Complaint. The *Adkins* Plaintiffs allege in their amended pleading that Defendant violated the NYLL by failing to pay certain overtime compensation (the First Cause of Action), and by failing to pay some of the *Adkins* Plaintiffs on a weekly basis (the Second Cause of Action). However, the changes in the Amended Complaint did not cure the deficiencies in the original Complaint and the *Adkins*

Plaintiffs' allegations still fall woefully short of the pleading standard required to withstand a motion to dismiss. Accordingly, following the submission of a pre-motion conference letter regarding Defendant's request to file a motion to dismiss the Amended Complaint, the Court held a pre-motion conference on September 27, 2017, and Defendant was granted leave to file this motion.

## STANDARD OF REVIEW

When a defendant tests the sufficiency of a complaint through a motion under Rule 12(b)(6) and Rule 8(a)(ii) of the Federal Rules of Civil Procedure, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Therefore, the complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Matson v. Board of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011).

In deciding a Rule 12(b)(6) motion, the Court must accept all factual allegations in the Amended Complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010). The same is not

true, however, of the legal conclusions derived from those factual allegations. *See Iqbal*, 556 U.S. at 678. In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Application of these well-established standards to Defendant's motion to dismiss compels granting its motion in full.

## ARGUMENT

**I.   THE FIRST CAUSE OF ACTION MUST BE DISMISSED BECAUSE THE AMENDED COMPLAINT FAILS TO SUFFICIENTLY PLEAD A NEW YORK LABOR LAW OVERTIME VIOLATION**

**A.   The Second Circuit's Pleading Standards for Overtime Claims**

In a trio of cases, the Second Circuit has, in recent years, addressed the requirements to properly plead a Fair Labor Standards Act ("FLSA") overtime compensation claim. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013); *DeJesus v. HF Management Services, LLC*, 726 F.3d 85 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918 (2014). While these cases have largely considered the appropriate pleading standards of FLSA overtime wage claims, the analysis applies equally to NYLL claims as well. "The relevant portions of New York Labor Law do not diverge from the requirements of FLSA" and "appl[y] equally to [the NYLL] state law claims." *DeJesus*, 726 F.3d at 89 n.5; *see also Amponin v. Olayan*, 14-cv-2008, 2015 U.S. Dist. LEXIS 31778, at *4–5 (S.D.N.Y. Mar. 16, 2015) (noting that "[t]he NYLL adopts [the FLSA] standard" and observing that the applicable "pleading standard—and the degree of specificity needed to state an overtime claim under the FLSA and NYLL—has been addressed by the Second Circuit" in a single series of cases).

In *Lundy*, the Second Circuit held that, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some

uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114 (quoting *Iqbal*, 556 U.S. at 679). The *Lundy* Court also held that the complaint must allege precisely when, or during what period, the employee worked more than 40 hours. *Id.* (finding no plausible FLSA claim because plaintiffs failed to allege a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours).

In *Nakahata*, the Second Circuit found that the plaintiffs failed to state a plausible overtime claim because the plaintiffs merely alleged that they were not paid for overtime hours worked, but failed to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201. The *Nakahata* court concluded that the allegations in the complaint lacked "the specificity" required, because although they "raise[d] the possibility" of an overtime claim, "absent any allegation that Plaintiffs were scheduled to work forty hours in a given week," they stated no plausible claim for relief. *Id*. at 201.

In *DeJesus*, the Second Circuit, again, found that plaintiff failed to state a plausible overtime claim because the complaint merely "tracked the statutory language of the FLSA, lifting its number and rehashing its formulation, but alleg[ed] no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." *DeJesus*, 726 F.3d at 89. In *DeJesus*, the plaintiff merely alleged that in "some or all weeks," she worked more than forty hours a week and was not properly compensated. *Id*. at 87. The Second Circuit ultimately concluded that "*Lundy's* requirement that plaintiffs must allege overtime without compensation in a 'given' workweek, was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks,' but instead, requires plaintiffs to provide "complaints with sufficiently developed factual allegations." 726 F.3d at 90.

Following the lead of the Second Circuit, numerous district courts in the Southern and Eastern Districts of New York have dismissed complaints which fall short of the pleading standards set forth by *Lundy*, *Nakahata*, and *DeJesus* and denied leave to replead the allegations. *See, e.g., Garcia v. Paris Maint.*, 15-cv-663, 2016 U.S. Dist. LEXIS 60111, at *24 (E.D.N.Y. May 4, 2016) (dismissal where plaintiff stated no claim for failure to pay overtime in given workweek); *Amponin v. Olayan*, 14-cv-2008, 2015 U.S. Dist. LEXIS 31778, at *8 (S.D.N.Y. Mar. 16, 2015) (dismissing complaint where "plaintiff's allegations identify neither a specific week during which she worked more than forty hours, nor the specific number of hours she worked during any such week"); *Johnson v. Equinox Holdings, Inc.*, 13-cv-6313, 2014 U.S. Dist. LEXIS 91786, at *13 (S.D.N.Y. July 2, 2014) (dismissing overtime claims with prejudice where plaintiff failed to identify either "the weeks during which he worked more than forty hours [or] the specific number of hours he worked during such weeks"); *Gisomme v. HealthEx Corp.*, 13-cv-2541, 2014 U.S. Dist. LEXIS 67588, at *6–7 (E.D.N.Y. May 15, 2014) (dismissing overtime claims where plaintiffs, who alleged they worked an "average" of 50 hours or more a week, failed to provide sufficient details to support a plausible overtime claim); *Ramos v. City of New York Fire Dept.*, 13-cv-9225, 2014 U.S. Dist. LEXIS 66449, at *18–20 (S.D.N.Y. May 9, 2014) (dismissing complaint where plaintiffs fail to allege they engaged in activities to establish they worked more than 40 hours during a week); *Bustillos v. Academy Bus*, 13-cv-565, 2014 U.S. Dist. LEXIS 3980, at *11–13 (S.D.N.Y. Jan. 13, 2014) (dismissing overtime claims because allegations that plaintiff worked "60 to 90 hours" were conclusory and lacked sufficient factual context); *Cromwell v. N.Y. City Health and Hosps. Corp. et al.*, 12-cv-4251, 2013 U.S. Dist. LEXIS 69414, at *10–11 (S.D.N.Y. May 15, 2013) (dismissing overtime claims where plaintiffs identified no particular workweek they worked uncompensated time for more than 40 hours).

As set forth below, the Amended Complaint feels to meet the pleading requirements of overtime claims.

### B. The Amended Complaint Fails to Allege Sufficient Facts To Raise a Plausible Inference of an NYLL Overtime Violation

As in *Lundy*, *Nakahata*, and *DeJesus*, the *Adkins* Plaintiffs' factual allegations provided to support their NYLL overtime claims are wholly deficient. Plaintiffs, for the first time and in response to Defendant's pre-motion conference letter to dismiss the original Complaint for pleading deficiencies, set forth some of their alleged dates of employment in the Amended Complaint[2]. (*See* Exhibit A to the October 20, 2017 Declaration of Lisa M. Griffith, ("hereinafter "Griffith Dec."), submitted herewith, at Ex. A, *Adkins* Am. Compl. at ¶¶ 4–52). Such allegations, however, do not cure the deficiencies Defendant identified in its first pre-motion conference letter. Indeed, although Plaintiffs were given leave to amend to address the pleading deficiencies, the Amended Complaint contains no allegations of any workweek in which Plaintiffs each worked overtime and were not paid the overtime premium, and there are no allegations concerning the specific number of hours worked over 40 hour per week in a given week to even infer that Plaintiffs worked overtime. (*See generally* Griffith Decl., Ex. A, *Adkins* Am. Compl.)

Only 3 of the 27 *Adkins* Plaintiffs—Jimmy L. Adkins, Nancy F. Debe, and Jean-Parnell Louis—have endeavored to provide allegations about when they worked over 40 hours per week and were supposedly not paid overtime. (*See* Griffith Decl., Ex. A, *Adkins* Am. Compl. ¶¶ 69 (the first of two paragraphs enumerated No. 69), 76, and 79).[3] The remaining 24 *Adkins*

---

[2] The Amended Complaint still does not allege the dates of employment or job titles of two of the *Adkins* Plaintiffs: Angelo Carpola and Dennis Delucie.
[3] Plaintiff Louis' allegations, however, are incongruous. He claims that in the two-week period from November 2, 2014 through November 15, 2014, he worked a total of 115.83 hours and was paid straight time for 20 hours and time and a half for 5.83 hours. These allegations do not comport with the claim that he was paid straight time for the first 50 hours and the overtime premium for all hours over 50.

- 10 -

Plaintiffs have not alleged *any dates* when each of them worked overtime but were not paid the overtime premium, and they have not alleged the number of hours each of them supposedly worked in a given workweek to even lead to the belief that they ever worked overtime. (*See* Griffith Decl., Ex. A, *Adkins* Am. Compl. ¶¶ 72–73, 76). Accordingly, the allegations are inadequate, as a matter of law, to satisfy the Second Circuit's pleading requirement. Plaintiffs should not be granted leave to amend their pleading once more to address these deficiencies.[4] *See Garcia*, 2016 U.S. Dist. LEXIS 60111, at *24 (E.D.N.Y. May 4, 2016) (denying leave to file a second amended complaint after plaintiff failed to cure the deficiencies in her complaint with her first amended complaint that stated no claim for failure to pay overtime in given workweek).

The *Lundy* Court was clear when it stated throughout its decision, in various ways, that a plaintiff asserting overtime claims must identify the "given workweek," a "single workweek" or the "particular week" in which the plaintiff worked uncompensated time over 40 hours. *Lundy*, 711 F.3d at 114–15; *see also DeJesus*, 726 F.3d at 90 (noting that the plaintiff must allege "overtime in a 'given' workweek" under *Lundy*). Moreover, the *Nakahata* court specifically held that "absent any allegation that Plaintiff was scheduled to work forty hours in a given week," the complaint fails to state a plausible claim for relief. *Nakahata,* 723 F.3d at 201. Thus, the emphasis in Second Circuit cases is that an "overtime claim must plausibly allege work in excess of forty hours and the accompanying failure to pay overtime in 'a given workweek.'" *Bustillos*, 2014 U.S. Dist. LEXIS 3980, at *11 (citing *Lundy*, 711 F.3d at 114–15). Furthermore, in *Ramos v. City of New York Fire Dept.*, 13-cv-9225, 2014 U.S. Dist. LEXIS 66449, at *19 (S.D.N.Y. May 9, 2014), the court dismissed the plaintiffs' overtime claims because the complaint failed to plead the hours actually or regularly worked during any single week and held

---

[4] Remarkably, at the pre-motion conference, Plaintiffs' attorney admitted she did not have the information necessary to cure the deficiencies.

- 11 -

that "[t]he single, offhand reference to the 40-hour requirement in the [complaint] and to defendants' alleged overtime payment policies generally do not substitute for well-pleaded allegations."

As firmly established by *Lundy* and its progeny, dismissal of the *Adkins* Plaintiffs' overtime claims is required because the overwhelming majority of the *Adkins* Plaintiffs: (1) fail to specifically identify the workweek in which they worked over 40 hours and were not paid the overtime premium; and (2) fail to allege the specific number of hours worked in excess 40 hours in any given week.[5]  *See Johnson*, 2014 U.S. Dist. LEXIS 91786, at *13 (dismissing FLSA overtime claims with prejudice where plaintiff failed to identify either "the weeks during which he worked more than forty hours [or] the specific number of hours he worked during such weeks"); *Cromwell,* 2013 U.S. Dist. LEXIS 69414, at *10–11 (dismissing FLSA overtime claims where plaintiff identified no particular workweek that he worked uncompensated time for more than 40 hours); *Boutros v. JTC Painting & Decorating Corp*., 12-CIV-7576, 2013 U.S. Dist. LEXIS 86878, at *10–11 (S.D.N.Y. June 19, 2013) (same).

Besides having to provide sufficient detail about the length and frequency of the unpaid work to support a reasonable inference that the *Adkins* Plaintiffs worked more than 40 hours in a given week, Plaintiffs' pleading must also provide "some factual context that will 'nudge' [the plaintiff's] claim 'from conceivable to plausible.'" *Nakahata*, 723 F.3d at 201; *DeJesus*, 726 F.3d at 90; *Gisomme*, 2014 U.S. Dist. LEXIS 67588, at *6–7; *Johnson*, 2014 U.S. Dist. LEXIS 91786, at *13.  Here, the Amended Complaint alleges no particular facts sufficient to give rise to

---

[5] On these two deficiencies, the *Adkins* Plaintiffs have suggested that the entire period of employment should be considered as the operative period of overtime violations, and that the Court should ascribe a maximum liability of ten hours of unpaid per week, per plaintiff.  (*See Adkins* Plaintiffs' Aug. 14, 2017 Opposition to Defendant's Pre-Motion Conference Letter pp. 1–2, D.E. 35). In that same letter, Plaintiffs' counsel states that many of the *Adkins* Plaintiffs reside out of county and out of state.  (*Id*. at 4). While it understandably may be difficult to solicit detailed information from clients who reside out of county and out of state, it is improper for the *Adkins* Plaintiffs to willfully and admittedly traffic in speculation, rather than specificity, while prosecuting their case.

an inference of an overtime violation in accordance with the pleading standards articulated by the Second Circuit. Indeed, the Amended Complaint does not contain Plaintiffs' rates of pay, any approximation of the wages due, or any approximation of the periods of time when they each were not paid overtime for hours worked over 40. *DeJesus*, 726 F.3d at 87. Moreover, the Amended Complaint alleges no facts about the nature of the overtime work allegedly performed, when such overtime was performed, where the overtime work occurred, how much time was spent performing the overtime work, or that the *Adkins* Plaintiffs were even scheduled to work more than forty hours in a given week. *See, e.g.*, *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 320–21 (E.D.N.Y. 2012) (holding that a plaintiff must plead sufficient facts detailing the type of work performed and the extent of overtime hours to sustain a claim); *DeSilva v. North Shore-Long Island Jewish Health System, Inc.*, 770 F. Supp. 2d 497, 509 (E.D.N.Y. 2011) (finding "[i]t is not enough 'to merely allege [ ] that Plaintiffs worked beyond forty hours per week.' Instead, plaintiffs must provide…a time frame when those hours were worked."). For this additional reason, the Amended Complaint must be dismissed.

For the preceding reasons, the Amended Complaint's First Cause of Action must be dismissed because it fails to meet the requisite pleading requirements and lacks sufficient factual context to raise a plausible inference of an NYLL overtime violation.

## II. THE SECOND CAUSE OF ACTION FOR UNTIMELY PAY SHOULD BE DISMISSED

The *Adkins* Plaintiffs allege that Defendant failed to pay them (except for Plaintiffs Lana Bongiovi, Clement Campbell, and Jean-Parnell Louis) timely pursuant to the NYLL. (Griffith Decl., Ex. A, *Adkins* Am. Compl. ¶ 86). Section 191(1)(a) of the NYLL states in pertinent part that "manual workers shall be paid weekly and not later than seven days after the end of the week in which wages are earned." N.Y. Lab. Law § 191 (McKinney). The *Adkins* Plaintiffs

cannot bring a claim seeking relief for untimely pay under this section of the NYLL because there is no definitive and cognizable private right of civil action to this claim. *See generally* N.Y. Lab. Law § 198 (provision of NYLL detailing remedies for various violations of provisions of the NYLL which does not identify remedies in a private civil action for violations of § 191); *Hussain v. Pakistan Int'l Airlines Corp.*, 11-cv-932, 2012 U.S. Dist. LEXIS 152254, at *8 (E.D.N.Y. Oct. 23, 2013) (finding the NYLL contains no provision for private recovery for violations of its provisions regarding frequency of payment). The *Adkins* Plaintiffs' allegations of untimely pay are not actionable before this Court. Thus, the Second Cause of Action must be dismissed for failing to state a claim.

### III. PLAINTIFFS CANNOT PROCEED AS A COLLECTIVE ACTION WITH THEIR STATE LAW OVERTIME CLAIMS

The *Adkins* Plaintiffs allege in their Amended Complaint that, "Plaintiffs consent to be parties to this action, pursuant to 29 U.S.C. §216(b) and their written consent form [*sic*] is attached hereto and incorporated by reference." (*See* Griffith Decl., Ex. A, *Adkins* Am. Compl. ¶ 53). The cited section of the United States Code sets forth in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action

> unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216 (West) (emphasis added).

The *Adkins* Plaintiffs have characterized their claims as claims for unpaid overtime under NYLL, and not under any section of the FLSA, including 29 U.S.C. § 206; 29 U.S.C. § 207; and 29 U.S.C. § 215(a)(3). For this reason, the Court must dismiss the *Adkins* Plaintiffs' attempt to proceed as a collective action.

## CONCLUSION

For the foregoing preceding, the Defendant respectfully requests that the Court grant its motion to dismiss the Amended Complaint in its entirety, and grant such other and further relief as the Court deems just and proper.

Date:  October 20, 2017
        Melville, New York

**LITTLER MENDELSON, P.C.**

By: /s/ Lisa M. Griffith
    Lisa M. Griffith
    Sanjay V. Nair
    Daniel Gomez-Sanchez
LITTLER MENDELSON
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
lgriffith@littler.com
snair@littler.com
dsgomez@littler.com

*Attorneys for Defendant*
*Garda CL Atlantic, Inc.*