# MOSER LAW FIRM, P.C.

### WORKERS' RIGHTS ATTORNEYS

STEVEN J. MOSER, ESQ.  
smoser@moseremploymentlaw.com

3 SCHOOL STREET, SUITE 207B  
GLEN COVE, NEW YORK 11542

TEL (516) 671.1150  
FAX (516) 882-5420

April 19, 2018

**VIA ECF**

Honorable Joan M. Azrack  
United States District Judge  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY 11722

Re:   *Dennis L. D'Aguino, et al., v. Garda CL Atlantic, Inc.*  
        Docket No. 16-cv-00641 (JMA)(AKT)

   *Jimmy L. Adkins, et al., v. Garda CL Atlantic, Inc.*  
        Docket No. 17-cv-2532 (JMA)(AKT)

Dear Judge Azrack:

I represent the Plaintiffs in the matter of D'Aguino, et al. v, Garda CL Atlantic, Inc., 16-cv-00641 (the D'Aguino Plaintiffs).

On September 26, 2017 Garda submitted a letter request for a pre-motion conference regarding an anticipated motion for summary judgment under Rule 56. I apologize to the Court for failing to submit a response to that letter. It was due to an oversight.

### Garda's Motor Carrier Exemption Will Fail

Defendant asserts that Plaintiffs were exempt from the overtime requirements of the FLSA by virtue of the motor carrier exemption. 29 U.S.C. § 213(b)(1). However, Garda's argument fails for two reasons:

1. **The D'Aguino Plaintiffs were "covered employees" under the Technical Corrections Act and therefore entitled to overtime.**

The Motor Carrier Act was amended by the, the SAFETEA-LU Technical Corrections Act of 2008 ("TCA"), PL 110-244, June 6, 2008, 122 Stat. 1572. Section 306 of the TCA provides that "Section 7 of the Fair Labor Standards Act . . . [*i.e.*, the overtime requirements of the FLSA] . . . shall apply to a covered employee notwithstanding [29 U.S.C. § 213(b)(1)]." TCA

§ 306(c). A "covered employee" includes any employee "whose work, in whole or in part, "affect[s] the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce."

Judge Chen recently had occasion to rule on the applicability of the TCA and observed that "[a]lthough the Second Circuit has not interpreted Section 306 of the TCA, the Court finds the statutory text plain and unambiguous: an employer cannot apply the motor carrier exemption to employees who are "covered employees" under the TCA. *Leier v. Lincoln Limousine Brokerage Inc.*, No. 14-CV-3121 (PKC) (VVP), 2018 U.S. Dist. LEXIS 1044, at *6-7 (E.D.N.Y. Jan. 3, 2018). In this case, Garda operated a mixed fleet in which there were vehicles weighing less than 10,000 pounds. As the D'Aguino Plaintiffs' work at least in part affected the safety or operation of vehicles weighing less than 10,000 pounds, they are "covered employees" under the TCA and entitled to overtime.

### 2. The D'Aguino Plaintiffs never travelled across state lines.

The Notice of Interpretation issued by the DOT regarding the Motor Carrier exemption, provides that:

> If jurisdiction is claimed over a driver who has not driven in interstate commerce, evidence must be presented that the carrier has engaged in interstate commerce *and that the driver could reasonably have been expected to make one of the carrier's interstate runs*.

Notice of Interpretation of the Department of Transportation, Federal Highway Administration, 46 Fed. Reg. 37902, 37903, 1981 WL 115508 (emphasis supplied). *See also Reich v. American Driver Serv., Inc.*, 33 F.3d 1153, 1157 (9th Cir. 1994).

Here the D'Aguino Plaintiffs never drove across state lines, nor were they ever expected to drive across state lines. Information obtained from the US DOT indicates that a large percentage of Garda drivers were simply "intrastate" and therefore not subject to the motor carrier exemption.

### Failure to Timely Pay Wages Gives Rise to a Private Right of Action

Defendant also argues that there is no private right of action for failure to timely pay wages under the NYLL. They cite a single case, *Hussain v. Pakistan Int'l Airlines Corp.,* 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2013) which is not binding on this Court. It is also unpersuasive because it is unsupported by citations or reasoning.

Plaintiffs will show that there is a mountain of authority finding that failure to timely pay wages under the NYLL gives rise to a private right of action.

## **Procedural Issues**

Garda initially proposed an early motion for summary judgment as an "efficient" way of addressing this case. In retrospect, this proposal has delayed the case. If the parties had engaged in comprehensive, rather than limited, discovery, as well as collective, and class motion practice, we would likely be much closer to the finish line.

Defendant's anticipated motion also suffers from procedural infirmities. According to our records, Defendants have not furnished rule 26 Disclosures. Since the documents and witnesses they may rely upon in supporting to their affirmative defense have not been disclosed, the motion is premature.

Finally, Garda has not produced driver logs or other documentation showing vehicles actually driven by the D'Aguino plaintiffs on a daily basis. Some of the vehicles in the Garda fleet are underweight. It appears as though Garda will attempt to make up for this failure to produce records by submitting an affidavit that the D'Aguino plaintiffs could not have driven a vehicle weighing less than 10,000 pounds. Of course, a defendant cannot make up for the failure to produce documents through a conclusory affidavit.

For the foregoing reasons, D'Aguino plaintiffs will oppose the Defendants' motion. If the Court believes that a briefing schedule should be set, Plaintiffs request leave to take the deposition of a records custodian and/or 30(b)(6) witness at least two weeks before Defendant submits its motion.

Respectfully submitted,

Steven John Moser