FILED
CLERK

7/30/2018 3:14 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X  Docket#
D'AGUINO, et al.,                :  16-cv-00641-JMA-AKT
                  Plaintiff,     :
                                 :
      - versus -                 :  U.S. Courthouse
                                 :  Central Islip, New York
                                 :
                                 :
GARDA CL ATLANTIC, INC.,         :  September 27, 2017
                  Defendants     :
------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR PRE-MOTION CONFERENCE
BEFORE THE HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

**A    P    P    E    A    R    A    N    C    E    S:**

**For the Plaintiff**:          **Ann Ball, Esq.**
                                Law Office of Ann Ball
                                357 Veterans Memorial Highway
                                Commack, NY 11725

**For the Defendant**:          **Lisa Griffith, Esq.**
                                Littler Mendelson, P.C.
                                290 Broadhollow Road
                                Suite 305
                                Melville, NY 11747

**Transcription Service**:      **Transcriptions Plus II, Inc.**
                                61 Beatrice Avenue
                                West Islip, New York 11795
                                laferrara44@gmail.com

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1        THE CLERK:  Calling case 16-CV-641, D'Aguino et

2   al v. Garda CL Atlantic, Inc.

3        Counsel, please state your appearances on the

4   record.

5        MS. BALL:  For the plaintiff, Law Office of Ann

6   Ball, P.C., by Ann Ball, 357 Veterans Memorial Highway

7   Commack, New York 11725.

8        MS. GRIFFITH:  For the defendant, Lisa Griffith

9   of Littler Mendelson, 290 Broadhollow Road, Suite 305,

10  Melville, New York.

11       THE COURT:  Good afternoon.

12       MS. BALL:  Good afternoon.

13       MS. GRIFFITH:  Good afternoon.

14       THE COURT:  So today's conference is based on

15  the pre-motion that you filed on one of the cases but

16  actually not you want to file -- you want to serve a

17  motion on the other case, as well.

18       MS. GRIFFITH:  Correct.

19       THE COURT:  Right?

20       MS. GRIFFITH:  Yes.

21       THE COURT:  Now you didn't -- you got a chance

22  -- you saw the pre-motion letter?

23       MS. BALL:  Well --

24       THE COURT:  From September --

25       MS. BALL:  -- I saw my pre-motion letter.  I am

3

                         Proceedings

1    aware that there was a pre-motion letter sent on the

2    other case but I didn't have a chance to take a look at

3    that yet.

4             THE COURT:  Okay.  So do you want to just

5    briefly go over what's in this one from September 26th?

6             MS. GRIFFITH:  Correct.  Mr. Moser is not here

7    anyway.  I mean, do you --

8             THE COURT:  No, I know.  So he's the lawyer on

9    the other one.

10            MS. GRIFFITH:  Correct.

11            THE COURT:  Okay.  So my question is since

12   we're going to have motion practice, can we get on the

13   same briefing schedule with it, since you're going to

14   move in both cases?

15            MS. GRIFFITH:  So it's a little complicated

16   because this is a motion to dismiss on the complaint for

17   the Adkins  case that was consolidated into the D'Aguino

18   case.

19            THE COURT:  Right.

20            MS. GRIFFITH:  The D'Aguino case was further

21   along.  We're up to a summary judgment motion stage just

22   on the motor carrier exemption, if you recall.

23            THE COURT:  Yes, I do recall that.

24            MS. GRIFFITH:  So some of the Adkins plaintiffs

25   aren't even drivers or messengers, they're in a

4

                    Proceedings

1   different --

2            THE COURT:  Oh, so it doesn't make sense to --

3            MS. GRIFFITH:  I think it would apply to a

4   majority of the plaintiffs but it's not going to apply to

5   all of them.  So I would assume that if we get a ruling

6   in D'Aguino, we would apply the same ruling in the Adkins

7   case on the summary judgment issue.

8            THE COURT:  Right.  But the September 26th

9   letter is to move on the D'Aguino case.

10           MS. GRIFFITH:  Right.

11           THE COURT:  Yes?

12           MS. GRIFFITH:  Yes.

13           THE COURT:  Okay.  And there's already an

14  application to move on the Garda case.

15           MS. GRIFFITH: On the Adkins, right.  On the --

16           THE COURT:  Well, I mean the --

17           MS. GRIFFITH:  -- on the complaint, correct.

18           THE COURT:  I guess we need two briefing

19  schedules.  So we need a -- what's the briefing schedule

20  you have in mind on this?

21           MS. GRIFFITH:  We can make a motion within the

22  next, you know, three weeks would be fine.

23           MS. BALL:  Well, if your Honor please, I would

24  like to make an application to make a demand for

25  discovery from the defendant Garda because my problem

5

                    Proceedings

1    with drafting a complaint with particularity for each

2    individual plaintiff is that the majority of the

3    plaintiffs that came into consult with me came in with

4    zero payroll records.  They just had a figure as to what

5    their hourly was and a general statement of what their

6    dates of employment were, but the constant that they all

7    had was that they all worked between 40 hours per week

8    and 50 hours per week and it was for that incremental 10

9    hours per week that they didn't get overtime and that's

10   the part that we are bringing the claim for.

11              THE COURT:  But isn't it a little late?

12              MS. BALL:  Well --

13              THE COURT:  I mean, this is a 16 case.  Isn't

14   this the 16 case?

15              MS. BALL:  Well, I originally --

16              MS. GRIFFITH:  Yes.

17              THE COURT:  -- if your Honor may recall, I

18   originally brought this case in state court predominantly

19   for that reason and then it was removed here to federal

20   court.

21              THE COURT:  When?

22              MS. BALL:  And then the next thing I know, I

23   get the letter for the pre-motion conference.  I don't

24   think I even have an answer from them yet.

25              THE COURT:  Because you want to move instead of

6

Proceedings

1   answer, right?

2          MS. GRIFFITH:  Yes.  And, you know, I would

3   object to a discovery order to draft allegations in a

4   complaint.  You know, she is obligated -- the plaintiffs

5   are obligated --

6          THE COURT:  Yes.

7          MS. GRIFFITH:  -- to know their claims.

8          THE COURT:  Yes.  We don't -- we're not going

9   to have discovery before we're going to have motion

10  practice on a motion to dismiss.  We don't have discovery

11  in that -- if you survive it, you get discovery.

12         All right.  So you said three weeks, right?

13         MS. GRIFFITH:  Yes.

14         THE COURT:  Three weeks from today.  All right.

15  So three weeks from today is going to give you -- I'll

16  give you October 20th and then how much time do you want,

17  Ms. Ball?

18         MS. BALL:  Three weeks also.

19         THE COURT:  Okay.  So I will give you until --

20  that's November 10th and then we'll give you until after

21  the Thanksgiving holiday, November 29th.  All right.

22         And then I guess we'll have to deal with the

23  other -- you know, we'll probably do a phone conference

24  on the other application for the motion, after we get

25  something from him.

7

Proceedings

1      MS. GRIFFITH:  That's fine.  Okay.

2      THE COURT:  Okay.  Thank you.

3      MS. GRIFFITH:  Thank you.

4      MS. BALL:  Thank you.

5           (Matter concluded)

6                -o0o-

8

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **30th** day of **July**, 2018.

*Linda Ferrara*
Linda Ferrara

AAERT CET**D 656
Transcriptions Plus II, Inc.