

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
lgriffith@littler.com

April 16, 2019

**VIA ECF**
Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:     *Dennis L. D'Aguino, et al., v. Garda CL Atlantic, Inc*.
          Docket No. 16-cv-00641 (JMA)(AKT)

          *Jimmy L. Adkins, et al., v. Garda CL Atlantic, Inc*.
          Docket No. 17-cv-2532 (JMA)(AKT)

Dear Judge Azrack:

This firm represents Defendant Garda CL Atlantic, Inc. ("Defendant") in the above-referenced consolidated actions.  We write to respectfully request a pre-motion conference to discuss the anticipated basis for Defendant's Motion to Dismiss all claims brought by Plaintiff Barry S. Dubrow in the *D'Aguino* action.  Mr. Dubrow bring claims for unpaid minimum wage and overtime under the FLSA and New York Labor Law.[1]

**Background**

During a court conference held on October 12, 2018 among counsel for the parties in *Tanza, D'Aguino and Adkins,* the parties agreed to resolve all matters amongst and between them in private mediation with the same mediator who assisted in resolving the *Tanza* case.  The mediation was scheduled for December 17, 2018.  However, Mr. Moser advised this office on November 20, 2018 that, unfortunately, plaintiff Barry Dubrow passed away on or about November 8, 2017.  Garda filed and served a Suggestion of Death on the record on November 30, 2018, thereby starting the 90-day time period for a party to be substituted for Mr. Dubrow. After several discussions, the parties agreed that Mr. Moser could not attend the mediation on Mr. Dubrow's behalf because no one had been substituted as a party for Mr. Dubrow and Mr. Moser was not appointed representative of Mr. Dubrow's estate.  Mr. Moser advised us that he had been in contact with Mr. Dubrow's widow, Paulette Dubrow, and that he would be

---

[1] Mr. Dubrow is also a named party in a consolidated WARN class action, *Tanza, et al. v. Garda CL Atlantic, Inc.*, 15-cv-04394, also pending before Your Honor.

Honorable Joan M. Azrack
April 16, 2019
Page 2

representing the estate going forward and substituting her as a party for Mr. Dubrow. The mediation was rescheduled for April 3, 2019.

Complicating matters further, the attorneys for the plaintiffs in *Tanza*, Frank & Boland, P.C., filed a motion to substitute Paulette Dubrow as a party for Mr. Dubrow in the *Tanza* action, and in doing so stated that their firm represents Paulette Dubrow and the estate.  Frank & Boland, P.C. indicated that Mr. Dubrow did not have a will.

On February 28, 2019, Mr. Moser filed a letter motion in this case, stating "I have been retained by Paulette Dubrow, the widow of Barry Dubrow, to represent his estate."  Dkt. No. 19.  Mr. Moser also stated that although Frank & Boland, P.C., submitted the motion to substitute in the *Tanza* matter indicating that Mr. Dubrow died without a Will, he (Mr. Moser) was in possession of Mr. Dubrow's Will, and that he has "been retained to probate said will" and "Mrs. Paulette Dubrow would like the Moser Law Firm, P.C. to represent her husband's estate in both the *Tanza* and *D'Aguino* cases."  *Id.*  Mr. Moser indicated that he intended to attend the mediation scheduled for April 3, 2019, and if the matter was not resolved, he requested leave to file a motion to substitute Mrs. Dubrow for the deceased plaintiff Barry Dubrow on or before April 15, 2019.

Garda opposed the motion, noting that the mediation cannot go forward until the representation and substitution issues are resolved, and requested that Mr. Moser produce certain documents including the Will.  The Court held a conference on March 8, 2019 with counsel for the parties in the *Tanza, D'Aguino* and *Adkins* cases.  At the conference, Mr. Moser produced the Will, and brought with him Paulette Dubrow, whom he claimed was the executrix of the estate.  Your Honor briefly read the Will and pointed out to Mr. Moser that Paulette Dubrow *was not* named the executrix of Mr. Dubrow's Will – his son Victor Dubrow was named the executor of the Will.  Mr. Moser was surprised at hearing this, and the Court directed Mr. Moser to straighten out the representation and substitution issues.  The mediation scheduled for April 3, 2019 was cancelled.

## No Party Has Moved to Be Substituted for Mr. Dubrow

To date, a motion to substitute Paulette Dubrow, or anyone else, as a party for Barry S. Dubrow has not been filed, nor has Mr. Moser provided any evidence that he represents Mr. Dubrow's estate or the correct executor, Victor Dubrow.  Substitution of Parties is addressed in Federal Rule of Civil Procedure 25, which states: "If the motion [to substitute] is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be dismissed*."  It has now been 137 days since the Suggestion of Death was filed and over 4 weeks since the Court conference and *no one* has filed a motion to be substituted as a party for

Honorable Joan M. Azrack
April 16, 2019
Page 3

the deceased Barry Dubrow.  Accordingly, pursuant to Rule 25, the action by Mr. Dubrow must be dismissed.

The significant passage of time from the death of Mr. Dubrow to date, without any attorney or person vested with appropriate authority moving to be substituted for Mr. Dubrow is unnecessarily and unjustifiably delaying the resolution of the *Tanza, D'Aguino* and *Adkins* cases. Dismissing Mr. Dubrow will allow the remaining parties to engage in mediation and hopefully resolve these cases.

Accordingly, Garda respectfully requests a pre-motion conference to discuss its anticipated motion to dismiss.  Thank you for the Court's consideration of this request.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Lisa M. Griffith*

Lisa M. Griffith
Daniel Gomez-Sanchez

cc:     All Counsel of Record (*via ECF*)

FIRMWIDE:163908214.1 067762.1380