

# MOSER LAW FIRM, P.C.

516.671.1150

December 16, 2019

VIA ECF

Hon. Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:   *D'Agunio v. Garda CL Atlantic, Inc.*, 2:15-cv-04394-JMA-AYS

Dear Judge Azrack:

With this letter, the parties request that the Court evaluate the fairness of the terms of a proposed FLSA Settlement Agreement, a copy of which is annexed hereto as Exhibit 1.

## Factual Background

This case was commenced on February 6, 2016.  *See* Compl., ECF No. 1.  The Plaintiffs are former drivers/messengers who were employed by Defendant Garda CL Atlantic ("Garda"). The Complaint alleges that Garda had an "overtime-over-fifty" policy under which drivers/messengers were paid time and a half only after working more than 50 hours each week. Compl., ¶ 1.  The Complaint also alleges that the Defendants had a policy of paying drivers/messengers biweekly.  *See* Compl. ¶¶ 32, 34, 44, 46, 57, 59.   The Plaintiffs asserted three causes of action:

1. Overtime violations under the FLSA for failing to pay overtime for up to ten overtime hours worked each week (74-79);
2. Overtime violations under the NYLL for failing to pay overtime for up to ten overtime hours worked each week (80-84);
3. Frequency and timeliness of pay violations under NYLL § 191 for failing to pay manual workers on a weekly basis.

Garda asserted defenses to these causes of actions.

Garda asserted the Motor Carrier Act exemption under 29 USC § 213.  *See* Ans., ECF No. 10,  At a status conference on July 29, 2016, Defendant's counsel cited to numerous cases in which courts granted motions to dismiss on almost identical facts.  *See Vallejo v. Garda CL Sw., Inc.*, 56 F. Supp. 3d 862, 869 (S.D. Tex. 2014); *Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV-MORE, 2014 U.S. Dist. LEXIS 97225, at *10 (S.D. Fla. July 14, 2014); *Jaramillo v. Garda, Inc.*, No. 12 C 662, 2012 U.S. Dist. LEXIS 149468, at *16 (N.D. Ill. Oct. 17, 2012)(all finding



MOSER LAW FIRM, P.C.

_____
December 16, 2019
Page 2 of 3

that Garda drivers/messengers were exempt under 29 USC § 213 and therefore not eligible for overtime).

      Garda also denied that drivers/messengers were manual workers.  *See* Ans.  However, even assuming they were manual workers, Garda asserted that no private right of action exists for violation of the timely payment provisions of NYLL ¶ 191.  *See* Memorandum of Law In Support of Defendant's Motion to Dismiss the claims of the Plaintiffs in *Adkins, et al. v. Garda,* ECF No. 44, at 14 (citing *Hussain v. Pakistan Int'l Airlines Corp.,* 11-cv-932, 2012 U.S. Dist. LEXIS 152254, at *8 (E.D.N.Y. Oct. 23, 2013) (finding the NYLL contains no provision for private recovery for violations of its provisions regarding frequency of payment)).

      Following extensive discovery, the parties participated in a mediation session with Martin Scheinman on October 7, 2019.  The mediation was successful, and the Parties now submit the settlement for judicial review.

## Introduction

      In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), the Second Circuit found that Judicial approval of FLSA settlements is necessary to preserve the FLSA's purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." *Cheeks*, 796 F.3d at 206 (citing *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 89 L. Ed. 1095 (1945)).

      In *Cheeks*, the Second Circuit held that the FLSA is an "applicable federal statute" within the meaning of Rule 41(a)(1)(A)(ii), thus preventing parties from dismissing claims with prejudice under Rule 41.  *Cheeks*, 796 F.3d at 206.  However, the Second Circuit did not enunciate a clear standard by which District Courts should evaluate the fairness of an FLSA settlement.  Instead, the Second Circuit gave examples of proposed settlements which "highlighted the potential for abuse." *Cheeks*, 796 F.3d at 206.  These included (1) confidentiality provisions, (2) overbroad releases, (3) restriction of Plaintiff's attorneys' right to represent other employees of the defendant, (4) the payment of attorneys' fees in excess of 1/3 of the amount recovered without adequate billing records, and (5) cases in which Plaintiffs accepted as little as $100 out of a desperate financial need.  *See Cheeks*, 796 F.3d at 206.

      Cheeks does not require the evaluation of NYLL claims, as such claims do not require judicial approval. *Yunda v. SAFI-G, Inc.,* 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017).  Instead, the court evaluates only the FLSA claims.  *See Abrar v. 7-Eleven, Inc.,* No. 14-cv-6315 (ADS) (AKT), 2016 U.S. Dist. LEXIS 50416, at *3 (E.D.N.Y. Apr. 14, 2016)(Spatt, J.) (permitting a bifurcated settlement whereby court would only examine the fairness of a FLSA settlement, and allow the NYLL claims to be resolved without judicial review).



MOSER LAW FIRM, P.C.

_____
December 16, 2019
Page 3 of 3

### I.   Non-Monetary Fairness

The non-monetary terms of the FLSA settlement agreement are fair and reasonable. The agreement does not contain any of the clauses found objectionable by the Second Circuit.

### II.   Monetary Fairness

The combined maximum FLSA overtime owed for the three-year period preceding the filing of the complaint is approximately $37,000.00. Under the terms of the settlement agreement, the Plaintiffs will receive $50,000, as follows: $30,000 to D'Agunio, $12,000 to Hess, and $8,000 to Dubrow.

The settlement amount to be paid to Plaintiffs exceeds the total FLSA overtime owed. In light of the numerous cases holding that Garda drivers/messengers were exempt from overtime, the likelihood of obtaining liquidated damages is remote at best. Therefore, Plaintiffs are receiving in excess of their anticipated FLSA damages, even including liquidated damages.

### III.   Attorneys' Fees and Costs

The retainer agreement between the Plaintiff and the Moser Law Firm, P.C. calls for the Plaintiff to pay attorneys' fees of 1/3 of the amount recovered, or an hourly rate, whichever is greater, as well as costs and expenses.

Attorneys' fees and costs as of December 10, 2019 are in excess of $100,000. A redacted statement of attorneys' fees and costs is annexed hereto as Exhibit 2. Under the settlement, the fees and costs will be reduced to $50,000.00. Under the circumstances of this case, the fees and costs are reasonable. Plaintiffs' counsel litigated the case for more than three years, engaged in extensive discovery, and opposed several motions. Moreover, as previously noted, Plaintiffs are receiving in excess of their anticipated FLSA damages. Should the Court find that unredacted statements are necessary, I respectfully request leave to file same under seal, as there is significant confidential information contained therein.

### Conclusion

For the foregoing reasons, the Parties request that the Court review the fairness of the proposed FLSA settlement. If the Court finds that the settlement is fair, the parties request that the case be dismissed with prejudice. A proposed so-ordered stipulation of dismissal with prejudice is annexed as Exhibit 3.

Respectfully submitted,

/s/
Steven John Moser