# **SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into by and between Dennis L. D'Aguino, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("D'Aguino"), Victor Dubrow, as executor of the Estate of Barry S. Dubrow and on behalf of the Estate of Barry S. Dubrow, Barry S. Dubrow's agents, assigns, attorneys, heirs, successors, executors and administrators ("Dubrow"), and Donald F. Hess, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Hess") (D'Aguino, Dubrow and Hess are collectively referred to herein as "Plaintiffs"), on the one hand, and Garda CL Atlantic, Inc. ("Garda"), on the other hand.

**WHEREAS**, on or about February 6, 2016, Plaintiffs commenced an action against defendant Garda in the United States District Court for the Eastern District of New York, where it was assigned Civil Action Case Number 16 Civ. 00641(JMA)(AKT), alleging, among other things, that Garda violated the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL") by failing to pay minimum wage and/or overtime compensation (the "Action");

**WHEREAS**, by order, dated July 23, 2019, ECF Dkt. No. 66, the Court granted the application of Victor Dubrow, as Executor of the State of Barry S. Dubrow, to substitute as party plaintiff in the place of Barry S. Dubrow in this Action;

**WHEREAS**, Defendant denies all allegations of wrongdoing made by Plaintiffs, and a Court has not made any findings with respect to the merits of Plaintiffs' claims;

**WHEREAS**, Defendant and the Plaintiffs (the "Parties") desire to resolve and settle all matters and potential matters between them in an amicable manner without the expense and aggravation of continued litigation; and

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. The Parties acknowledge that the statements and "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Consideration**. As full settlement and final satisfaction of any and all claims that Plaintiffs had, have, or may have against the Defendant, including but not limited to the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the release by Plaintiffs set forth in Paragraph 4, Defendant shall pay Plaintiffs the total sum of ONE HUNDRED THOUSAND DOLLARS AND NO CENTS ($100,000.00) (hereinafter, the "Settlement Amount"), payable as follows:

    (a) Within thirty (30) days of the Effective Date (defined in Paragraph 26, below), Garda shall issue a check made payable to "Dennis L. D'Aguino" in the amount of FIFTEEN THOUSAND DOLLARS AND NO CENTS ($15,000.00), less applicable tax withholdings and deductions required by law, representing payment for alleged unpaid overtime

and other wages under the NYLL and FLSA. This check shall be delivered to Plaintiffs' Counsel.

(b) Within thirty (30) days of the Effective Date (defined in Paragraph 26, below), Garda shall issue a check made payable to "Dennis L. D'Aguino" in the amount of FIFTEEN THOUSAND DOLLARS AND NO CENTS ($15,000.00), from which no taxes shall be withheld, representing payment for alleged liquidated damages and penalties under the NYLL and FLSA. This check shall be delivered to Plaintiff's Counsel.

(c) Within thirty (30) days of the Effective Date (defined in Paragraph 26, below), Garda shall issue a check made payable to "the Estate of Barry S. Dubrow" in the amount of FOUR THOUSAND DOLLARS AND NO CENTS ($4,000.00), less applicable tax withholdings and deductions required by law, representing payment for alleged unpaid overtime and other wages under the NYLL and FLSA. This check shall be delivered to Plaintiffs' Counsel.

(d) Within thirty (30) days of the Effective Date (defined in Paragraph 26, below), Garda shall issue a check made payable to "the Estate of Barry S. Dubrow" in the amount of FOUR THOUSAND DOLLARS AND NO CENTS ($4,000.00), from which no taxes shall be withheld, representing payment for alleged liquidated damages and penalties under the NYLL and FLSA. This check shall be delivered to Plaintiff's Counsel.

(e) Within thirty (30) days of the Effective Date (defined in Paragraph 26, below), Garda shall issue a check made payable to "Donald F. Hess" in the amount of SIX THOUSAND DOLLARS AND NO CENTS ($6,000.00), less applicable tax withholdings and deductions required by law, representing payment for alleged unpaid overtime and other wages under the NYLL and FLSA. This check shall be delivered to Plaintiffs' Counsel.

(f) Within thirty (30) days of the Effective Date (defined in Paragraph 26, below), Garda shall issue a check made payable to "Donald F. Hess" in the amount SIX THOUSAND DOLLARS AND NO CENTS ($6,000.00), from which no taxes shall be withheld, representing payment for alleged liquidated damages and penalties under the NYLL and FLSA. This check shall be delivered to Plaintiff's Counsel.

(g) Within thirty (30) days of the Effective Date (defined in Paragraph 26, below), Garda shall issue a check made payable to "Moser Law Firm, P.C." in the amount of FIFTY THOUSAND DOLLARS AND NO CENTS ($50,000.00), representing payment for Plaintiffs' attorneys' fees, costs, and expenses incurred in this matter.

(h) Garda shall issue Plaintiffs D'Aguino, Dubrow, and Hess an IRS Form W-2 with respect to the payments described in Paragraphs 2(a), 2(c), and 2(e), respectively. Garda shall issue Plaintiffs D'Aguino, Dubrow, and Hess an IRS Form 1099-MISC with respect to the payments described in Paragraph 2(b), 2(d), and 2(f), respectively. Garda shall issue to Plaintiffs and Plaintiffs' Counsel an IRS Form 1099-MISC with respect to the payments described in Paragraph 2(g).

(i) Pursuant to Paragraph 7 below, concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in

the form annexed hereto as **Exhibit A**, which will be filed with the Court along with Plaintiffs' Motion for Approval of the Settlement Agreement.

3. **Full Payment**: Plaintiffs agree and affirm that the payments described in Paragraph 2, above, shall constitute full accord and satisfaction of the claims released herein. Plaintiffs agree that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

4. **Release of Claims:**

(a) Plaintiffs D'Aguino, Dubrow, and Hess, each individually and each on behalf of himself and, if any, his estate, spouse, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquishes, releases, and waives all claims, known and unknown, asserted or unasserted, which each plaintiff has or may have against Defendant, including any parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, current or former employees, agents, independent contractors, vendors, shareholders, officers, and directors, and their spouses, heirs, executors, testators, representatives, agents, successors and assigns, in their individual and representative capacities, (collectively, with Defendant, the "Releasees"), that may have arisen from the beginning of time through the Effective Date of this Agreement for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the FLSA, or the NYLL.

(b) Nothing in this Paragraph 4 shall preclude Plaintiffs from participating in the settlement of a WARN class action entitled *Anthony Tanza, et. al v. Garda CL Atlantic, Inc.,* bearing Civil Action No. 17-cv-03186 (JMA)(AYS) (hereinafter "*Tanza* case"), pending in the United States District Court for the Eastern District of New York; however Plaintiffs agree that as part of their consideration in this Agreement, they, nor anyone acting on their behalf, shall object to or contest the settlement reached between the parties in the *Tanza* case.

(c) Nothing in this Paragraph 4 shall preclude Plaintiffs from seeking to enforce the terms of this Agreement.

5. **Covenant Not to Sue**: Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Releasees concerning any matter released in this Agreement. If Plaintiffs breach the provision of this Paragraph, Releasees will be entitled to seek recovery of their costs, including their reasonable attorneys' fees, relating to Releasees' enforcement of this Agreement and/or defense of such claims.

6. **Claims Excluded from the Agreement**: Nothing in this Agreement, including but not limited to the release of claims, and covenant not to sue provisions, will prevent Plaintiffs from filing a charge or complaint with, reporting possible violations of any law or regulation to, making disclosures to, initiating communications directly with, or responding to any inquiry from, or providing testimony before, and/or participating in any investigation or proceeding conducted by, or providing documents or other information to, the United States Department of Labor or the New York State Department of Labor, any other self-regulatory organization, or any state insurance department, or any other federal or state regulatory and/or any governmental authority charged with the enforcement of any laws, regarding this settlement

or its underlying facts or circumstances; provided that, by signing this release, Plaintiffs are waiving all rights to individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint, or asserted by any third-party on Plaintiffs' behalf.

7. **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

(a) Concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court with the request for approval of this Agreement and will not be effective unless and until the Court approves this Agreement.

(b) Court approval of this Agreement and dismissal of this Action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 2 of the Agreement.

8. **Taxes and Withholding**: If, for any reason, it is determined by any federal, state, or local taxing authority that any portion of the payments set forth in Paragraph 2 should have been subject to further taxation or withholding, each Plaintiff agrees that he shall assume all responsibility for the payment of any employee taxes, interest, and penalties assessed in connection with the portion paid, respectively, to D'Aguino, Dubrow, and Hess individually, or on each plaintiff's behalf.

9. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiffs have asserted, could have asserted, or may assert in connection with Plaintiffs' alleged employment. Defendant has consistently denied, and continues to deny, each and every allegation of wrongdoing made by Plaintiffs, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their FLSA and NYLL claims, and that the amount being paid to Plaintiffs, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

11. **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by the Parties or their designees.

12. **No Other Complaints or Charges**: Plaintiffs hereby represent that, other than the Action and the *Tanza* case referred to above, they have no pending actions, administrative charges or complaints, grievances or arbitrations against any of the Releasees. Moreover, Plaintiffs are currently unaware of any other claims other than those alleged in this lawsuit and the *Tanza* case relating to their alleged employment with Defendant.

13. **Future Employment**: Plaintiffs D'Aguino and Hess agree that they will not at any time in the future knowingly seek employment with Garda, Releasees, or any business in which Garda is a whole or partial owner, and hereby waive any right that may accrue to them from any application for employment that they may make (whether knowingly or unknowingly), or any employment that they may receive, notwithstanding this Paragraph. By this Agreement, Plaintiffs D'Aguino and Hess intend to remove themselves from consideration for future employment with Garda, Releasees, or any business in which Garda is a whole or partial owner, and agree that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiffs D'Aguino and Hess may make for employment or to terminate any such employment they may obtain notwithstanding this Paragraph. Plaintiffs D'Aguino and Hess acknowledge and agree that they have no right to any reinstatement or re-employment by Garda, Releasees, or any business in which Garda is a whole or partial owner, at any time.

14. **Severability**: The Parties agree that, in the event any provision(s) of this Agreement, other than Paragraphs 4 and 7, is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

15. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regard to conflict of laws principles.

16. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain jurisdiction over any action or proceeding arising out of this Agreement, or to otherwise enforce the terms of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the EDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the EDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the EDNY has been brought in an inconvenient forum.

17. **Assignment of Claims**: Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

18. **Voluntary Agreement**: Plaintiffs D'Aguino, Dubrow, and Hess each represents and agrees that:

(a) He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider, and understand the terms of this Agreement.

(b) He has signed or authorized his attorney Steven John Moser to Sign this Agreement freely, voluntarily, and without duress;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiffs to enter into this Agreement;

(d) He is advised to consider carefully the terms of this Agreement before executing it, that he did consult with his attorneys, Moser Law Firm, P.C., prior to executing, or authorizing the execution of, the Agreement, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

19. **Full and Complete Agreement**: This Agreement constitutes the full and complete agreement between the Parties concerning the subject matter hereof, and fully supersedes any and all prior agreements, commitments or understandings between the parties.

20. **Waiver**: No provision herein may be waived unless in writing and signed by the Party whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

21. **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

22. **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

23. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

24. **Facsimile/Email**: An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

25. **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendant' Counsel or Plaintiffs' Counsel, respectively, as follows:

Defendant's Counsel:
>Lisa M. Griffith, Esq.
>Littler Mendelson, P.C.
>290 Broadhollow Road, Suite 305
>Melville, NY 11747
>lgriffith@littler.com

<u>Plaintiffs' Counsel:</u>

>Steven J. Moser, Esq.
>Moser Law Firm, P.C.
>3 School Street, Suite 207B
>Glen Cove, New York 11542
>smoser@moseremploymentlaw.com

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

26. **Effective Date**: This Agreement shall not be effective or enforceable and no payment of the Settlement Amount will be made hereunder unless and until all of the following events occur: (a) Plaintiffs or Plaintiffs' attorneys sign and return this Agreement to Defendant's Counsel; (b) Plaintiffs' Counsel signs and returns the Stipulation of Dismissal with Prejudice (attached as Exhibit A) to Defendant's Counsel; (c) Defendant's Counsel receives a completed W-9 form from Moser Law Firm, P.C., and completed W-4 and W-9 Forms from Plaintiffs D'Aguino, Dubrow, and Hess; and (d) the Court approves the Agreement and the Stipulation of Dismissal with Prejudice, such that the Stipulation is "so ordered" and the Action is dismissed with prejudice and closed (the "Effective Date"). Plaintiffs acknowledge and agree that this Agreement will not be effective or enforceable, and no payment of the Settlement Amount will be made hereunder, unless and until the Action and all claims therein (including claims under the FLSA) are dismissed by Plaintiffs against Defendant in the Action with prejudice.

27. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**[CONTINUED ON PAGE 7]**

BY SIGNING THIS AGREEMENT, PLAINTIFFS D'AGUNIO, DUBROW, AND HESS EACH ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AND AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFFS D'AGUNIO, DUBROW, AND HESS EACH FURTHER ACKNOWLEDGES THAT HE HAS SPOKEN WITH HIS ATTORNEY, STEVEN J. MOSER, BEFORE SIGNING THIS AGREEMENT, AND IS SATISFIED WITH THE ADVICE HE WAS PROVIDED.

**AGREED:**

**DENNIS L. D'AGUINO**

By: _[signature]_
Dennis L. D'Aguino

Dated: 12-16-2019

**THE ESTATE OF BARRY S. ~~DUBROW~~**

By: _[signature]_
Steven John Moser
o/b/o Victor Dubrow

Dated: 12/16/19

**DONALD F. HESS**

By: _[signature]_
Steven John Moser
o/b/o Donald F. Hess

Dated: 12/16/19

**GARDA CL ATLANTIC, INC.**

By: _____
Rolando Hernandez

Dated: _____

# **<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS L. D'AGUINO, BARRY S. DUBROW, and DONALD F. HESS, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>-against-<br><br>GARDA CL ATLANTIC, INC.,<br><br>       Defendant. | Docket No.: 16 Civ. 00641 (JMA)(AKT)<br><br>**JOINT STIPULATION AND ORDER<br>OF DISMISSAL WITH PREJUDICE** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the Court, that:

  (a) the parties' settlement, including but not limited to the settlement of claims under the Fair Labor Standards Act, and the New York Labor Law is fair and reasonable; and

  (b) the above-captioned action and all causes of action that were or could have been asserted therein, including any and all claims under the Fair Labor Standards Act, are dismissed *with prejudice* pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party.

| | |
|---|---|
| Dated: October _____, 2019 | Dated: October _____, 2019 |
| **MOSER LAW FIRM, P.C.** | **LITTLER MENDELSON, P.C.** |
| _____<br>By: Steven J. Moser | _____<br>By: Lisa M. Griffith |
| 3 School Street, Suite 207B<br>Glen Cove, New York 11542<br>(516) 671-1150 x 9 | 290 Broadhollow Road, Suite 305<br>Melville, New York 11747<br>(631) 247-4700 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

SO ORDERED:

_____
Hon. Joan M. Azrack