

MOSER LAW FIRM, PC

**Steven J. Moser**
Direct/Text/Fax: 631.759.4054
smoser@moseremploymentlaw.com

May 4, 2020

<u>**VIA ECF**</u>

Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE:     *Adkins v. Garda,* 16-cv-00641

Dear Judge Azrack

Please accept this letter motion to substitute counsel.

On January 23, 2020 I filed a Stipulation and Proposed Order of Substitution of Counsel (ECF No. 36).  I respectfully withdraw that request.

I hereby request, pursuant to Local Rule 1.4, that the Moser Law Firm, P.C. be substituted as counsel in the place of Ann Ball for the following Plaintiffs:

1. Kerem Bay
2. Lana Bongiovi
3. Angelo Carpola
4. Alexander Cioffi
5. Patrick H. Crain
6. David Cronk
7. Dennis Delucie
8. Charles J. Engel
9. Matthew Farrell
10. Benny Failla
11. Robert J. Giani
12. John R. Lackenbauer
13. William J. Maher
14. Michael G. McDowell
15. John Rossi
16. Gary E. Sobek
17. Damian Sobers
18. Cynthia Torres

I have attached as Exhibit 1 an Amended Stipulation and Proposed Order of Substitution of Counsel.

"In addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)(internal quotations and citations omitted). In this case, the withdrawal of Ann Ball and substitution of Steven J. Moser will not cause any delay. A briefing schedule has not yet been set for the anticipated motion to dismiss for lack of jurisdiction. There are no deadlines currently set by the Court which will require any extension. I am familiar with the claims made by the *Adkins* plaintiffs, and I represented the *D'Aguino* plaintiffs with virtually identical claims. I will not be seeking any extended briefing schedule and am ready to proceed with the representation.

The substitution is requested by the Plaintiffs. Although the decision to permit withdrawal is committed to the Court's discretion, courts often respect the wishes of the client. *See Pfeffer v. Mark*, 2000 U.S. Dist. LEXIS 7227, *14 (E.D.N.Y. April 27, 2000)(Glasser, J.)(noting that "[u]nder New York law, a client has an absolute right to change attorneys."). Denial of the motion to withdraw will force the Plaintiffs to proceed without the attorney of their choosing and will also force Ms. Ball to represent them against their wishes.

I have spoken with Lisa Griffith, counsel for Garda. Garda has respectfully declined to sign a stipulation consenting to the substitution, and Plaintiffs anticipate that Garda will oppose this motion.

Respectfully submitted,

/s/
Steven J. Moser