

**Steven J. Moser**
Tel: 631.759.9766
Direct/Text/Fax: 631.759.4054
smoser@moseremploymentlaw.com

May 18, 2020

Hon. Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *D'Aguino v. Garda,* 16-cv-00641

Dear Judge Azrack:

    I write in opposition to Garda's request for sanctions against me by way of letter motion filed on May 12, 2010.  (ECF No. 97).

*Procedural History*

    Following the January conference with all parties, Ms. Ball informed me that her clients wanted to substitute the Moser Law Firm, P.C. in her place.  On January 23, 2020, Plaintiffs filed a motion for substitution.  *See* ECF No. 81.  Defendants opposed the request, noting that the consent form had not been signed by the clients as required by local rule 1.4.  *See* ECF No. 82

    In response to Garda's opposition to the motion to substitute (ECF No. 82), Ann Ball retained the Moser Law Firm, P.C. as co-counsel, and the Moser Law Firm filed a notice of appearance as co-counsel on January 28, 2020.  *See* ECF No. 83.  Garda moved to strike.  *See* ECF No. 84.

    By docket order dated February 7, 2020, the Court directed me to file certain documents under seal concerning the representation.  On February 14, 2020, I filed the documents under seal as directed by the Court.

    On May 4, 2020, after the parties stipulated to dismiss the interlocutory appeal then pending before the Second Circuit, Plaintiffs withdrew the prior requests to substitute, and filed a new motion to substitute on behalf of 18 of the Adkins Plaintiffs.  ECF No. 96.  The request was supported by consent to substitute forms.

    On May 12, 2020, Garda opposed the motion to substitute, and cross-moved by letter motion for sanctions pursuant to 28 U.S.C. 1927.

    Garda's letter motion makes sweeping accusations which are unsupported by specific facts.  For example, Garda accuses me of not complying with the Court's February 7, 2020



MOSER LAW FIRM, P.C.

Letter to Hon. Joan M. Azrack, USDJ
May 18, 2020
Page 2 of 3

docket order, and that such "conduct <u>cannot</u> be sanctioned by Court."  Finally, Garda alleges that "[t]hroughout the five years these cases have been pending, Mr. Moser has <u>done nothing but frustrate the resolution of these cases, and his conduct is frivolous</u>."

The letter does not explain how I violated the Court's February 7, 2020 docket order, does not explain how I have "done nothing but frustrate the resolution of these case", or specify what "frivolous" conduct I have engaged in.  Nor does it furnish any legal basis for the imposition of sanctions.

Garda has been very willing in the past to excuse unethical behavior by opposing counsel when it serves Garda's interests.  A prime example is the deal Garda cut with Neil Frank (now disbarred) in the *Tanza* matter.  Although Neil Frank was retained only to represent employees with regard to WARN claims, and despite the fact that there was an unrelated pending class action for delayed wages and overtime in which the putative class was not represented by Mr. Frank, Garda allegedly "settled" all of the class claims, including the claims for overtime and delayed wages with Mr. Frank.  Of course, Mr. Frank had no authority to settle claims other than WARN claims, and Garda knew it.

It appears as though Garda wants an adversary who is willing to "play ball", regardless of whether the Plaintiffs pay the price.   The actions taken by Garda are not limited to inducing Mr. Frank to settle claims without authority.

- In 2015 Garda promised this Court that early summary judgment practice would resolve the matter expeditiously.  Garda never made good on that promise.

- Garda improperly removed the *Adkins* case (involving 26 plaintiffs) to federal court on the basis of complete diversity, when Garda knew that it had transferred one of those employees from New York to Florida, thereby destroying complete diversity.

- After improperly removing the 26 plaintiffs to federal court, Garda successfully moved for dismissal of 23 of those claims under the federal pleading standard, something which would not have happened under the "notice pleading" standard applied by New York State courts.

- Garda delayed consenting to dismissal of the Plaintiffs' interlocutory appeal for over a month, and now accuses Plaintiffs' counsel of engaging in frivolous delays.

- Garda has opposed a straightforward motion to substitute counsel supported by consent forms signed by the clients and has not cited a single case to support its opposition.



Letter to Hon. Joan M. Azrack, USDJ
May 18, 2020
Page 3 of 3

      Garda never objected to the portion of the Court's February 7, 2020 order permitting me to file documents under seal.  Now, even though they have never seen the documents filed with the Court on February 14, 2020, they suggest that I have violated the Court's order.

      This is not the first time that Garda has made false accusations against me that lack a sound basis.  At a March telephone conference Garda accused me of telling putative class action representatives in the *Tanza* matter not to sign a settlement agreement.  When pressed, Garda's counsel revealed the following basis for the allegation:  She "heard it from counsel for Garda in the *Tanza* matter, who "heard" it from Kyle Pulis, who "heard" it from the clients (who "heard" it from me).

## Conclusion

      Garda points to no specific facts which justify the imposition of sanctions, nor has it furnished any legal support for its request.  Moreover, Garda has stated no legal grounds for its opposition to the motion to substitute, and "[l]egally groundless opposition to a professional colleague's request to stipulate to substitution of counsel [. . .] clearly evinces bad faith sufficient under section 1927 to justify the imposition of sanctions." *Pfeffer v. Mark,* 2000 U.S. Dist. LEXIS 7227, *16 (E.D.N.Y. April 27, 2000).  Although, Garda's opposition to the motion to substitute is itself sanctionable, Plaintiffs do not cross-move for sanctions at this time.

      For the foregoing reasons, Garda's cross motion for sanctions should be denied.

      Respectfully submitted,

Steven J. Moser