

Steven J. Moser, Esq.
Phone 631-671-1150
Cell 516-671-2776
smoser@moseremploymentlaw.com

June 15, 2020

**VIA ECF**

Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

RE:   *Adkins v. Garda CL Atlantic, Inc.,* 16-cv-00641

Dear Judge Azrack:

    I represent certain plaintiffs in the above captioned matter.   Plaintiffs propose the following briefing schedule for the anticipated motions to vacate and dismiss/remand:

| | |
|---|---:|
| Motion(s) to be served | July 17, 2020 |
| Opposition to be served | August 17, 2020 |
| Reply briefs to be served | August 24, 2020 |

    Garda has not consented to the briefing schedule, and despite good faith efforts to come to an agreement, the parties are at an impasse.  After first indicating that it would be willing to stipulate that Mr. Rossi was a citizen of Florida at the time of filing of the complaint, Garda now claims that it entitled to discovery to support its allegations of complete diversity in its 2017 notice of removal, and refuses to enter into a briefing schedule without discovery.

    This Court has noted that a party is not entitled to pre-motion discovery in order to oppose a motion to dismiss.  Nevertheless, I offered to produce to Garda objective indicators of Mr. Rossi's Florida citizenship, such as his driver's license, federal tax returns, leases, deeds, and vehicle registrations.   Garda has responded that regardless of the proof of citizenship, it still wants to take Mr. Rossi's deposition.  Why?  According to Garda, if Mr. Rossi was a Florida domiciliary at the time the complaint was filed, then he made false statements about his residence in his verified complaint.

    However, Mr. Rossi *never* asserted that he resided in Suffolk County in 2017.

1. The complaint only states that plaintiffs "were" (past tense) residing in Suffolk county "at all times herein mentioned."  Complaint, ¶ 1.  Nowhere does the complaint

    state that Mr. Rossi was residing in Suffolk County at the time the complaint was filed.

2. The complaint was not verified by Mr. Rossi.

3. The attorney's verification clearly indicates that some of the plaintiffs were no longer residents of Suffolk County when the complaint was filed. Instead, "some of the plaintiffs reside[d] in a County other than the County where [Ms. Ball] maintain[ed] her office." *See* Verification to Complaint Dated March 15, 2017.

At the same time, despite the fact that Mr. Rossi relocated to Florida to work for Garda in 2015, Garda refuses to furnish any information regarding his transfer to or residence in Florida, because *theoretically he could* have moved back to New York before the complaint was filed. Garda claims that it should be entitled to serve document requests, interrogatories, and take depositions regarding its own representation of complete diversity in 2017. But Garda refuses to agree to furnish any discovery.

Garda has offered only one explanation for its assertion of complete diversity - the first sentence of the complaint. For that reason alone, the case should be remanded to state court, as Garda had no basis for making the allegation of complete diversity in the first instance.

Plaintiffs request that this briefing schedule be so ordered in order to avoid unnecessary delay and expense.

                                                Respectfully submitted,

                                                */s/*

                                                Steven J. Moser