

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY 11747

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
lgriffith@littler.com

June 15, 2020

**VIA ECF**

Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *Dennis L. D'Aguino, et al., v. Garda CL Atlantic, Inc*.
Docket No. 16-cv-00641 (JMA)(AKT)

*Jimmy L. Adkins, et al., v. Garda CL Atlantic, Inc*.
Docket No. 17-cv-2532 (JMA)(AKT)

Dear Judge Azrack:

This firm represents Defendant Garda CL Atlantic, Inc. ("Defendant") in the above-referenced consolidated actions. We write to advise the Court that the parties were unable to reach an agreement on a briefing schedule regarding Mr. Moser's intention to file a Motion to Remand. Specifically, Garda is seeking discovery from Mr. Rossi concerning his domiciliary at the time the Verified Complaint was filed in New York Supreme Court, and Plaintiffs' counsel, Mr. Moser, refuses to provide discovery unless it is "reciprocal."

By way of background, on March 24, 2017, 26 plaintiffs ("the *Adkins* Plaintiffs") filed their complaint ("Complaint") against Garda CL Atlantic Inc. ("Garda") in New York state court. The *Adkins* Plaintiffs asserted only state-law claims against Garda. Garda timely removed the case to federal court based on diversity jurisdiction; the *Adkins* Plaintiffs alleged that all 26 of them were individuals residing in Suffolk County, New York, and Garda was a foreign corporation authorized to do business in New York. Notably, the Complaint was verified by the *Adkins* Plaintiffs' attorney under penalty of perjury. Plaintiffs' counsel did not make a motion to remand the case to State Court upon removal, and never once raised the issue of lack of diversity jurisdiction until 3 years after the case was removed, and 2 years after 23 of the plaintiffs, including John Rossi, were dismissed.

Garda did not outright object to discovery by Mr. Rossi, but instead asked, several times, for Plaintiffs' counsel to articulate what, if anything, Garda could have in its possession that is relevant to the limited issue of Mr. Rossi's domiciliary at the time the Verified Complaint was filed in New York State Court. Mr. Moser, counsel for Mr. Rossi, has not provided any response to that inquiry. Nonetheless, Garda does not believe it has *any* evidence relevant to Mr. Rossi's

Honorable Joan M. Azrack
June 15, 2020
Page 2

domiciliary, as Mr. Rossi stopped working for Garda approximately 2 years before the Verified Complaint was filed. Thus, discovery from Garda would be futile and would only lead to unnecessary burdens and costs to Garda.

Mr. Rossi submitted to this Court a Declaration that indicates he resided in Florida at the time he initial Verified Complaint was filed. As the Court is aware, the inquiry into domiciliary does not rest with an individual's alleged residence. Many other factors are considered by the Courts and, thus, Garda is requesting to take Mr. Rossi's deposition and to serve document requests and interrogatories specifically directed at the issue of Mr. Rossi's domiciliary at the time the Verified Complaint was filed as well as to test the contradictions between the Declaration and the allegations in the Verified Complaint.

The request for discovery of Mr. Rossi should also be granted because it comes after counsel for the Plaintiffs' failed attempt to remand this case based on a purported reduction in the amount in controversy to less than $75,000. It is curious that although Plaintiffs' counsel was arguing the case should be remanded, it did not initially base its motion on the lack of diversity jurisdiction, but rather on a change in the amount in controversy. Thus, Defendant Garda is highly skeptical of the grounds for the motion to remand, and should be entitled to depose Mr. Rossi and obtain documentation from him in order for the Court to determine if Mr. Rossi met his burden to establish his domiciliary. Domicile is a mixed question of law and fact, and Rossi will have the burden of proving his domicile at the time of the filing of the Verified Complaint. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("A party alleging that there has been a change of domicile has the burden of proving the 'require[d] . . . intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality,' and must prove those facts 'by clear and convincing evidence.'").

Mr. Moser proposed a briefing schedule to the Court. If the Court is inclined to exercise its discretion and allow Garda to conduct limited discovery on this issue (see *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F. 3d 298, 302–03 (2d Cir. 1994)), then Garda proposes the following schedule, which was proposed to Mr. Moser but rejected:

- June 22, 2020 – Garda to serve document requests and interrogatories on Mr. Rossi limited to domiciliary at the time the Verified Complaint was filed
- July 22, 2020 – Mr. Rossi to respond to document requests and interrogatories
- August 5, 2020 – Mr. Rossi's deposition to take place (provided Mr. Rossi produces requested documents and information requested)
- September 4, 2020 – Mr. Rossi's motion to be filed
- October 5, 2020 – Opposition to be filed
- October 19, 2020 –  Reply to be filed

Honorable Joan M. Azrack
June 15, 2020
Page 3

Should the Court be inclined not to grant discovery on this limited issue, Garda requests that the Court allow the Parties the opportunity to fully brief whether discovery should be permitted on this limited issue.

Finally, although there are many inaccuracies in Mr. Moser's filings from Friday and today, we would like to point out that Garda never agreed to stipulate that Mr. Rossi was a resident of Florida at the time the Complaint was filed.  Garda inquired if Plaintiff would stipulate to sever Mr. Rossi's claims and, if so, then it would allow Mr. Rossi to file his claims in State Court, while maintaining the status quo for the remaining dismissed plaintiffs.  Mr. Moser declined this suggestion.

We thank the Court for its consideration of this matter.

Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ *Lisa M. Griffith*

Lisa M. Griffith