

Steven J. Moser, Esq.
Phone 631-671-1150
Cell 516-671-2776
smoser@moseremploymentlaw.com

June 16, 2020

**VIA ECF**

Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

RE:    *Adkins v. Garda CL Atlantic, Inc.,* 16-cv-00641

Dear Judge Azrack:

    I represent certain plaintiffs in the above captioned matter.   I write in opposition to the Defendant's motion for jurisdictional discovery.   Defendant proposes a briefing schedule that results in a fully briefed motion in late October 2020 (assuming everything goes according to plan).  Under this schedule, if there are any unanticipated delays, we could a fully briefed motion might not be submitted until 2021.

    There is no need to multiply these proceedings.  As was mentioned in Plaintiff's motion to approve the proposed briefing schedule (ECF No. 107), Plaintiff will submit to the Court objective indicators showing that Mr. Rossi was a domiciliary of Florida at the time the complaint was filed in State Court.  Garda has not explained why jurisdictional discovery is necessary.   However, should the Court find that jurisdictional discovery is necessary, Plaintiff proposes the following alternative schedule:

| | |
|---|---|
| June 22, 2020 | Parties to serve a maximum of five document requests and five interrogatories regarding jurisdiction, and Plaintiff's to serve 30(b)(6) subject matter list regarding deposition of Garda |
| July 6, 2020 | Parties to respond to document requests and interrogatories |
| July 24, 2020 | Deadline for completion of depositions of Garda and Mr. Rossi |
| August 7, 2020 | Plaintiffs to serve motion to vacate and remand/dismiss |
| September 7, 2020 | Defendant to serve opposition |
| September 21, 2020 | Plaintiff to serve reply and file all papers via ECF |

In October I have an out of state trial.  Therefore, the advanced schedule proposed will avoid the need for further delays.

There are several reasons why discovery should be reciprocal if Garda insists on pursuing this wasteful and unnecessary course.  First is basic fairness.  Second, Garda relocated Mr. Rossi to Florida and offered him employment in West Palm Beach.  Third, Garda has knowledge of whether the Florida employment was of indefinite duration or for a specific time period.

Garda asserts that Mr. Rossi could have changed his domicile from Florida to another state after his employment with Garda ended.  However, as pointed out by Garda in its letter to the Court (ECF No. 108), "[a] party alleging that there has been a change of domicile has the burden of proving the 'require[d] . . . intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality,' and must prove those facts 'by clear and convincing evidence.'" *Palazzo ex rel. Delmage v. Corio,* 232 F.3d 38, 42 (2d Cir. 2000).  Therefore, whether Garda is in possession of information concerning Garda's employment of Mr. Rossi in Florida, and whether the employment was of indefinite duration, are highly relevant.

For the foregoing reasons, Plaintiffs oppose Garda's proposed briefing schedule and request for jurisdictional discovery.  If the Court is inclined to grant jurisdictional discovery, Plaintiff requests that the discovery be reciprocal, and that the alternative schedule proposed herein be adopted by the Court.

                                                      Respectfully submitted,

                                                      */s/*

                                                      Steven J. Moser