

Steven J. Moser, Esq.
Phone 516-671-1150
Cell 516-671-2776
smoser@moseremploymentlaw.com

October 6, 2020

**VIA ECF**

Joan M. Azrack, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE:   *Adkins v. Garda CL Atlantic, Inc.,* 17-cv-02532(JMA)(AKT)
      *D'Aguino v. Garda CL Atlantic, Inc.,* 16-cv-00641(JMA)(AKT)

Dear Judge Azrack

  I represent certain Plaintiffs in the above captioned matters.

  I write to request that the Defendants be directed to participate in mediation as per the order of the Court dated June 20, 2019 (ECF No. 23).  I also write to oppose Garda's request to "close this case" (ECF No. 27).

### Garda Should Comply With the Order to Mediate

  On June 20, 2019, the Court directed all parties to appear and participate in mediation in good faith.  The subsequent mediation successfully resolved the claims made in the *D'Aguino* matter as well as the claims of three (3) of the Plaintiffs in the *Adkins* matter – Jimmy L. Adkins, Nancy Debe, and Jean Parnell Louis.  However, the claims of the dismissed plaintiffs were not resolved in mediation.

  After I was substituted as counsel, I learned that although Garda appeared at the mediation on October 7, 2019 as ordered by the Court, Garda refused to enter into any settlement discussions whatsoever regarding the claims of the dismissed plaintiffs.  These plaintiffs have made colorable arguments that the Defendant improperly removed the *Adkins* matter to federal court based upon diversity jurisdiction, as John Rossi was a citizen of Florida at the time of removal.  (See ECF Nos. 40 & 44).

  In the interests of judicial economy, the Plaintiff requests that the Court direct the parties to comply with the June 20, 2019 order to appear and participate in mediation in good faith to bring this case to a conclusion.  Subject to the mediator's availability, the Plaintiff asks that the Court direct that such mediation occur on or before December 31, 2020.

**The Court Should Not "Close This Case"**

Garda suggests that closing this case is an appropriate remedy for Plaintiff's failure to furnish jurisdictional discovery.  Plaintiffs respectfully request that Defendant's motion be denied.

As an initial matter, Defendant is well aware of the reasons why we have had difficulty in responding to their *voluminous, unduly burdensome and overbroad* interrogatories and requests for production of documents, copies of which are annexed hereto as Exhibits 1 and 2, respectively. The pandemic has hit Florida especially hard, and John Rossi is a security officer in a Florida hospital where he is exposed to the virus daily.  He has been called upon to work without a day off for periods of up to 21 days with very little rest.  He is only available after 7:30 PM on most days, and lives 1,000 miles away from my office.

More importantly, Garda has failed to comply with the Court's instructions regarding jurisdictional discovery disputes.  In the most recent telephone conference with the Court, the Court specifically advised the parties that any issues regarding jurisdictional discovery should be raised by *calling the Court after exhausting good faith efforts* to resolve the issue between counsel. Despite the specific direction to *refrain from written motion practice* regarding jurisdictional discovery, Garda now files a motion to "close the case" for failure to comply with jurisdictional discovery.

Putting that aside, it certainly would have taken less effort (and been less burdensome to the Court) for counsel to pick up the phone rather than to draft a two-page motion (which counsel was specifically directed *not* to file).

Garda has conveniently failed to inform the Court that Garda has not yet responded to Plaintiff's jurisdictional discovery requests.

Finally, closing the case will not put this case to rest, but instead will cause further delays and litigation.  The jurisdictional issue has not yet been resolved.  A challenge to the Court's jurisdiction may be made at any time, even for the first time on appeal.  What the Defendant is seeking is a final appealable order prior to a decision on whether the Court has jurisdiction.  But the Court already indicated that it would like the opportunity to address jurisdiction.  Furthermore, the jurisdictional issue should not simply be foisted onto the Second Circuit without a fully developed record.

**Conclusion**

Regretfully, opposing counsel continues to accuse me of "frivolous" conduct.  I sense a deep frustration with this case on the part of Garda's counsel (which frankly I share).  The parties should be directed to mediate the claims of the dismissed plaintiffs consistent with the Court's June 20, 2019 order.

In closing, I apologize to the Court and Ms. Griffith for the delays in jurisdictional discovery.  I am willing to agree upon a final date for conclusion of jurisdictional discovery with Ms. Griffith.  In the event that the Court believes that an order regarding jurisdictional discovery

is necessary, Plaintiffs request that jurisdictional discovery be extended to December 31, 2020, or 30 days after the conclusion of mediation, whichever is later.

Respectfully submitted,

*Steven J. Moser*

Steven J. Moser