UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY L. ADKINS, KEREM BAY, LANA BONGIOVI, CLEMENT CAMPBELL, ANGELO CARPOLA, ALEXANDER CIOFFI, PATRICK H. CRAIN, DAVID CRONK, NANCY F. DEBE, DENNIS DELUCI, CHARLES J. ENGEL, MATTHEW FARRELL, BENNY FAILLA, ROBERT J. GIANI, JOHN R. LACKENBAUER, JEAN-PARNELL LOUIS, WILLIAM J. MAHER, MICHAEL G. MCDOWELL, JOHN ROSSI, WILLIAM R. SHANNON, FRED H. SMITH, GARY E. SOBEK, DAMIAN SOBERS, CARMELA SZYMANSKI, ANTHONY TANZA and CYNTHIA TORRES, | **DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JOHN ROSSI** |
| Plaintiffs, | Case No. 16-CV-00641  (JMA) (AKT) |
| -against- | |
| GARDA CL ATLANTIC, INC., | |
| Defendant. | |

**PLEASE TAKE NOTICE** that, pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Eastern District of New York, Defendant Garda CL Atlantic, Inc. ("Garda" or "the Company"), by and through its counsel of record, Littler Mendelson, P.C., hereby requests that Plaintiff John Rossi ("Plaintiff" or "Rossi") serve Defendant's counsel with written answers to each of the following Interrogatories within the time required by Rule 33(b), along with a sworn "Verification" attesting to the truthfulness and accuracy of the answers therein.

In responding to this First Set of Interrogatories, the following definitions and instructions shall apply:

## DEFINITIONS AND INSTRUCTIONS

The Definitions set forth in Rule 26.3 of the Local Rules of the United States District Court for the Eastern District of New York are hereby incorporated by reference as if fully set forth herein:

1.     As used herein, "Complaint" shall mean the Amended Complaint, filed on July 28, 2017 in *Adkins, et al, v. Garda CL Atlantic, Inc.*, No. 16-CV-00641 (JMA) (AKT), currently pending in the United States District Court for the Eastern District of New York.

2.     As used herein, "Plaintiff," "you," and "your" shall refer to John Rossi and shall include his current and former agents, representatives and attorneys, and all other persons acting or purporting to act on his behalf.

3.     As used herein, "Defendant" shall refer to Garda CL Atlantic, Inc. ("Garda" or "the Company") the Defendant in the above-captioned case, as well as any executive, officer, agent, representative, subsidiary, or organizational unit thereof acting on Defendant's behalf.

4.     "Person" or "persons" shall mean individuals, corporations, proprietorships, partnerships, firms, associations, joint ventures, banks, any government or governmental bodies, commissions, boards, or agencies, and all other entities, and, if appropriate or indicated, divisions, subsidiaries, affiliates, or departments of corporations, and the principals, agents, servants, or employees of the aforesaid entities.

5.     "Concerning" shall mean relating to, relevant to, referring to, describing, evidencing or constituting.

6.     "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any record of any type or description, including, but not

2

limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations  – stored in any medium.

7.      In responding to these interrogatories, you are requested to furnish all information and documents known or available to you.

8.      Precede each answer with the interrogatory to which it is addressed.

9.      Each interrogatory requests that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory.   Where an interrogatory relates to more than one person or subject, it is to be answered as to each such person or subject separately.

10.     You are to furnish all information which is available to you as of the date of your answers to this first set of interrogatories.  If you are unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer each such document request to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

11.     If any information is claimed to be immune from discovery on the ground of some privilege or immunity, specify the author(s), date, recipient(s), and general subject matter of the information, together with the basis on which the privilege or immunity is asserted.

12.     If your answer to any interrogatory refers to or identifies a document which once existed, but which no longer exists, state the circumstances under which it was destroyed or ceased to exist, including:

(a)    the identity of each person who authorized the destruction or removal of

each such document;

(b)    the identity of each person who removed or destroyed each such document;

(c)    the substance and content of each such document; and

(d)    the date, location and the manner in which each such document was

removed or destroyed.

13.    If any interrogatory is answered by reference to a document or group of documents, with respect to each such answer, identify (as defined above) the specific document or documents containing the requested information; in the case of multi-page documents, the subject matter, dates and page numbers should be specified..

14.    Unless otherwise indicated, the time period covered by Defendant's First Set of Interrogatories to Plaintiff John Rossi is from March 24, 2011, through the date of the trial of this matter.

15.    Defendant's First Set of Interrogatories to Plaintiff John Rossi is to be regarded as continuing in nature, so as to require Plaintiff, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, to promptly supplement and/or amend any answers provided in response to these Interrogatories with any and all information that becomes known or available to Plaintiff or Plaintiff's attorneys, agents or other representatives after the date of Plaintiff's response hereto.

4

## INTERROGATORIES

1.      Identify each and every person whom you believe may have knowledge of any facts on which you base your allegations in Paragraphs "37," – "38," of the Complaint, stating, as to each such person, the facts about which you believe he/she may have knowledge.

2.      Identify each and every oral, written or recorded statement, declarations, or affidavits you have obtained from any person or source concerning any of the allegations in Paragraphs "37," – "38," of the Complaint, stating the name and address of the person who gave the statement, the date the statement was made, where the statement was made, the person the statement was made to, the date you obtained the statement and the substance of the statement.

3.      Identify each and every current or former employee, agent or representative of Defendant with whom you have spoken or otherwise communicated regarding the allegations in Paragraphs "37," – "38," of the Complaint, and, for each such person identified, describe in detail the extent or nature of the conversation(s), state the date(s) of the conversation(s), the persons involved in the conversation(s) and state whether you have any documents, notes or other writings or recordings that refer or relate to the conversation(s).

4.      Identify all addresses at which Plaintiff has lived from March 24, 2011 through the date of trial in this action.

5.      Identify the dates on which Plaintiff resided at each of the addresses disclosed in response to Interrogatory No. 4.

6.      State the name and business address of all entities that employed Plaintiff from March 24, 2011 through the date of trial in this action.

7.      Identify the dates during which Plaintiff worked for each of the employers disclosed in response to Interrogatory No. 6.

5

8.     Provide the name and address for all employees of Defendant with whom Plaintiff discussed moving to Florida, from March 24, 2011 through the date of trial in this action.

9.     Identify all household utility accounts held in Plaintiff's name (regardless of additional account holders), from March 24, 2011 through the date of trial in this action.

10.     Provide all mailing addresses, including any Postal Office box ("P.O. box"), at which Plaintiff has received his mail from March 24, 2011 through the date of trial in this action, and state the dates on which Plaintiff used each mailing address for purposes of receiving his mail.

11.     Provide the address of the bank that holds Plaintiff's primary bank account(s).

12.     Provide the addresses of all health care providers from which Plaintiff has sought consultation and/or service from March 24, 2011 through the date of trial in this action, and state the dates on which Plaintiff sought said consultation and/or services from each entity.

13.     State the address of Plaintiff's spouse or domestic partner(s), if any, from March 24, 2011 through the date of trial in this action.

14.     State the address of all accountants and attorneys hired by Plaintiff, from March 24, 2011 through the date of trial in this action, and state the dates on which Plaintiff hired them.

15.     State whether Plaintiff was responsible for the primary care of any minor children or incapacitated adults, from March 24, 2011 through the date of trial in this action, and if applicable, the address at which Plaintiff provided said care.

16.     State whether Plaintiff has entered into any leases to rent real property from or to another individual or entity, from March 24, 2011 through the date of trial in this action, and if applicable, the address of said property and the dates of said leases.

17.     Identify each and every social media account that you created, accessed, used and/or maintained from March 24, 2011, to the present that may contain information concerning

the State(s) in which you resided from March 24, 2011 through the date of trial in this action, including the identities of each username(s) that you used to activate your social media accounts or the username that you were known by when engaging in social media activities.

18.     Identify all efforts you have made to find employment, work, or earnings of any sort, whether as an employee (full-time, part-time, temporary, contract or otherwise), independent contractor, through self-employment or otherwise, at any time from September 16, 2012, until the time trial by stating the following:

      a.   the name, address, and telephone number of each employer or person to whom you have submitted an application or resume or to whom you have inquired (orally or in writing) regarding employment opportunities;

      b.   the date of each application or inquiry identified in (a) above;

      c.   a description or the title of the position applied for and offered pay, commission, bonus, benefits and work schedule (if known);

      d.   whether you were interviewed for any position and, if so, the date of each interview and the identity of each individual who interviewed you; and

      e.   whether you were offered or accepted any of the positions sought.

19.     Identify each and every non-privileged document not previously identified that supports the allegations in Paragraph "37," of the Complaint.

20.     Identify any and all non-privileged oral communications not previously identified that support the allegations in Paragraph "37," of the Complaint.

21.     Identify any and all documents reflecting that Plaintiff informed Defendant that he maintained a residence outside of the State of New York from March 24, 2011 through the date of trial in this action.

7

22.     Identify any and all documents regarding the allegations contained in your February

3, 2020 Declaration which you filed in this action.


Date:   July 14, 2020
        Melville, New York

                                        /s/ *Lisa M. Griffith*
                                        _____
                                        Lisa M. Griffith, Esq.
                                        LITTLER MENDELSON, P.C.
                                        290 Broadhollow Road, Suite 305
                                        Melville, NY 11747
                                        631.247.4709
                                        lgriffith@littler.com

                                        *Attorneys for Defendant*