UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY L. ADKINS, KEREM BAY, LANA BONGIOVI, CLEMENT CAMPBELL, ANGELO CARPOLA, ALEXANDER CIOFFI, PATRICK H. CRAIN, DAVID CRONK, NANCY F. DEBE, DENNIS DELUCI, CHARLES J. ENGEL, MATTHEW FARRELL, BENNY FAILLA, ROBERT J. GIANI, JOHN R. LACKENBAUER, JEAN-PARNELL LOUIS, WILLIAM J. MAHER, MICHAEL G. MCDOWELL, JOHN ROSSI, WILLIAM R. SHANNON, FRED H. SMITH, GARY E. SOBEK, DAMIAN SOBERS, CARMELA SZYMANSKI, ANTHONY TANZA and CYNTHIA TORRES, | Case No. 16-cv-00641 *D'Aguino v. Garda Cl Atlantic., Inc.* |
| Plaintiffs, | |
| -against- | |
| GARDA CL ATLANTIC, INC., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE AND REMAND**

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com
*Attorneys for Plaintiffs*

## PROCEDURAL HISTORY

Plaintiffs are former employees of the Defendant Garda CL Atlantic, Inc. ("Garda") who worked at a facility in Central Islip, New York. Garda closed the Central Islip facility on February 2, 2015.[1] After Garda closed the Central Islip facility, it offered one of the Plaintiffs, John Rossi, relocation to a branch of his choosing.[2] He requested and was granted a transfer to Garda's facility in West Palm Beach Florida.[3] He moved to Florida on February 27, 2015 with the intention of remaining there indefinitely, and continuously resided in Florida with the intention of remaining there indefinitely thereafter.[4]

The Plaintiffs filed suit in Supreme Court, Queens County on March 24, 2017, alleging violations of the overtime and timely pay provisions of the New York Labor Law (NYLL) in an action titled *Adkins, et al. v. Garda CL Atlantic, Inc.,* Index No. 3124/2017. *See* Complaint, ECF No. 1-1. The Complaint did not allege the citizenship of the Plaintiffs, nor did the Complaint even allege the residences of the Plaintiffs at the time the complaint was filed. The complaint alleged only that the "plaintiffs *were* [] residing in Suffolk County, New York" at the time of the alleged NYLL violations. *See* Complaint, ¶ 1 (emphasis supplied).[5]

On April 27, 2017, Garda filed a notice of removal to the United States District Court for the Eastern District of New York. *See* Notice of Removal, *Adkins v. Garda,* 17-cv-2532, ECF No. 1.[6] Garda's notice of removal changed the past tense ("Plaintiffs *were* [] residing in Suffolk County") to the present tense (stating that "[a]s Plaintiffs allege in the Complaint, they *are* residents of Suffolk County, New York."). The notice of removal did not contain specific facts about the

---

[1] Rossi Decl. ¶ 2.
[2] Rossi Decl. ¶ 6.
[3] Rossi Decl. ¶¶ 7-8.
[4] Rossi Decl. ¶¶ 9-11.
[5] A copy of the state complaint is annexed to the Moser Declaration as Exhibit 1.
[6] A copy of the notice of removal is annexed to the Moser Declaration as Exhibit 2.

2

citizenship of each Plaintiff. The notice of removal asserted that Garda was a citizen of both Florida and Delaware. At the time the notice of removal was filed, at least one Plaintiff, John Rossi, was also a citizen of Florida.[7]

After removal, the *Adkins* case was consolidated with the case of *D'Aguino v. Garda,* 16-cv-00641. Then Garda invoked the federal pleading standard to the state claims and requested a pre-motion conference regarding its anticipated motion to dismiss for failure to state a cause of action. *See Adkins v. Garda,* 17-cv-2532, ECF No. 10. On August 16, 2018, following the filing of an amended complaint (*D'Aguino v. Garda*, ECF No. 33) the Court dismissed the overtime claims of plaintiffs Bay, Cioffi, Caropola, Crain, Cronk, Engel, Farrell, Failla, Giani, Lackenbauer, Maher, McDowell, Rossi, Shannon, Sobek, Sobers, Szymanski, Tanza, Bongiovi, Campbell, Smith, Torres and Delucie with prejudice and dismissed the NYLL frequency of pay claims of all Plaintiffs with prejudice.[8]

On January 28, 2020, contemporaneously with the substitution of counsel, Plaintiffs filed a letter motion to vacate and remand the case for lack of jurisdiction. *See D'Aguino v. Garda,* ECF No. 85. On February 14, 2020, Plaintiffs filed a declaration of John Rossi showing that he was a citizen of Florida at the time of commencement and removal of *Adkins v. Garda,* 17-cv-02532.

The parties thereafter engaged in jurisdictional discovery as ordered by the Court. Defendant did not furnish a single document to substantiate its claims of diversity of citizenship.[9] Moreover, it refused to provide John Rossi's employee file, W-2s, W-4s or any other documents which would

---

[7] Rossi Decl. ¶¶ 9-11.
[8] A copy of the Court's Order dated August 16, 2018 is annexed to the Moser Declaration as Exhibit 3.
[9] *See* Defendant Garda CL Atlantic Inc.'s Objections and Responses to Plaintiffs' Jurisdictional Requests for Production, annexed to the Moser Declaration as Exhibit 4.

3

have shown his address after January 1, 2015.[10] Garda also conceded that the only document on which it had relied in drafting the notice of removal (which states that "[a]s Plaintiffs allege in the Complaint, they *are* residents of Suffolk County, New York") was the state complaint, (which states that "plaintiffs *were* [] residing in Suffolk County, New York").[11] When Plaintiffs asked Garda to state the principal reason why it claimed that Mr. Rossi was a resident or domicile of New York when the state action was commenced, it referred Plaintiffs to the state complaint.[12]

Plaintiffs now move to vacate the Court's order dated August 16, 2018 and to remand the case to Supreme Court, Queens County, from which court this matter was removed.

## ARGUMENT

### I. COMPLETE DIVERSITY IS LACKING

With respect to diversity jurisdiction, "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388, 141 L. Ed. 2d 364, 118 S. Ct. 2047 (1998). "[W]hile the amount-in-controversy requirement is somewhat malleable, complete diversity of all parties is an absolute, bright-line prerequisite to federal subject matter jurisdiction." *Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co.,* 772 F.3d 111, 119 (2d Cir. 2014). Here, because both Garda and Mr. Rossi were citizens of Florida[13], diversity jurisdiction did not exist.

---

[10] *See* Defendant Garda CL Atlantic Inc.'s Objections and Responses to Plaintiffs' Jurisdictional Requests for Production, annexed to the Moser Declaration as Exhibit 4.

[11] *See* Defendant Garda CL Atlantic Inc.'s Objections and Responses to Plaintiffs' Jurisdictional Interrogatories, annexed to the Moser Declaration as Exhibit 5 (Rog. No. 5).

[12] *See* Defendant Garda CL Atlantic Inc.'s Objections and Responses to Plaintiffs' Jurisdictional Interrogatories, annexed to the Moser Declaration as Exhibit 5 (Rog. No. 7).

[13] For purposes of diversity jurisdiction, a corporation has dual citizenship -- it is a citizen of the state of its incorporation *and* the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 654 (2d Cir. 1979).

4

## II. DEFENDANT'S NOTICE OF REMOVAL IS DEFECTIVE

### A. Defendant Failed to Plausibly Allege sufficient facts to establish the Citizenship of the Plaintiffs in the Notice of Removal.

As previously noted, Garda's notice of removal states that the Plaintiffs are residents of the county of Suffolk. However citizenship, not residence, is the proper inquiry. The Second Circuit has found that "[t]he failure to allege [] citizenship in a particular state is fatal to diversity jurisdiction." *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.,* 224 F.3d 139, 141 (2d Cir. 2000); *see Wilkins v. Stapleton*, No. 6:17-cv-1342-Orl-37GJK, 2017 U.S. Dist. LEXIS 121005, at *2 (M.D. Fla. Aug. 1, 2017) (warning counsel, "DO NOT allege the "residence" of a party— citizenship is what counts") (emphasis in original).

### B. Defendant failed to Investigate the Citizenship of the Plaintiffs before filing the Notice of Removal

The removal statute (28 USCS § 1446) requires the notice of removal to be signed by at least one attorney, in accordance with Fed. R. Civ. P. 11, "thus mandating that at least one attorney for removing defendant or defendants be accountable to court by representing, as provided in Rule 11, that removal is warranted by law and is not pursued for improper purpose and that facts alleged are justified or supported as required by Fed. R. Civ. P. 11(b)." *Mayo v. Bd. of Educ.*, 713 F.3d 735, 195 L.R.R.M. (BNA) 2521, 11-1816, 11-1816, 11-1816, No. 11-2037, 2013 U.S. App. LEXIS 7321 (4th Cir. Apr. 11, 2013), *cert. denied*, 571 U.S. 1126, 134 S. Ct. 901, 187 L. Ed. 2d 777, 198 L.R.R.M. (BNA) 2128, 2014 U.S. LEXIS 356 (2014).

Here, Garda informed the Court that "[a]s Plaintiffs allege in the Complaint, they are residents of Suffolk County, New York." However, this is not an accurate statement. Plaintiffs had only stated that they were residents at the time of the NYLL violations. There was no other factual basis for alleging the citizenship of the Plaintiffs. Moreover, Garda knew that it had transferred Mr. Rossi to Florida in 2015, but statements regarding his citizenship were not investigated. Indeed,

5

the Defendant conceded that it *needed* jurisdictional discovery regarding Mr. Rossi's cititzenship at a conference with the Court on June 30, 2020. *See* ECF No. 111. In other words, Garda needed discovery to determine whether the representation made to the Court regarding Mr. Rossi's citizenship more than 3 years earlier was correct. However, Garda was under an obligation to investigate before making representations, not after.

### III. THE ORDER DISMISSING THE STATE CLAIMS SHOULD BE VACATED

> A judgment rendered by a court that lacks subject matter jurisdiction is void. *See* Fed.R.Civ.P. 60(b)(4); *see also Berardi by Berardi v. Dah Yang Indus. Co.*, No. 90 Civ. 0969 (JSM), 1994 U.S. Dist. LEXIS 18776, 1995 WL 5862, at *1 (S.D.N.Y. Dec. 29, 1994); *Jaffe & Asher v. Van Brunt, 15*8 F.R.D. 278, 279 (S.D.N.Y. 1994). Once a judgment is found void the Court must vacate it, there is no discretion. *See Berardi by Berardi*, 1994 U.S. Dist. LEXIS 18776 (1994). In addition, a motion to vacate a judgment for lack of jurisdiction may be brought at any time after final judgment. *See McLearn v. Cowen & Co., 66*0 F.2d 845, 848 (2d Cir. 1981).

*United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.,* 907 F. Supp. 663, 668 (S.D.N.Y. 1995)(vacating judgment for lack of jurisdiction due to lack of complete diversity).

### IV. THE CASE SHOULD BE REMANDED

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski,* 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 00-CV-1898, MDL 1358 (SAS), M 21-88, 2006 U.S. Dist. LEXIS 20575, 2006 WL 1004725, at *2 (S.D.N.Y. April 17, 2006) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quotation omitted)). Further, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal

6

courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)); *accord Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 367 (S.D.N.Y. 2006).

Section 1447(c) provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As such, "any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir.1983)).

## CONCLUSION

Plaintiffs respectfully request that the Court vacate the order dated August 16, 2018 in its entirety and remand the case to Supreme Court, Queens County, for further proceedings.

Dated:  Huntington, New York
        June 15, 2023

                              Respectfully submitted,

                              Steven J. Moser

7