UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JIMMY L. ADKINS, KEREM BAY,
LANA BONGIOVI, CLEMENT CAMPBELL,
ANGELO CARPOLA, ALEXANDER CIOFFI,
PATRICK H. CRAIN, DAVID CRONK,
NANCY F. DEBE, DENNIS DELUCIE,
CHARLES J. ENGEL, MATTHEW FARRELL,
BENNY FAILLA, ROBERT J. GIANI,
JOHN R. LACKENBAUER, JEAN-PARNELL
LOUIS, WILLIAM J. MAHER, MICHAEL G.
MCDOWELL, JOHN ROSSI, WILLIAM R.
SHANNON, FRED H. SMITH, GARY E.
SOBEK, DAMIAN SOBERS, CARMELA
SZYMANSKI, ANTHONY TANZA, and
CYNTHIA TORRES,

          Plaintiffs,

   -against-

GARDA CL ATLANTIC, INC.,

          Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
16-CV-00641(JMA)(AKT)

**APPEARANCES:**

    Ann Ball
    357 Veterans Memorial Highway
    Commack, New York 11725
        *Attorney for Plaintiffs*

    Lisa M. Griffith
    Sanjay V. Nair
    Daniel Gomez-Sanchez
    Littler Mendelson
    290 Broadhollow Road, Suite 305
    Melville, New York 11747
        *Attorneys for Defendant*

**AZRACK, United States District Judge:**

        Plaintiffs, former employees of defendant Garda CL Atlantic, Inc. ("Garda" or

"defendant"), a cash logistics company that handles and transports currency and other valuables

1

for financial institutions and retailers, filed this action against Garda alleging overtime and frequency of pay violations under the New York Labor Law ("NYLL") §§ 191, 650 and N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2. Defendant has moved to dismiss plaintiffs' first amended complaint. For the reasons stated herein, defendant's motion is GRANTED in part and DENIED in part. Plaintiffs' request for leave to amend their complaint is DENIED.

## I. BACKGROUND

### A. Procedural Background

On March 24, 2017, plaintiffs filed their original complaint in the Supreme Court of the State of New York, Queens County. On April 27, 2017, defendant removed the action to this Court. (See Adkins, et. al. v. Garda CL Atlantic, Inc., No. 17-CV-2532, ECF No. 1.) On May 17, 2017, pursuant to this Court's order, the instant action, originally filed under civil docket number 17-CV-2532, was consolidated with D'Aguino, et. al. v. Garda CL Atlantic, Inc., No. 16-CV-00641, and was marked as administratively closed. On June 27, 2017, defendant submitted a letter to the Court seeking a pre-motion conference, or in the alternative, leave to file a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 31.) On June 30, 2017, plaintiffs opposed this request and asked for leave to amend their complaint. (ECF No. 32.) On July 12, 2017, the Court denied defendant's request for a pre-motion conference and granted plaintiffs' request to file an amended complaint, which plaintiffs filed on July 28, 2017. (See Plaintiffs' Amended Complaint ("Compl."), ECF No. 33.) On August 11, 2017, defendant filed another letter with the Court requesting a pre-motion conference, or leave to file a motion to dismiss the amended complaint. (ECF No. 34.) On August 14, 2017, plaintiffs opposed this request. (ECF No. 35.) The Court held a pre-motion conference on September 27, 2017, at which a briefing schedule was

set, and defendant filed the fully briefed motion to dismiss on November 29, 2017. (ECF Nos. 43-47.)

**B. Factual Background**

The Court will briefly review the allegations in plaintiffs' amended complaint. Plaintiffs allege that they are proceeding as a collective action, pursuant to 29 U.S.C. § 216(b). (Compl. ¶ 53.) However, the Court notes that plaintiffs have characterized their claims as claims under the NYLL, and not under any section of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

Plaintiffs were employees at defendant's Central Islip facility until it closed on or about April 23, 2015. (Id. ¶ 66.) Plaintiffs Jimmy L. Adkins, Kerem Bay, Alexander Cioffi, Angelo Caropola, Patrick Crain, David Cronk, Charles Engel, Matthew Farrell, Benny Failla, Robert Giani, John Lackenbaier, William Maher, Michael McDowell, John Rossi, William Shannon, Gary Sobek, Damian Sobers, Carmela Szymanski, Anthony Tanza were employed as driver/messengers (the "Driver/Messenger Plaintiffs"). Plaintiffs Lana Bongiovi and Clement Campbell were employed as vault clerks (the "Vault Clerk Plaintiffs") (Id. ¶ 73.) Plaintiffs Nancy Debe, Fred Smith and Cynthia Torres were employed as ATM technicians (the "ATM Technician Plaintiffs"). (Id. ¶ 74.) Plaintiff Jean-Parnell Louis was employed as a premises guard. (Id. ¶ 79.) The amended complaint alleges no employment information as to plaintiff Dennis Delucie.

Plaintiffs generally allege that defendant violated the NYLL by effectuating a policy under which employees were only paid overtime for hours worked in excess of 50 hours per week. Hours worked over 40 but under 50 were paid at the employees' regular rate, rather than the employees' time and a half rate (the "Overtime Over Fifty Policy"). (Compl. ¶ 67.) Plaintiffs allege that all

3

plaintiffs were subject to the Overtime Over Fifty Policy and that they worked in excess of 40 hours per week each week.  (Id. ¶¶ 68, 72, 73, 76, 79.)

The amended complaint contains only these generalized allegations concerning defendant's violations as to all but three plaintiffs – Adkins, Debe and Louis, whose unpaid overtime claims are used as representative "examples" of defendant's effectuation of the Overtime Over Fifty Policy.  (Id. ¶¶ 70, 76, 79.)  As to Adkins, plaintiffs allege that "from August 24, 2014 through September 6, 2014, he worked a total of 108.33 hours over the two-week period" and "was paid 50 hours each week at his regular rate of pay, and the overtime rate for the balance." (Id. ¶ 69.)  Plaintiffs also allege that Debe, "from October 5, 2014 through October 18, 2014…worked 116 hours" and "was paid her regular rate for 100 hours and time and a half for 16 hours." (Id. ¶ 76)  Lastly, plaintiffs allege that Louis' "normal working hours were between 8:00 p.m. through 6:00 a.m." and that "at times his workday extended to 7:30 a.m." (Id. ¶ 79.)  They further allege that "from November 2, 2014 through November 15, 2014 [Louis] worked a total of 115.83 hours" and was "paid straight time for 20 hours and time and a half for 5.83 hours."  (Id.)

Plaintiffs additionally allege frequency of pay violations under NYLL § 191 as to the Driver/Messenger Plaintiffs and the ATM Technician Plaintiffs.  Plaintiffs generally allege that the Driver/Messenger Plaintiffs and the ATM Technician Plaintiffs "spent at least twenty five percent of their time performing physical labor, were manual workers as defined by NYLL § 191" and "were paid on a bi-weekly basis."  (Compl. ¶¶ 70-71, 77-78.)  Plaintiffs specifically allege as to plaintiff Adkins that he "was paid on September 21, 2014 for work performed between August 24, 2014 and September 6, 2014."  (Id. ¶ 71.)  Plaintiffs similarly specifically allege as to plaintiff Debe that "[f]or the work Debe performed from October 5, 2014 through October 18, 2014 her pay date was October 24, 2014."  (Id. ¶ 78.)

4

In its motion to dismiss, defendant argues that plaintiffs have failed to allege sufficient facts to raise a plausible inference of an NYLL overtime violation as to the majority of the plaintiffs, and that plaintiffs have no recourse via a private right of civil action for any untimely payment of wages under NYLL § 191. (See Def.'s Mem. in Supp. of its Mot. to Dismiss ("Def.'s Mem.")).

## II. DISCUSSION

### A. Standard of Review

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

### B. Overtime Claims

The pleading requirements for claims of violations of the FLSA addressed below apply equally to overtime claims under the NYLL. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, at 89, 89 n. 5 (2d Cir. 2013).

In order to state a plausible overtime claim under the NYLL or the FLSA, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d

Cir. 2013). "Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). A plaintiff is not necessarily required to provide an approximation of overtime hours; however, such "an approximation 'may help draw a plaintiff's claim closer to plausibility.'" Dejesus, 726 F.3d at 88 (quoting Lundy, 711 F.3d at 114 n. 7).

Although plaintiffs alleging overtime violations are not required "to keep careful records and plead their hours with mathematical precision," the Second Circuit has recognized that "it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place." Id. at 90. Accordingly, plaintiffs are required to "draw on those resources in providing complaints with sufficiently developed factual allegations." Id. (holding that bare-bones pleadings alleging that in "some or all weeks" plaintiff worked more than "forty hours" a week without being paid overtime compensation was insufficient).

1. **Plaintiffs Adkins, Debe and Louis**

Plaintiffs Adkins, Debe, and Louis all set forth plausible claims for unpaid overtime under the NYLL. All three plaintiffs allege specific two-week periods in which they were not fully compensated for overtime work. Further, all three plaintiffs plead the number of hours they worked during these two-week periods, what they were paid, and what hours were undercompensated. As explained earlier, the approximation of overtime hours, though not a requirement, "may help draw a plaintiff's claim closer to plausibility." Dejesus, 726 F.3d at 88 (quoting Lundy, 711 F.3d at 114 n. 7). Defendant points out that plaintiffs' allegations that Louis worked a total of 115.83 hours and was paid straight time for 20 hours and time and a half for 5.83 hours are "incongruous" because they "do not comport with the claim that he was paid straight

6

time for the first 50 hours and the overtime premium for all hours over 50." (Def.'s Mem. at 10 n. 3.) However, drawing all reasonable inferences in favor of plaintiffs, the allegations concerning Louis' demonstrate a plausible claim. Louis claims he was only paid for 25.83 total hours for 115.83 hours of work. Under the NYLL, Louis should have been paid 80 hours at his regular rate and 35.83 hours at time and a half. Louis alleges he was only paid an overtime rate for 5.83 hours, 30 hours less than what is legally required.

For the reasons stated above, plaintiffs Adkins, Debe and Louis have pled plausible claims for unpaid overtime under the NYLL, and defendant's motion to dismiss these three plaintiffs' overtime claims is DENIED.

2. **The Other 23 Plaintiffs**

The Court agrees with defendant that the remaining 23 plaintiffs (the "23 Plaintiffs") have failed to allege plausible claims for unpaid overtime under the NYLL. The 23 Plaintiffs have not identified a work schedule or hours regularly worked and have only alleged that they "worked in excess of 40 hours per week each week." (See Compl. ¶¶ 72, 73, 76.) The 23 Plaintiffs also fail to specify any particular week in which they were not paid overtime, or any other facts detailing the circumstances of an alleged overtime violation that would render their claims plausible. Plaintiff Delucie does not even allege a job title or dates of employment. Plaintiffs have done no more than repeat the language of the statute. See Dejesus, 726 F.3d at 89 (finding plaintiff's allegation that "in some or all weeks she worked more than forty hours a week without being paid 1.5 times her rate of compensation" was "no more than rephrasing the FLSA's formulation").

Conclusory claims that plaintiffs were not paid for overtime work over 40 hours do not provide enough specificity to "nudge" the allegations over the line from conceivable to plausible. See id at 90; see also Lundy, 711 F.3d at 114-115 (finding plaintiff's allegation insufficient in part

7

because she did not allege "that she was denied overtime pay in any such particular week."); Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F.3d 192, 201 (2d Cir. 2013) ("plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.").

For the reasons discussed above, the claims for unpaid overtime under the NYLL of plaintiffs Bay, Cioffi, Caropola, Crain, Cronk, Engel, Farrell, Failla, Giani, Lackenbaier, Maher, McDowell, Rossi, Shannon, Sobek, Sobers, Szymanski, Tanza, Bongiovi, Campbell, Smith, Torres, and Delucie are hereby DISMISSED with prejudice.

**B. Frequency of Pay Claims**

With the exceptions of plaintiffs Bongiovi, Campbell, and Louis, plaintiffs allege that defendant failed to pay all plaintiffs on a weekly basis as required by NYLL § 191. (See Compl. ¶¶ 70-71, 77-78, 86.) However, plaintiffs have expressed that they do not oppose defendant's motion to dismiss plaintiffs' frequency of pay claims under the NYLL. (See Pls.' Mem. In Opp. to Def.'s Mot. to Dismiss  (Pls.' Opp. at 2.)  These claims are therefore DISMISSED with prejudice.

**C. Leave to Amend**

Plaintiffs request leave to amend their complaint a second time. (Pls.' Opp. at 10-11.) For the reasons stated below, the Court denies plaintiffs' request for leave to amend.

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)).  Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing

party." McCarthy, 482 F.3d at 200 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Additionally, "[a] plaintiff need not be given leave to amend if it fails to specify [ ] to the district court . . . how amendment would cure the pleading deficiencies in its complaint." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505-06 (2d Cir. 2014); see, e.g., City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173,188 n. 71 (2d Cir. 2014) (denying leave to amend where "plaintiffs have identified no additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend").

Plaintiffs state that since the preparation of the first amended complaint, plaintiffs' attorney has received additional overtime documentation. (Pls.' Opp. at 2-3.) Plaintiffs also assert that "any alleged defects in the complaint are curable after payroll records that are, or should be, in Defendant's possession are exchanged in discovery." (Id. at 3.) They additionally argue that leave to amend should be granted because "this would only be the second amended federal court complaint, there is no undue prejudice to Defendant and the amendment will not be futile." (Id. at 10-11.)

Plaintiffs were on notice of the patent deficiencies in their initial complaint and failed to cure them in their first amended complaint. Defendant's pre-motion conference letter seeking to dismiss the initial complaint raised the same arguments and case law as its instant motion to dismiss the amended complaint. (See ECF No. 31.) In their initial pre-motion letter, defendant argued that plaintiffs failed to plead plausible overtime violation claims as to all plaintiffs and failed "to allege any estimate of hours worked in any or all weeks, or provide any factual context, or content to support their conclusory allegations." (See ECF No. 31. at 2.) This Court granted plaintiffs' request to amend their complaint in light of defendant's pre-motion letter. (See ECF No. 32.)

9

Now, not only have plaintiffs failed to cure the deficiencies in their first amended complaint as to the 23 Plaintiffs, after being given the opportunity to do so by this Court, but they have also failed to explain how being granted leave to amend a second time would cure these deficiencies. Although plaintiffs' counsel states she received additional overtime documentation, she does not indicate what additional allegations she would add to the amended complaint that would cure its deficiencies. If anything, plaintiffs' counsel appears to maintain that only additional discovery in the form of "production of payroll records Defendant maintains would supply enough information for a fully detailed amended complaint." (Pls.' Opp. at 3.) Plaintiffs' opposition therefore indicates that the deficiencies in their amended complaint will not in fact be cured if leave to amend is granted. See TechnoMarine SA, 758 F.3d at 506. This Court cannot ignore plaintiffs' pleading defects just because they potentially could be cured in discovery.

For the reasons stated above, plaintiffs' request for leave to amend their complaint for a second time is DENIED.

### IV. CONCLUSION

For the reasons stated above, defendant's motion to dismiss the NYLL overtime claims of plaintiffs Bay, Cioffi, Caropola, Crain, Cronk, Engel, Farrell, Failla, Giani, Lackenbaier, Maher, McDowell, Rossi, Shannon, Sobek, Sobers, Szymanski, Tanza, Bongiovi, Campbell, Smith, Torres and Delucie is GRANTED, and these plaintiffs' claims are dismissed with prejudice. Defendant's motion to dismiss the NYLL frequency of pay claims of plaintiffs Bay, Cioffi, Caropola, Crain, Cronk, Engel, Farrell, Failla, Giani, Lackenbaier, Maher, McDowell, Rossi, Shannon, Sobek, Sobers, Szymanski, Tanza, Smith, Torres, Delucie, Adkins and Debe is GRANTED and these claims are also dismissed with prejudice. Defendant's motion to dismiss

the NYLL overtime claims of plaintiffs Adkins, Debe, and Louis is DENIED. Plaintiffs' request for leave to amend the complaint is DENIED.

**SO ORDERED.**

Dated: August 16, 2018
Central Islip, New York

                                                  /s/ JMA
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE