UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY L. ADKINS, KEREM BAY, LANA BONGIOVI, CLEMENT CAMPBELL, ANGELO CARPOLA, ALEXANDER CIOFFI, PATRICK H. CRAIN, DAVID CRONK, NANCY F. DEBE, DENNIS DELUCI, CHARLES J. ENGEL, MATTHEW FARRELL, BENNY FAILLA, ROBERT J. GIANI, JOHN R. LACKENBAUER, JEAN-PARNELL LOUIS, WILLIAM J. MAHER, MICHAEL G. MCDOWELL, JOHN ROSSI, WILLIAM R. SHANNON, FRED H. SMITH, GARY E. SOBEK, DAMIAN SOBERS, CARMELA SZYMANSKI, ANTHONY TANZA and CYNTHIA TORRES,<br><br>       Plaintiffs,<br><br> -against-<br><br>GARDA CL ATLANTIC, INC.,<br><br>       Defendant. | Case No. 17-cv-02532 (JMA)(SIL) |

**DEFENDANT GARDA CL ATLANTIC, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' JURISDICTIONAL INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant GARDA CL ATLANTIC, INC. ("Garda") hereby objects and responds to Plaintiffs' Jurisdictional Interrogatories. Defendant's responses are based on the best information presently available and it reserves its right to amend or supplement its responses and objections to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

Subject to both the general and specific objections and the reservations and responses set forth below, information will be disclosed, to the extent that it exists. The production of any information or related documents shall not operate as an admission that either are relevant or

1

material to the subject matter of this action or as a waiver of any objection to admission into evidence.

## GENERAL OBJECTIONS

Defendant's responses to each individual Interrogatory are subject to the following general objections:

1. Defendant reserves the right at any time to revise, correct, add to, or clarify any of the responses set forth herein. The fact that Defendant has responded or objected to any Interrogatory, or part thereof, should not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or assumed by Plaintiffs' Jurisdictional Interrogatories, or that such response or objection constitutes admissible evidence. Furthermore, the fact that Defendant has answered part or all of any Interrogatory is not intended, and shall not be construed, to be a waiver by Defendant of all or any part of any objections to any such Interrogatory.

2. Defendant generally objects to these Interrogatories to the extent they seek information that is privileged, that was prepared in anticipation of litigation, that constitutes attorney work-product, or that is otherwise protected from disclosure by any other applicable privilege. Inadvertent identification or production of such information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive Defendant's rights to object to the use of any such information contained therein during any subsequent proceeding.

3. Defendant generally objects to these Interrogatories to the extent that they purport to impose obligations greater than, or inconsistent with, Rule 26 of the Federal Rules of Civil Procedure.

4. Defendant generally objects to these Interrogatories to the extent they seek information already in Plaintiffs' possession or which is otherwise available as public information

on the grounds that producing such information would be unduly burdensome and unnecessary.

5. Defendant generally objects to these Interrogatories insofar as they seek information beyond the temporal scope of discovery appropriate in this case, on the grounds that such Interrogatories are overly broad, unduly burdensome and seek information that is neither relevant to the limited issue of jurisdiction nor reasonably calculated to lead to the discovery of admissible evidence concerning the issue of jurisdiction. Unless indicated otherwise, Defendant's responses will be for the period of April 27, 2017 to present, i.e., the date the New York State Court Complaint was removed to the federal court.

6. Defendant generally objects to these Interrogatories to the extent that they are vague, ambiguous, not subject to reasoned interpretation, lacking sufficient particularity, and/or fail to put Defendant on reasonable notice of the documents, information or materials being requested.

7. Defendant generally objects to these Interrogatories to the extent that they seek documents, information or materials that are not relevant to the claims or defenses of any party and/or the subject matter of this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant generally objects to these Interrogatories to the extent that they are not reasonably limited in time and/or call for documents, information or materials outside the time frame of applicable periods of limitation.

9. Defendant objects to these Interrogatories to the extent that they attempt to impose obligations beyond those authorized by the Federal Rules of Civil Procedure and/or the Court's Order dated June 30, 2020, and are not limited to the specific issue of jurisdiction over Plaintiff John Rossi.

10.     Defendant objects to these Interrogatories to the extent that they seek confidential and/or personal information that concern individuals, including current and former employees of Defendant, who are not parties to this action and/or who did not participate in any employment decisions affecting Plaintiffs, the disclosure of which might violate the privacy and other legal rights of, or prejudice, those individuals.

Defendant's obligations to respond to Plaintiffs' Jurisdictional Interrogatories are defined by the objections and limitations contained herein.

## SPECIFIC ANSWERS AND OBJECTIONS TO PLAINTIFFS' JURISDICTIONAL INTERROGATORIES

Subject to the General Objections stated above, Defendant answers and objects to Plaintiffs' Jurisdictional Interrogatories as set forth below:

### INTERROGATORY NO. 1

Please state the full name and, if known, the address and telephone number of each individual likely to have information concerning the Plaintiffs' residence and/or domicile for the period from January 1, 2015 to May 1, 2017.

### RESPONSE TO INTERROGATORY NO. 1

Defendant specifically objects to this Interrogatory on the grounds that it is overbroad with regard to time and scope, seeks the identity and confidential information of individuals that do not possess relevant information regarding the limited issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from New York State Court to the Eastern District of New York on April 27, 2017 and seeks information already within Plaintiffs' possession. Defendant also specifically objects to this request on the grounds that the phrase "concerning the Plaintiffs' residence and/or domicile" is vague, ambiguous, not subject to reasoned interpretation,

4

lacking sufficient particularity, and/or fails to put Defendant on reasonable notice of the information being requested.

Subject to and without waiving the foregoing objections and construing this Interrogatory as seeking information regarding what state John Rossi was domiciled in or a resident of when Defendant removed this action from New York State Court to the Eastern District of New York on or about April 27, 2017, Defendants have no information responsive to this request.

**INTERROGATORY NO. 2**

Please identify all documents, electronically stored information, and tangible things that you have in your possession, custody, or control concerning the Plaintiff's residence and/or domicile for the period from January 1, 2015 to May 1, 2017.

**RESPONSE TO INTERROGATORY NO. 2**

Defendant specifically objects to this Interrogatory on the grounds that it is overbroad with regard to time and scope, seeks information that is not relevant to the limited issue of Plaintiff John Rossi's residence and/or domicile at the time the action was removed from New York State Court to the Eastern District of New York on April 27, 2017 and calls for the identification of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

Subject to and without waiving the foregoing objections and construing this Interrogatory as seeking information regarding what state John Rossi was domiciled in or a resident of when Defendant removed this action from New York State Court to the Eastern District of New York on or about April 27, 2017, Defendant refers Plaintiff to his New York State Court Complaint with the caption *Adkins, et al* v. *Garda Atlantic CL, Inc.*, bearing Index No. 3124/2017.

**INTERROGATORY NO. 3**

Please identify every person who has furnished information to you concerning the Plaintiffs' residence and/or domicile.

**RESPONSE TO INTERROGATORY NO. 3**

Defendant specifically objects to this Interrogatory on the grounds that it is overbroad with regard to time and scope, seeks information that may be protected by the attorney-client privilege and/or attorney work product doctrine, seeks the identity and confidential information of individuals that do not possess relevant information regarding the limited issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from New York State Court to the Eastern District of New York on April 27, 2017 and seeks information already within Plaintiffs' possession. Defendant also specifically objects to this request on the grounds that the phrase "concerning the Plaintiffs' residence and/or domicile" is vague, ambiguous, not subject to reasoned interpretation, lacking sufficient particularity, and/or fails to put Defendant on reasonable notice of the information being requested.

Subject to and without waiving the foregoing objections and construing this Interrogatory as seeking information regarding what state John Rossi was domiciled in or a resident of when Defendant removed this action from New York State Court to the Eastern District of New York on or about April 27, 2017, Defendant refers Plaintiff to his New York State Court complaint captioned *Adkins, et. al. v. Garda Atlantic CL, Inc.*, bearing Index No. 3124/2017.

**INTERROGATORY NO. 4**

Please state the full name and, if known, the address and telephone number of each individual who furnished information that was relied upon to make the allegations contained in the Notice of Removal dated April 27, 2017.

6

**RESPONSE TO INTERROGATORY NO. 4**

Defendant specifically objects to this Interrogatory on the grounds that it seeks information that may be protected by the attorney-client privilege and/or attorney work product doctrine, assumes facts not admitted or established and seeks information already within Plaintiffs' possession.

Subject to and without waiving the foregoing objections and construing this Interrogatory as seeking information regarding what state John Rossi was domiciled in or a resident of when Defendant removed this action from New York State Court to the Eastern District of New York on or about April 27, 2017, Defendant refers Plaintiff to his New York State Court complaint captioned *Adkins, et. al. v. Garda Atlantic CL, Inc.*, bearing Index No. 3124/2017.

.

**INTERROGATORY NO. 5**

Please identify all documents, electronically stored information, and tangible things relied upon by you in making the allegations contained in the notice of removal dated April 27, 2017.

**RESPONSE TO INTERROGATORY NO. 5**

Defendant specifically objects to this Interrogatory on the grounds that it is overbroad, the phrase "the allegations contained in the notice of removal dated April 27, 2017" is vague, ambiguous, not subject to reasoned interpretation, lacking sufficient particularity, and/or fails to put Defendant on reasonable notice of the information sought, not limited to the specific issue of Plaintiff John Rossi's residence and/or domicile, seeks the disclosure of information and documents protected by the attorney-client and/or work-product privileges, and  calls for the

7

identification of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

Subject to and without waiving the foregoing objections and construing this Interrogatory as seeking information regarding what state John Rossi was domiciled in or a resident of when Defendant removed this action from New York State Court to the Eastern District of New York on or about April 27, 2017, Defendant refers Plaintiff to his New York State Court complaint captioned *Adkins, et. al. v. Garda Atlantic CL, Inc.*, bearing Index No. 3124/2017.

**INTERROGATORY NO. 6**

State each location at which the Plaintiff John Rossi was employed by you, and the dates on which he was employed at each such location for the period from January 1, 2015 to the present.

**RESPONSE TO INTERROGATORY NO. 6**

Defendant specifically objects to this Interrogatory on the grounds that it is overbroad with regard to time and scope, seeks information that is not relevant to the limited issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from New York State Court to the Eastern District of New York on April 27, 2017 and seeks information already within Plaintiffs' possession.

**INTERROGATORY NO. 7**

State the principal reasons why you assert that the Plaintiff John Rossi was a resident and/or domicile of the State of New York on April 27, 2017.

**RESPONSE TO INTERROGATORY NO. 7**

Defendant specifically objects to this Interrogatory on the grounds that it assumes facts neither admitted nor established and seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to his New York State Court complaint captioned *Adkins, et. al. v. Garda Atlantic CL, Inc.*, bearing Index No. 3124/2017.

Dated: June 8, 2022
      Melville, New York

By:  /s/ *Lisa M. Griffith*
      Lisa M. Griffith
      LITTLER MENDELSON, P.C.
      290 Broadhollow Road, Suite 305
      Melville, New York 11747
      631.247.4709
      lgriffith@littler.com

      *Attorneys for Defendant*