UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY L. ADKINS, KEREM BAY, LANA BONGIOVI, CLEMENT CAMPBELL, ANGELO CARPOLA, ALEXANDER CIOFFI, PATRICK H. CRAIN, DAVID CRONK, NANCY F. DEBE, DENNIS DELUCI, CHARLES J. ENGEL, MATTHEW FARRELL, BENNY FAILLA, ROBERT J. GIANI, JOHN R. LACKENBAUER, JEAN-PARNELL LOUIS, WILLIAM J. MAHER, MICHAEL G. MCDOWELL, JOHN ROSSI, WILLIAM R. SHANNON, FRED H. SMITH, GARY E. SOBEK, DAMIAN SOBERS, CARMELA SZYMANSKI, ANTHONY TANZA and CYNTHIA TORRES,<br><br>                        Plaintiffs,<br><br>      -against-<br><br>GARDA CL ATLANTIC, INC.,<br><br>                      Defendant. | Case No. 16-CV-00641 (JMA) (AKT) |

## DEFENDANT GARDA CL ATLANTIC, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' JURISDICTIONAL REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant GARDA CL ATLANTIC, INC. ("Garda") hereby objects and responds to Plaintiffs' Jurisdictional Requests for the Production of Documents ("Document Requests").  Defendant's responses are based on the best information presently available and Defendant reserves its right to amend or supplement its responses and objections to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

Subject to both the general and specific objections and the reservations and responses set forth below, documents will be produced, to the extent they exist, in duplicate form.  The

1

production of any documents or information shall not operate as an admission that it is relevant or material to the subject matter of this action or as a waiver of any objection to its admission into evidence.

## **GENERAL OBJECTIONS**

Defendant's responses to each individual Document Request are subject to the following general objections:

1.     Defendant objects to these Document Requests to the extent that they are overbroad, unreasonable and unduly burdensome.

2.     Defendant objects to Plaintiffs' Document Requests to the extent that they are vague, ambiguous, not subject to reasoned interpretation, lacking sufficient particularity, and/or fail to put Defendant on reasonable notice of the documents, information or materials being requested.

3.     Defendant objects to Plaintiffs' Document Requests to the extent that they seek documents, information or materials that are not relevant to the claims or defenses of any party and/or the subject matter of this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

4.     Defendant objects to Plaintiffs' Document Requests to the extent that they are not reasonably limited in time and/or call for documents, information or materials outside the time frame of applicable periods of limitation.   Specifically, Defendant objects to Plaintiffs' characterization of the relevant time period as being February 6, 2010 to present.

5.     Defendant generally objects to Plaintiffs' Document Requests insofar as they seek information and documents beyond the temporal scope of discovery appropriate in this case, on the grounds that such requests are overly broad, unduly burdensome and seek information that is neither relevant to the limited issue of jurisdiction nor reasonably calculated to lead to the

discovery of admissible evidence concerning the issue of jurisdiction.  Unless indicated otherwise, Defendant's responses will be for the period of April 27, 2017 to present, i.e., the date the New York State Court Complaint was removed to the federal court.

6.     Defendant generally objects to Plaintiffs' Document Requests to the extent they seek documents that are privileged, were prepared in anticipation of litigation, constitute attorney work-product, or that are otherwise protected from disclosure by any other applicable privilege. Inadvertent identification or production of such information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive Defendant's rights to object to the use of any such information and/or documents contained therein during any subsequent proceeding.

7.     Defendant generally objects to Plaintiffs' Document Requests to the extent that they purport to impose obligations greater than, or inconsistent with, Rule 26 of the Federal Rules of Civil Procedure.

8.     Defendant generally objects to Plaintiffs' Document Requests to the extent they seek information already in Plaintiffs' possession or which is otherwise available as public information on the grounds that producing such information would be unduly burdensome and unnecessary.

9.     Defendant generally objects to Plaintiffs' Document Requests to the extent that they are vague, ambiguous, not subject to reasoned interpretation, lacking sufficient particularity, and/or fail to put Defendant on reasonable notice of the documents, information or materials being requested.

10.    Defendant generally objects to Plaintiffs' Document Requests to the extent that they seek documents, information or materials that are not relevant to the claims or defenses of any

party and/or the subject matter of this action, and/or not reasonably calculated to lead to the discovery of admissible evidence.

11.     Defendant generally objects to Plaintiffs' Document Requests to the extent that they are not reasonably limited in time and/or call for documents, information or materials outside the time frame of applicable periods of limitation.

12.     Defendant objects to Plaintiffs' Document Requests to the extent that they attempt to impose obligations beyond those authorized by the Federal Rules of Civil Procedure and/or the Court's Order dated June 30, 2020, and are not limited to the specific issue of jurisdiction over Plaintiff John Rossi.

13.     Defendant objects to Plaintiffs' Document Requests to the extent that they seek confidential and/or personal information that concern individuals, including current and former employees of Defendant, who are not parties to this action and/or who did not participate in any employment decisions affecting Plaintiffs, the disclosure of which might violate the privacy and other legal rights of, or prejudice, those individuals.

14.      Defendant objects to Plaintiffs' Document Requests to the extent that they seek to discover documents, information or materials that are protected from disclosure by the attorney-client privilege, work-product doctrine, self-critical analysis doctrine or any other privilege or immunity.  The inadvertent production of any privileged documents, information or materials shall not be deemed to be a waiver of any applicable privilege with respect to such documents, information or materials.

<u>**RESPONSES TO DOCUMENT REQUESTS**</u>

Without waiver of, and subject to the foregoing General Objections, Defendant provides

the following responses and/or objections to each of Plaintiffs' Document Requests:

<u>**DOCUMENT REQUEST NO. 1**</u>

John Rossi's entire employee file.

<u>**RESPONSE TO REQUEST NO. 1**</u>

Defendant specifically objects to this Request on the grounds that it is overbroad,

unreasonable and unduly burdensome, and seeks documents that are not relevant to the limited

issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from

New York State Court to the Eastern District of New York on April 27, 2017, because he ceased

employment with Defendant two years earlier, on or about April 25, 2015.  Defendant further

objects on the ground that the information sought is not proportional to the needs of the case.

<u>**DOCUMENT REQUEST NO. 2**</u>

W-2's issued to John Rossi by you for the years 2014 to the present.

<u>**RESPONSE TO REQUEST NO. 2**</u>

Defendant specifically objects to this Request on the grounds that it is overbroad,

unreasonable and unduly burdensome, and seeks documents that are not relevant to the limited

issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from

New York State Court to the Eastern District of New York on April 27, 2017, because he ceased

employment with Defendant two years earlier, on or about April 25, 2015.

**DOCUMENT REQUEST NO. 3**

Drivers' licenses in your possession for John Rossi issued on or after January 1, 2015.

**RESPONSE TO REQUEST NO. 3**

Defendant specifically objects to this Request on the grounds that it is overbroad, unreasonable and unduly burdensome, and seeks documents that are not relevant to the limited issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from New York State Court to the Eastern District of New York on April 27, 2017, because he ceased employment with Defendant two years earlier, on or about April 25, 2015.

**DOCUMENT REQUEST NO. 4**

Drivers abstracts obtained by you for John Rossi at any time from January 1, 2015 to the present.

**RESPONSE TO REQUEST NO. 4**

Defendant specifically objects to this Request on the grounds that it is overbroad, unreasonable and unduly burdensome, lacks proportionality and seeks documents that are not relevant to the limited issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from New York State Court to the Eastern District of New York on April 27, 2017, because he ceased employment with Defendant two years earlier, on or about April 25, 2015.

**DOCUMENT REQUEST NO. 5**

All form I-9s for John Rossi dating from January 1, 2015 to the present.

**RESPONSE TO REQUEST NO. 5**

6

Defendant specifically objects to this Request on the grounds that it is overbroad, unreasonable and unduly burdensome, and seeks documents that are not relevant to the limited issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from New York State Court to the Eastern District of New York on April 27, 2017, because he ceased employment with Defendant two years earlier, on or about April 25, 2015.

**DOCUMENT REQUEST NO. 6**

All form W-4s for John Rossi dating from January 1, 2015 to the present.

**RESPONSE TO REQUEST NO. 6**

Defendant specifically objects to this Request on the grounds that it is overbroad, unreasonable and unduly burdensome, and seeks documents that are not relevant to the limited issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from New York State Court to the Eastern District of New York on April 27, 2017, because he ceased employment with Defendant two years earlier, on or about April 25, 2015.

**DOCUMENT REQUEST NO. 7**

All forms completed or signed by John Rossi containing his address at any time from January 1, 2015 to the present.

**RESPONSE TO REQUEST NO. 7**

Defendant specifically objects to this Request on the grounds that it is overbroad, unreasonable and unduly burdensome, lacks proportionality, and seeks documents that are not relevant to the limited issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from New York State Court to the Eastern District of New York on April 27, 2017, because he ceased employment with Defendant two years earlier, on or about April 25,

2015.

### DOCUMENT REQUEST NO. 8

All documents containing John Rossi's address(es) for the period from January 1, 2015 to the present.

### RESPONSE TO REQUEST NO. 8

Defendant specifically objects to this Request on the grounds that it is overbroad, unreasonable and unduly burdensome, and seeks documents that are not relevant to the limited issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from New York State Court to the Eastern District of New York on April 27, 2017, because he ceased employment with Defendant two years earlier, on or about April 25, 2015.  Defendant further objects on the ground that the information sought is not proportional to the needs of the case.

### DOCUMENT REQUEST NO. 9

Wage statements/paystubs for John Rossi for the period from January 1, 2015.  [Statement of relevance:  These documents are relevant as they show, week by week, whether New York State taxes were being deducted from Mr. Rossi's paycheck, his address at the time the payments were made, and whether he was a resident of New York for tax purposes.]

### RESPONSE TO REQUEST NO. 9

Defendant specifically objects to this Request on the grounds that it is overbroad, unreasonable and unduly burdensome, and seeks documents that are not relevant to the limited issue of Plaintiff John Rossi's residence and/or domicile at the time this action was removed from New York State Court to the Eastern District of New York on April 27, 2017, because he ceased employment with Defendant two years earlier, on or about April 25, 2015.  Defendant further

objects on the ground that the information sought is not proportional to the needs of the case.

**DOCUMENT REQUEST NO. 10**

All documents relied upon by you in drafting the Notice of Removal dated April 27, 2017.

**RESPONSE TO REQUEST NO. 10**

Defendant specifically objects to this Request on the grounds that it is not limited to the specific issue of Plaintiff John Rossi's residence and/or domicile, seeks the production of documents protected by the attorney-client and/or work-product privileges, seeks documents already in Plaintiffs' possession.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to his New York State Court complaint captioned *Adkins, et al v. Garda CL Atlantic, Inc*., bearing Index No. 3124/2017.

Dated: June 8, 2022
     Melville, New York

By:   /s/ *Lisa M. Griffith*
       Lisa M. Griffith
       LITTLER MENDELSON, P.C.
       290 Broadhollow Road, Suite 305
       Melville, New York 11747
       631.247.4709
       lgriffith@littler.com

       *Attorneys for Defendant*