UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIMMY L. ADKINS, KEREM BAY, LANA BONGIOVI, CLEMENT CAMPBELL, ANGELO CARPOLA, ALEXANDER CIOFFI, PATRICK H. CRAIN, DAVID CRONK, NANCY F. DEBE, DENNIS DELUCIE, CHARLES J. ENGEL, MATTHEW FARRELL, BENNY FAILLA, ROBERT J. GIANI, JOHN R. LACKENBAUER, JEAN-PARNELL LOUIS, WILLIAM J. MAHER, MICHAEL G. MCDOWELL, JOHN ROSSI, WILLIAM R. SHANNON, FRED H. SMITH, GARY E. SOBEK, DAMIAN SOBERS, CARMELA SZYMANSKI, ANTHONY TANZA, and CYNTHIA TORRES, | Civil Action No. 17-cv-02532 (JMA)[1] |

                    Plaintiffs,

        -v-

GARDA CL ATLANTIC, INC.,

                    Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE AND REMAND**

LITTLER MENDELSON, P.C.

Lisa M. Griffith
Joseph A. Gusmano
290 Broadhollow Road, Suite 305
Melville, New York 11747
(631) 247-4700
lgriffith@littler.com
jgusmano@littler.com

*Attorneys for Defendant*

---

[1] Plaintiffs incorrectly captioned the Civil Action Number on their moving papers as 16-cv-00641. That Civil Action Number belongs to a related and dismissed case (*D'Aguino v. Garda*) which this case was consolidated with for filing purposes. The Civil Action Number assigned to this case is 17-cv-02532.

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY ................................................................................................ 1

ARGUMENT...................................................................................................................... 4

I.      The Court Lacks Authority to Remand to State Court Because It Entered
        Its Final Judgment in May 2020 ............................................................................ 5

II.     Even if this Court May Remand the Action to State Court, It Should Not ........... 7

        A.      Perceived Technical Issues with Defendant's Notice of Removal
                do not Require Remand ............................................................................. 7

        B.      Plaintiff Rossi Was Diverse from Defendant at the Time of
                Removal...................................................................................................... 8

        C.      If the Court Finds that Rossi Was not Diverse from Defendant, the
                Court Must Sever His Claims to Preserve Its Final Judgment ................. 9

CONCLUSION.................................................................................................................. 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Garda Cl Atlantic, Inc.*
   17-cv-02532 (JMA) (AKT), ECF Dkt. No. 1 .........................................................................8

*Adkins v. Garda Cl Atlantic, Inc.*
   17-cv-02532 (JMA) (AKT), ECF Dkt. No. 17 .......................................................................1

*Catlin v. United States,*
   324 U.S. 229 (1945)...............................................................................................................6

*Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp.,*
   288 F.R.D. 331 (S.D.N.Y. 2013) .........................................................................................10

*D'Aguino et al v. Garda Cl Atlantic, Inc.,*
   16-cv-00641 (JMA)(SIL)........................................................................................................1

*E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.,*
   241 F.3d 154 (2d Cir. 2001) ................................................................................................10

*Grant v. Global Aircraft Dispatch, Inc.,*
   No. 2021-03202, 2024 WL 172900 (2d Dep't Jan. 17, 2024)..............................................12

*Gutierrez v. Bactolac Pharmaceutical, Inc.*
   No. 609612/2019, 2019 N.Y. Misc. 20379..........................................................................12

*Jefftex Int'l Ltd. v. JPI Trading Corp.,*
   No. 07 CV 10460 (TPG), 2009 WL 750198 (S.D.N.Y. Mar. 20, 2009) .................................6

*In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation,*
   3:18-cv-05534-FLW-LHG, Dkt. No. 151 (D. N.J. Jan. 19, 2021) ....................................9, 11

*Leiner v. Everest Nat'l Ins. Co.,*
   No. 13-CV-5975 (DLI)(RLM), 2014 WL 116287 (E.D.N.Y. Jan. 10, 2014) ........................10

*McKie v. Kornegay,*
   No. 21-1943, 2022 WL 4241355 (2d Cir. Sept. 15, 2022)................................................7, 10

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,*
   723 F. 3d 192 (2d Cir. 2013) ...............................................................................................12

*Newman-Green, Inc. v. Alfonzo-Larrain*
   490 U.S. 826, 832 (1989)...................................................................................................9, 11

*Prince of Peace Enters., Inc. v. Top Quality Food Mkt., LLC*,
   No. 07-CV-0349 (LAP)(FM), 2012 WL 4471267 (S.D.N.Y. Sep. 21, 2012)...........................6

*Property Clerk, N.Y. City Police Dep't v. Fyfe*,
   197 F. Supp. 2d 39 (S.D.N.Y. 2002) ......................................................................................6

*State Nat'l Ins. Co. v. County of Camden*,
   824 F.3d 399 (3d Cir. 2016) ...................................................................................................6

*Tardd v. Brookhaven Nat'l Lab.*,
   No. 04-CV-3262 (ADS), 2007 WL 1423642 (E.D.N.Y. May 8, 2007) ...................................10

*United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square*,
   30 F.3d 298 (2d Cir. 1994) ....................................................................................................5

*United Republic Ins. Co., in Receivership v. Chase Manhattan Bank*,
   315 F.3d 168 (2d Cir. 2003) ............................................................................................9, 12

*Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*
   224 F.3d 139, 140 (2d Cir. 2000) ..........................................................................................8

*Wexler v. Allegion (UK) Ltd.*,
   No. 16-cv-2252, 2016 WL 6662267 (S.D.N.Y. Nov. 9, 2016) .................................................8

**Statutes**

28 U.S.C. § 1441...................................................................................................................11

28 U.S.C. § 1447.............................................................................................................4, 6, 7

**Rules and Regulations**

Fed. R. Civ. P. 12....................................................................................................................5

Fed. R. Civ. P. 12(b)(6) .........................................................................................................10

Fed. R. Civ. P. 12(h)(3) ...........................................................................................................6

Fed. R. Civ. P. 20(a) ..............................................................................................................10

Fed. R. Civ. P. 21...........................................................................................................*passim*

## PRELIMINARY STATEMENT

By his motion, Steven Moser, who purports to represent some or all of the Plaintiffs, seeks to revive the meritless New York Labor Law ("NYLL") claims of twenty-seven (27) individuals that were dismissed by this Court *with prejudice* in 2018 and 2020. To make matters worse, Mr. Moser makes this motion without identifying which Plaintiffs, if any, he continues to represent and have consented to the filing of this motion. This is particularly troubling, as Mr. Moser has demonstrated a pattern of acting without informing the Court or Defendant of which Plaintiffs he represents, and which Plaintiffs have consented to his actions.

Mr. Moser's motion must be denied. First, because this Court issued its final judgment by dismissing the last of the Plaintiffs' claims *with prejudice* on May 18, 2020, the Court lacks the authority to remand the case to state court. Moreover, even if this Court does have the power to remand the case after entering its final judgment, it should not. Rather, this Court should instead follow the directive of the Second Circuit and "salvage jurisdiction" by severing the alleged nondiverse Plaintiff, John Rossi, pursuant to Federal Rule of Civil Procedure 21. The Court may then remand Mr. Rossi's claims and maintain the dismissal *with prejudice* for the claims of the remaining Plaintiffs (some of which have already been settled).

## PROCEDURAL HISTORY

Plaintiffs filed this lawsuit in the Supreme Court of the State of New York, County of Queens, on March 24, 2017. *See Adkins v. Garda Cl Atlantic, Inc.* 17-cv-02532 (JMA) (AKT), ECF Dkt. No. 17, Ex. A (E.D.N.Y. Nov. 29, 2017). Defendant removed the action to this Court on April 27, 2017.[2] *See id.* Plaintiffs later filed an Amended Complaint, asserting claims for

---

[2] On May 17, 2017, the Court consolidated this case with *D'Aguino et al v. Garda Cl Atlantic, Inc.*, 16-cv-00641 (JMA)(SIL). *See* ECF Dkt. No. 30.

unpaid overtime and pay frequency violations arising under the NYLL. *See* ECF Dkt. No. 33. Defendant then filed a motion to dismiss the Amended Complaint, arguing that there was no private right of action for violations of the NYLL's pay frequency provision and that Plaintiffs failed to adequately plead NYLL overtime claims. *See* ECF Dkt. No. 44.

On August 16, 2018, this Court granted Defendant's motion to dismiss in part. *See* ECF Dkt. No. 50. Specifically, this Court found that Plaintiffs did not oppose the motion to dismiss as it related to the pay frequency claims and, as such, dismissed them *with prejudice*. *Id.* This Court also found that twenty-four of the twenty-seven Plaintiffs had failed to sufficiently plead NYLL overtime claims. *Id.* Consequently, in issuing its Order, this Court dismissed *with prejudice* all claims asserted in the Amended Complaint except for the NYLL overtime claims of Plaintiffs Adkins, Debe, and Louis.

In response, Plaintiffs' then-Counsel, Ann Ball, filed a letter seeking a pre-motion conference regarding some of the dismissed Plaintiffs' anticipated "motion to reduce the amount in controversy" to $75,000 "and to remand their complaint to state court."[3] *See* ECF Dkt. No. 75. Ms. Ball's letter can only be characterized as blatant forum shopping. The letter made no reference to any perceived lack of diversity of citizenship amongst the Parties, and only sought to retroactively reduce the amount in controversy for some of the Plaintiffs to retroactively manufacture grounds for remand.

On February 27, 2020, Defendant and Plaintiffs Adkins, Debe, and Louis, filed a Stipulation of Dismissal (the "Stipulation"), dismissing *with prejudice* all claims that were or could

---

[3] The following Plaintiffs, whose claims were all dismissed *with prejudice* by the Court's August 16, 2018 Order, joined the application for a pre-motion conference: (1) Karem Bay; (2) Lana Bongiovi; (3) Clement Campbell; (4) Angelo Caropola; (5) Alexander Cioffi; (6) Patrick H. Crain; (7) David Cronk; (8) Dennis Delucie; (9) Charles J. Engel; (10) Matthew Farrell; (11) Benny Failla; (12) Robert J. Giani; (13) John R. Lackenbauer; (14) William J. Maher; (15) Michael G. McDowell; (16) John Rossi; (17) William R. Shannon; (18) Fred H. Smith; (19) Gary E. Sobek; (20) Damian Sobers; (21) Carmela Szymanski; (22) Anthony Tanza; and (23) Cynthia Torres.

have been asserted by them against Defendant, including all claims arising under the NYLL. *See* ECF Dkt. No. 88. The Court adopted the Stipulation on May 18, 2020. *See* ECF Dkt. No. 99. In doing so, this Court dismissed *with prejudice* the only remaining claims asserted in the Amended Complaint. *Id.*

Also on May 18, 2020, Mr. Moser inserted himself in this action and was substituted in as counsel for the following Plaintiffs, all of whom had their claims dismissed almost two years earlier by the Court's August 16, 2018, Order: (1) Kerem Bay; (2) Lana Bongiovi; (3) Angelo Carpola; (4) Alexander Cioffi; (5) Patrick H. Crain; (6) David Cronk; (7) Dennis Delucie; (8) Charles J. Engel; (9) Matthew Farrell; (10) Benny Failla; (11) Robert J. Giani; (12) John R. Lackenbauer; (13) William J. Maher; (14) Michel G. McDowell; (15) John Rossi; (16) Gary E. Sobek; (17) Damian Sobers; and (18) Cynthia Torres.[4] Mr. Moser subsequently substituted in as counsel for Plaintiff Clement Campbell on June 8, 2020. *See* ECF Dkt. No. 105.

In or around May 2020, after the action had been dismissed by this Court *with prejudice* in its entirety, Mr. Moser informed Defendant and this Court of his belief that this Court lacked subject matter jurisdiction over the action because Plaintiff Rossi was allegedly a citizen of Florida at the time of the Complaint's filing in state court and at the time of removal. *See* ECF Dkt. No. 101. Despite all claims having been dismissed *with prejudice*, this Court Ordered the Parties to conduct jurisdictional discovery concerning Mr. Rossi's citizenship on June 30, 2020. *See* ECF Dkt. No. 111.

On January 19, 2024, after filing the instant motion on behalf of "Plaintiffs," Mr. Moser withdrew as counsel for Plaintiffs Delucie, Engel, and Farrell.[5] As stated in Defendant's August 23, 2023, letter, it is unclear which Plaintiffs, if any, Mr. Moser still represents. *See* ECF Dkt. No.

---

[4] *See* Summary Order by Judge Azrack dated May 18, 2020.
[5] *See* Summary Order by Judge Azrack dated January 19, 2024.

138.   Indeed, as alluded to above, Mr. Moser's motion papers do not specify which Plaintiffs, if any, have approved of and joined this motion.  This is particularly concerning, as Mr. Moser has previously made applications to the Court on behalf of Plaintiffs without their express consent. For example, on January 23, 2020, Mr. Moser filed a Notice of Consent to Change Attorney purporting to substitute in as counsel for a cohort of Plaintiffs.  *See* ECF Dkt. No. 81.  As this Court noted, the Notice was not signed by Plaintiffs or Defendant, nor was it clear that Mr. Moser ever served the Notice on Plaintiffs.[6]  This Court should require Mr. Moser provide proof of Plaintiffs' consent to the filing of the instant motion.

## ARGUMENT

Mr. Moser's desperate attempt at resuscitating the Plaintiffs' dismissed claims is simply too little, too late.  First, Mr. Moser's motion to remand is not properly before the Court because it was not filed until multiple years after this Court issued its final judgment by dismissing all claims *with prejudice*.  Indeed, the statute concerning procedure after removal, 28 U.S.C. § 1447, states that a District Court only has the authority to remand an action to state court *before* the entry of a final judgment.  *See* 28 U.S.C. § 1447 ("If at any time *before* final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added). To allow Mr. Moser to challenge this Court's jurisdiction years after the final judgment plainly defies the doctrine of finality of judgment.

Second, Mr. Moser's motion also fails on the merits. With respect to any deficiencies, Mr. Moser perceives with Defendant's removal papers, the time to address such concerns was within thirty days of the filing of the notice of removal, not more than six years thereafter.  *See* 28 U.S.C. § 1447 ("A motion to remand the case on the basis of any defect other than lack of subject matter

---

[6] *See* Summary Order by Judge Azrack dated February 7, 2020.

jurisdiction must be made within 30 days after the filing of the notice of removal."). Plaintiffs have therefore waived any right to remand on the basis of any perceived technical deficiencies in the notice of removal. Moreover, to the extent this Court finds that Mr. Rossi and Defendant are not diverse, this Court must "salvage jurisdiction" and sever the claims of Mr. Rossi pursuant to Federal Rule of Civil Procedure 21.

Finally, the interests of justice require that the Court deny Mr. Moser's motion. The Court has tirelessly addressed the claims in this case for over seven years. At the time of removal, Mr. Moser had a case pending before Your Honor on the same exact claims in federal court. Consolidating the state court action with the federal action was the most efficient use of this Courts' resources. Mr. Moser is now, after receiving an undesired outcome from Your Honor, seeking to forum shop by seeking a remand many years after the Plaintiffs' claims were dismissed *with prejudice*. Mr. Moser's gamesmanship must not be allowed to continue.

## I.    The Court Lacks Authority to Remand to State Court Because It Entered Its Final Judgment in May 2020

Mr. Moser's attempt at vacating this Court's Order dismissing Plaintiffs' claims and remanding the action to state court should be denied as untimely because final judgment has already been entered. It is well accepted that, in accordance with Fed. R. Civ. P. 12, a party cannot waive its right to challenge a District Court's subject matter jurisdiction. *See United Food & Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square*, 30 F.3d 298, 303 (2d Cir. 1994) ("Litigants, therefore, cannot waive subject matter jurisdiction by express consent, conduct, or estoppel because they fail to challenge jurisdiction early in the proceedings.") (internal citations omitted). However, in the removal context, the timing of a party's objection to the Court's subject matter jurisdiction bears significant consequence. Generally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must *dismiss* the action."

*See* Fed. R. Civ. P. 12(h)(3) (emphasis added). However, in the removal context, a District Court that determines it lacks subject matter jurisdiction must remand an action to state court at any point before a final judgment has been entered. *See* 28 U.S.C. § 1447 ("If at any time *before* final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added). Once a final judgment has been entered, neither party may seek remand to state court. *See Property Clerk, N.Y. City Police Dep't v. Fyfe*, 197 F. Supp. 2d 39, 41-42 (S.D.N.Y. 2002) (stating that a motion to remand for lack of subject matter jurisdiction may only be made before the entry of final judgment).

The Supreme Court has defined a "final judgment" as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *See Catlin v. United States*, 324 U.S. 229, 233 (1945). A final judgment "accomplishes two ends: it disposes of all of the claims presented to the district court, and it leaves 'nothing further for the district court to do." *See State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 408 (3d Cir. 2016) (internal citations omitted). A dismissal of all claims with prejudice, whether voluntary or involuntary, constitutes a final judgment. *See Jefftex Int'l Ltd. v. JPI Trading Corp.*, No. 07 CV 10460 (TPG), 2009 WL 750198, at *2 (S.D.N.Y. Mar. 20, 2009) ("[A] dismissal with prejudice is a final judgment on the merits."); *Prince of Peace Enters., Inc. v. Top Quality Food Mkt., LLC*, No. 07-CV-0349 (LAP)(FM), 2012 WL 4471267, at *4, n. 4 (S.D.N.Y. Sep. 21, 2012) (finding Dismissal with Prejudice "constitutes a final judgment").

Here, this Court issued its final judgment on May 18, 2020, when the Court So Ordered the stipulation of dismissal for the claims of Plaintiffs Adkins, Debe, and Louis. Indeed, upon the entry of that Order, there was "nothing further for the District Court to do." *See State Nat'l Ins. Co.*, 824 F.3d at 408. All of the Plaintiffs' NYLL frequency of pay claims were dismissed with

prejudice on August 16, 2018. *See* ECF Dkt. No. 50. In that same Order, this Court dismissed *with prejudice* the NYLL overtime claims of twenty-four of the twenty-seven Plaintiffs. *See* ECF Dkt. No. 50. Then, on May 18, 2020, the only remaining claims – the NYLL overtime claims of Plaintiffs Adkins, Debe, and Louis – were settled and dismissed by this Court with prejudice. At that moment, there was nothing left for this Court to do, as all claims brought before it had been fully and finally adjudicated on the merits.

As such, because this Court issued its final judgment on May 18, 2020, this Court now lacks the ability to remand this action to state court. *See McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at \*3 (2d Cir. Sept. 15, 2022) (declining to remand action for lack of subject matter jurisdiction after the entry of final judgment). Therefore, Mr. Moser's motion to vacate this Court's Order dismissing Plaintiffs' claims and to remand this action to state court must be denied.

**II.     Even if this Court May Remand the Action to State Court, It Should Not**

Even if the instant motion is properly before the Court, it should be denied. First, Mr. Moser's perceived technical issues with Defendant's notice of removal is not a sufficient basis to remand the action for lack of subject matter jurisdiction. Second, it is not clear from the record that Plaintiff Rossi was not diverse from Defendant at the time of filing in state court and the time of removal. Third, even if Plaintiff Rossi was not diverse from Defendant, this Court must "salvage jurisdiction" and sever the claims of Plaintiff Rossi because this Court has issued its final judgment.

**A.     Perceived Technical Issues with Defendant's Notice of Removal do not Require Remand**

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *See* 28 U.S.C. § 1447. In support of his motion to remand, Mr. Moser argues that "Defendant failed to plausibly

allege sufficient facts to establish the citizenship of the Plaintiffs in the notice of removal" and that "Defendant failed to investigate the citizenship of the Plaintiffs before filing the notice of removal." *See* ECF Dkt. No. 134, Attachment 1, p. 5. First, Defendants had a good-faith belief that each of the Plaintiffs were residing in Suffolk County when the original state court complaint was filed. Indeed, the complaint states that "[a]t all times herein mentioned plaintiffs were individuals residing in Suffolk County, New York." *See Adkins v. Garda Cl Atlantic, Inc.* 17-cv-02532 (JMA) (AKT), ECF Dkt. No. 1, Attachment 1 (E.D.N.Y. Nov. 29, 2017). Second, Courts within this Circuit do not remand cases for technical issues with a defendant's notice of removal. *See Wexler v. Allegion (UK) Ltd.*, No. 16-cv-2252, 2016 WL 6662267, at \*5 (S.D.N.Y. Nov. 9, 2016) ("[T]he Court will not remand the case due to the technical defects identified by Plaintiffs."). Third, the caselaw cited in support of Mr. Moser's arguments is easily distinguishable. In *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, the issue was not, as Mr. Moser claims, whether the defendant adequately alleged the citizenship of the plaintiff in a notice of removal, but whether the plaintiffs/appellants themselves adequately plead facts supporting diversity jurisdiction in their own complaint. *See* 224 F.3d 139, 140 (2d Cir. 2000). For the reasons set forth herein, Mr. Moser's objections to Defendant's notice of removal filed in 2017 is not a proper basis for remand.

**B.   Plaintiff Rossi Was Diverse from Defendant at the Time of Removal**

Mr. Rossi's deposition testimony establishes that he simultaneously maintained residences in New York and Florida long before he claims to have become a citizen of Florida. In fact, at his deposition, Mr. Rossi testified that while he began renting property in Florida in 2015, approximately two years before this action was filed in state court, he had also rented a portion of a home in Ronkonkoma, New York, during this time. *See* Declaration of Lisa Griffith ("Griffith Decl."), Ex. 1 pp.18-26. Defendant, therefore, continues to maintain its position that Plaintiff

Rossi was a citizen of New York at the time of filing and the time of removal.  Ms. Ball's 2020 letter to the Court's seeking to retroactively reduce the amount in controversy supports this conclusion.  Indeed, had Mr. Rossi been a citizen of Florida at the time of filing and the time of removal, Ms. Ball certainly would have argued, as Mr. Moser does now, that there was no complete diversity, and not that the amount in controversy should be reduced in her effort to divest this Court of subject matter jurisdiction.  Therefore, there is complete diversity and Mr. Moser's motion to remand should be denied.

### C.     If the Court Finds that Rossi Was not Diverse from Defendant, the Court Must Sever His Claims to Preserve Its Final Judgment

Even assuming this Court finds that Plaintiffs Rossi and Garda were citizens of Florida when the state court complaint was filed and upon removal to this Court, this Court may not remand, but must sever the claims of Plaintiff Rossi to preserve its final judgment.  "Once a district court has proceeded to final judgment, considerations of finality, efficiency, and economy become overwhelming, and federal courts *must* salvage jurisdiction where possible."  *United Republic Ins. Co., in Receivership v. Chase Manhattan Bank*, 315 F.3d 168, 170 (2d Cir. 2003) (emphasis added).  To fulfill this directive, Courts may sever a party pursuant to Fed. R. Civ. P. 21.  *Id.* at 170. As the United States Supreme Court found in *Newman-Green, Inc. v. Alfonzo-Larrain*, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."  *See* 490 U.S. 826, 832 (1989).  To avoid doubt, Rule 21 permits this Court to drop any nondiverse party, including a plaintiff. *See In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, 3:18-cv-05534-FLW-LHG, Dkt. No. 151 (D. N.J. Jan. 19, 2021) (Disagreeing with plaintiffs' contention that "[t]here is no authority for using Rule 21 to sever the

claims of properly joined plaintiffs in order to create diversity jurisdiction in a case removed from state court").

District Courts have "broad discretion to sever claims under Rule 21." *See Tardd v. Brookhaven Nat'l Lab.*, No. 04-CV-3262 (ADS), 2007 WL 1423642, at *6 (E.D.N.Y. May 8, 2007). In determining whether to sever parties, "courts generally consider, in addition to the factors set forth in Rule 20(a), 'whether settlement of the claims or judicial economy would be facilitated; [] whether prejudice would be avoided if severance were granted; and [] whether different witnesses and documentary proof are required for the separate claims.'" *See Leiner v. Everest Nat'l Ins. Co.*, No. 13-CV-5975 (DLI)(RLM), 2014 WL 116287, at *2 (E.D.N.Y. Jan. 10, 2014) (quoting *Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 331, 333 (S.D.N.Y. 2013)).

When a District Court retroactively severs a party to preserve jurisdiction and maintain its final judgment, Appellate Courts reviewing the District Court's Orders act as if the Court had subject matter jurisdiction from the inception of the action, effectively curing any perceived lack of jurisdiction. *See E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 163 (2d Cir. 2001) ("Where a change in parties, necessary to the existence of jurisdiction, is appropriate and is made (even on or after appeal), appellate courts have acted as if the trial court had jurisdiction from the beginning of the litigation.").

*McKie v. Kornegay* is instructive. *See* 2022 WL 4241355 (2d Cir. Sept. 15, 2022). In *McKie*, the District Court issued an Order finding that it lacked subject matter jurisdiction to hear the dispute. Despite this, the Court continued to analyze the merits of the plaintiff's complaint, ultimately dismissing it under Fed. R. Civ. P. 12(b)(6). On appeal, the Second Circuit found that the District Court should have ended its inquiry after it properly determined that it lacked

jurisdiction over the action.  However, because the District Court had issued a final judgment on all of the plaintiff's claims, the Second Circuit, citing the overwhelming "considerations of finality, efficiency, and economy," dismissed the non-diverse defendants under Fed. R. Civ. P. 21 to preserve jurisdiction and uphold District Court's judgment.

Federal District Courts have also severed out plaintiffs to preserve subject matter jurisdiction.  For example, in *In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation*, the Court severed out a group of plaintiffs to "resolve the tangle of jurisdictional issues" presented.  *See* 3:18-cv-05534-FLW-LHG, Dkt. No. 151 (D. N.J. Jan. 19, 2021).  Plaintiffs' counsel filed a motion for reconsideration, arguing that "[t]here is no authority for using Rule 21 to sever the claims of properly joined plaintiffs in order to create diversity jurisdiction in a case removed from state court."  *Id.*  The Court disagreed.  Relying on the Supreme Court's guidance in *Newman-Green*, which held that "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered," the Court found that its "power to sever parties to preserve diversity jurisdiction is not limited to those actions that were filed in federal court and extends to actions removed pursuant to 28 U.S.C. § 1441."  *Id.*

In the interest of salvaging jurisdiction after the issuance of its final judgment, this Court should sever the claims of John Rossi, the alleged non-diverse Plaintiff.  First, judicial economy would be served by severance.  As stated above, the Court has tirelessly presided over this action for over seven years.  If this action were remanded to state court, the Parties would effectively be forced to relitigate the Plaintiffs' stale claims in state court from the motion to dismiss stage. Additionally, severing out the claims of the alleged non-diverse Plaintiff would serve judicial economy because it would preserve the final judgment issued by the Court on May 18, 2020.

Second, for the same reasons identified above, severe prejudice would result to Defendant if this case were remanded to state court, as Defendant would be effectively compelled to relitigate the Plaintiffs' claims. Such efforts would not only be timely and costly but would also end in the same result that was reached here. Indeed, the Appellate Division, Second Department, recently found that there is no private right of action for the NYLL's frequency of pay provision. *See Grant v. Global Aircraft Dispatch, Inc.*, No. 2021-03202, 2024 WL 172900, at *5 (2d Dep't Jan. 17, 2024). As such, Plaintiffs' frequency of pay claims would unequivocally be dismissed by the state court. And, just like this Court found, the state court would find that all but three Plaintiffs failed to adequately plead NYLL overtime claims. In *Gutierrez v. Bactolac Pharmaceutical, Inc.*, Justice Rebolini found that "the pleading requirements for a claim for unpaid overtime under the relevant provisions of the NYLL are identical to those under the [FLSA]." *See* No. 609612/2019, 2019 N.Y. Misc. 20379, at *4 (Sup. Ct. Suffolk Cnty., Sept. 26, 2019). Justice Rebolini further explained, as did this Court, that:

> In order to state a claim for unpaid overtime under the FLSA or New York Labor Law, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours" (*Lundy*, 711 F. 3d at 114; *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F. 3d 192, 200-201 (2d Cir. 2013)). Indeed, "plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." (*Nakahata*, supra, 723 F. 3d at 201).

*Id.* As such, this Court should sever the claims of John Rossi to the extent the Court finds him to be non-diverse from Defendant.

This Court must heed the Second Circuit's directive to "salvage jurisdiction" and preserve its final judgment. *See United Republic Ins. Co.*, 315 F.3d at 170. As such, this Court should sever the claims of John Rossi pursuant to the Court's power under Rule 21. Therefore, Mr. Moser's motion should be denied.

12

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to vacate and remand and grant Defendant further relief as the Court deems fair and just.

Dated: February 19, 2024
      Melville, New York              LITTLER MENDELSON, P.C.

             By:*/s/ Lisa M. Griffith*
                 Lisa M. Griffith
                 Joseph A. Gusmano
                 290 Broadhollow Road, Suite 305
                 Melville, NY  11747
                 Telephone:  631.247.4700
                 Facsimile:  631.293.4526
                 lgriffith@littler.com
                 jgusmano@littler.com

                 *Attorneys for Defendant*