

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
631.850.5363 fax
lgriffith@littler.com

April 15, 2024

**VIA ECF**

Honorable Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re:**  *D'Aguino, et al. v. Garda CL Atlantic, Inc.*
Civil Case No. 16-cv-00641-JMA-SIL

*Adkins, et al. v. Garda CL Atlantic, Inc.*
Civil Case No. 17-cv-02532-JMA-SIL

Dear Judge Azrack:

This law firm represents Garda CL Atlantic, Inc. ("Garda") in the above-referenced consolidated action.  Pursuant to Federal Rule of Civil Procedure 16(f), we hereby move to strike the motion to dismiss for lack of jurisdiction filed by Mr. Moser on April 10, 2024 (ECF Dkt. No. 140).

On January 19, 2024, this Court ordered a briefing schedule in connection with Mr. Moser's motion to dismiss.  Pursuant to that Order, Defendant was required to serve its opposition papers by February 19, 2024, which it did.  Mr. Moser was then to serve reply papers on Defendant by March 4, 2024.  Mr. Moser was then required to file the fully briefed motion on the same day in accordance with the Court Order and the Court's individual bundling rule (IV.G).

Defendant served its opposition papers upon Mr. Moser on February 19, 2024, as required.  Out of an abundance of caution, Defendant caused its papers to be served via email with additional paper copies delivered to Mr. Moser's office via Federal Express.  Inexplicably, however, Mr. Moser failed to serve a reply brief by the March 4, 2024, deadline.  Mr. Moser never contacted the undersigned (nor the Court) to request an extension.  Despite this, Mr. Moser filed the motion papers—including a reply brief—on April 10, 2024, thirty-seven (37) days after the deadline.[1]

---

[1] In his reply brief, Mr. Moser impermissibly requests a retroactive extension of time to file the fully briefed motion.  Mr. Moser claims that the deadline to serve the reply brief and file the motion were not calendared by his office.

littler.com

Honorable Joan M. Azrack, U.S.D.J.
April 15, 2024
Page 2

Mr. Moser's motion should be stricken as a sanction because he did not file the motion (including his reply brief) until more than five (5) weeks after the Court-Ordered deadline. Courts may impose sanctions for violations of its scheduling orders, including by "striking pleadings in whole or in part." *See* Fed. R. Civ. P. 16(f)(1) ("[T]he court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). A district court ultimately has "wide discretion" to determine whether a motion to strike is an appropriate sanction. *See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012).

Rule 6(b) "permits courts to grant retroactive extensions of filing deadlines, for good cause, if the moving party failed to act because of excusable neglect." *S.E.C. v. Stewart*, 98-cv-2636, 2024 U.S. Dist. LEXIS 17903, at *6 (S.D.N.Y. Feb. 1, 2024). In assessing whether circumstances amount to "excusable neglect," courts look to (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith. *See Hidalgo v. New Ichiro Sushi, Inc.*, 15-cv-414, 2017 U.S. Dist. LEXIS 168093, at *9 (S.D.N.Y. Sept. 27, 2017). The resolution of a motion to strike and the determination of whether retroactive extension of a deadline is warranted are often assessed together because they are both "equitable determinations that turn on evaluation of the relevant circumstances." *Id.* at *6-7 (internal citations omitted).

Here, all of the "excusable neglect" factors weigh in favor of denying the request for a retroactive extension. First, the reason for delay was squarely within the control of Mr. Moser. His offices' failure to calendar the deadlines set forth in the Court Order is of no moment. Mr. Moser himself had additional opportunities to correct his offices' failure, first when he received Defendant's opposition papers via email on February 19 and again on February 20 when paper copies were delivered to his office. Surely, as an officer of the Court, Mr. Moser would have realized that he would have to reply to Defendant's opposition within a reasonable amount of time after receiving it. Second, Mr. Moser's delay was not miniscule. Indeed, he caused these proceedings to be delayed by <u>thirty-seven</u> days. Third, Defendant posits that Mr. Moser has been acting in bad faith. For example, as explained in Defendant's opposition, Mr. Moser made the motion to dismiss years after the Court resolved all of the Plaintiffs' claims on the merits. Moreover, had Mr. Moser been acting in good faith, he would have contacted the undersigned and explained his need for extension. He also could have written to the Court and asked for an extension. He could have contacted the undersigned for a copy of Mr. Rossi's deposition transcript. Instead, Mr. Moser simply filed his reply assuming the Court would retroactively grant an extension of

---

Mr. Moser also claims his delay was caused by not having access to the deposition transcript of John Rossi. For reasons set forth below, the Court should not grant the request for a retroactive extension.

Honorable Joan M. Azrack, U.S.D.J.
April 15, 2024
Page 3

time.  This sort of flippant disregard of the Court's rules should not be tolerated.  Fourth, Defendant is prejudiced by Mr. Moser's delay.  This case was originally filed ***eight*** years ago.  And, the case was resolved on the merits in **2020**.  Now, four years later, Mr. Moser remains unable to accept this Court's rulings and continues to subject Defendant's to unnecessary motion practice, which he continuously drags out.  The Court must put an end to Mr. Moser's unprofessional behavior.

For the reasons set forth above, Defendant respectfully requests that the Court strike Mr. Moser's motion to dismiss in its entirety as a sanction for failure to comply with this Court's orders.  Thank you for your consideration of Defendant's motion.

Respectfully Submitted,

LITTLER MENDELSON, P.C.

*/s/ Lisa M. Griffith*

Lisa M. Griffith
Joseph A. Gusmano